IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| vs.  ) | Case No. 16-20032-01-06-JAR |
|  ) | |
| **LORENZO BLACK,** ) | |
| **KARL CARTER,** ) | |
| **ANTHON AIONO,** ) | |
| **ALICIA TACKETT,** ) | |
| **CATHERINE ROWLETTE,** ) | |
| **and** ) | |
| **DAVID BISHOP,** ) | |
|  ) | |
| **Defendants.** ) | |

**ORDER DESIGNATING AS COMPLEX CASE
AND CONTINUING DEADLINES**

This matter comes before the court on the parties' Joint Motion for Designation of Excludable Time. For the reasons set forth herein, the motion is granted.

Under 18 U.S.C. § 3161(h)(7)(A), the court may grant a continuance and a speedy trial exclusion for a period of delay if the court finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial. The court finds as follows:

(1) The government and defendants are still in the process of exchanging discovery in this matter. The government continues to make available to defendants reports and other discovery as it becomes available.

(2) Defendants will require additional time to review and digest discovery and to investigate as necessary to provide an adequate and complete defense in this case.

(3) There are six defendants in this case. The Indictment alleges a drug trafficking

1

conspiracy, contraband trafficking, bribery, and other substantive charges.  Each defendant and his/her respective attorney will need to review all of the discovery before the defendant can make a knowing decision regarding the best course of action in this case.  Further, this case presents unusual discovery issues given the size and nature of the discovery provided.

(4)     The parties filed the Motion for Designation of Excludable Time jointly, and as such, neither the government nor defendants object to that finding being made and the deadlines being extended accordingly.

(5)     Each defendant has acknowledged that, pursuant to 18 U.S.C. § 3161(h)(7)(A), any period of delay resulting from granting this request shall be excluded from speedy trial calculations if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Each defendant charged in this matter has further stated that the ends of justice would be served by granting this joint request because he/she needs additional time to review and understand all discovery provided in this matter.

(6)     Keeping the current scheduling would prejudice the defendants in that they would not have time to adequately file motions in this matter, and defendants will not have had time to review all information with their attorneys and properly evaluate the evidence and possible defenses in this matter if the deadlines are not extended.

(7)     Each defendant has met with his/her respective attorney, and each defendant is aware that his/her respective attorney is seeking this determination and has no objection to the same.

WHEREUPON, the Court finds that for the reasons set forth above, that this matter shall be and is hereby finds that pursuant to 18 U.S.C. § 3161(h)(7)(B) that this is a complex case and

further deadlines for Motions and for the setting of the Trial Dates should be extended beyond the Speedy Trial limitations.  The parties will reconvene in approximately 90 days from the June 14, 2016 status hearing to determine whether they are in a position to set pretrial deadlines and trial setting.   The Court continues status conference to September 19, 2016 at 9:00 a.m.

Dated: May 26, 2016

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE