IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 16-20032-01/06-JAR-TJJ |
| | ) | |
| LORENZO BLACK, | ) | |
| KARL CARTER | ) | |
| a.k.a. "KC," | ) | |
| ANTHON AIONON, | ) | |
| a.k.a. "THE SAMOAN," | ) | |
| ALICIA TACKETT | ) | |
| a.k.a. "ALICIA STANFIELD," | ) | |
| a.k.a. "ALICIA ROWLETTE," | ) | |
| CATHERINE ROWLETTE | ) | |
| a.k.a. "CATHY," | ) | |
| DAVID BISHOP | ) | |

**ORDER APPOINTING SHAZZIE NASEEM
AS COORDINATING DISCOVERY ATTORNEY**

It is hereby **ORDERED** that Shazzie Naseem is appointed as Coordinating Discovery Attorney for defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the government, distributing discovery produced by the government and relevant third party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information;

- Providing training and support services to the defense teams as a group and individually; and

- Assisting CJA panel attorneys in the preparation and presentation of budgets and funding requests to the court.

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner in which to organize the discovery with input from defense counsel. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing representational services and therefore, will not be establishing an attorney-client relationship with any of the defendants.

The Government shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing any additional discovery to defense counsel, any additional discovery shall be provided directly to the Coordinating Discovery Attorney, who, in turn, shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, ex parte, for funds for outside services and shall monitor all vendor invoices for these services when necessary. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable. The Coordinating Discovery Attorney shall also

review all vendor invoices to ensure that invoiced costs are for work previously agreed to be performed.

Dated: August 4, 2016

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE