## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
*Plaintiff,*

**v.**                                    Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
                    *Defendants.*

---

### MOTION FOR PRODUCTION PURSUANT TO FED. R. CRIM. P. 17(c)

---

Melody Brannon, undersigned counsel, asks the Court, pursuant to Fed.

R. Crim. P. Rule 17(c) to issue a subpoena duces tecum directing CCA

Leavenworth to produce the records set out below by **August 9, 2016, at**

**10:00 a.m.**, for use at the evidentiary hearing currently scheduled for

**Motion Hearing** on **August 9, 2016, at 1:30 p.m.** Counsel requests this

Court allow the parties an opportunity to inspect the documents upon their

arrival, as Rule 17(c) provides. Counsel requests the following:

1. Michelle Jensen-Schubert, Inmate Records
   Corrections Corporation of America
   Leavenworth, KS

1

You are directed to bring with you any subpoenas, records requests or communications from the District of Kansas United States Attorney's Office (USAO) in the last two years for video, audio, legal visitation logs, legal visitation, phone records, and phone recordings.

You are also directed to bring with you CCA's past (since 2008) and current policies, practices, rules, regulations, or other documents regarding:

- Video and/or audio recording of legal visitations, including attorneys, experts, investigators, paralegals and interpreters;
- Video and/or audio monitoring of legal visitations, including attorneys, experts, investigators, paralegals and interpreters;
- Recording and/or monitoring of attorney/client telephone communications;
- Management and/or handling requests, subpoenas, court orders for records that include information related to legal communications.

## A. Background

The facts supporting this request are fully set out in the Amended Motion for Fed.R.Crim.P. 41(g) Return of Information, Dkt. No. 82. The Federal Public Defender discovered that privileged communications with their clients at CCA Leavenworth are recorded by CCA staff and, at times unknown to the defense, provided to the government at the government's request. Clients of CJA counsel suffer identical violations of the attorney-client privilege. While CCA has denied that it currently records, the USAO is in possession, apparently by means of a subpoena, of video recordings of attorney-client visitation recorded sometime this year.

This Court has scheduled a hearing on these issues. Counsel requests the production of the records set out above in order to establish facts relevant to the issue of whether the government is violating the attorney-client privilege. The records will establish the level of monitoring and recording of these communications at the facilities, how they are maintained, and the transmittal of these communications to the government.

In the interest of time due to the scheduling of an emergency hearing in this matter, obtaining the records by subpoena will be the most expeditious. The requests are not overly burdensome, as we are not asking for the material that was produced, but the communication that led to its production. The request is made in good faith.

**B. Discussion**

Federal Rule of Criminal Procedure 17(c) authorizes this Court to direct the production of documents via a subpoena. Rule 17(c) authorizes production before the documents are to be offered in evidence, and it further provides that this Court can permit the parties to inspect such documents upon their arrival. Rule 17(c) reaches the production of essential, relevant documents, unable to be obtained by a party through the exercise of due diligence, so long

as the party's request is in good faith and not intended to be a fishing expedition.[1]

The affected clients of the Federal Public Defender office, and CJA counsel, are incarcerated, and have been determined indigent and, therefore, unable to pay the process costs and fees in regard to the requested subpoena. Thus, pursuant to Federal Rule of Criminal Procedure 17(b), counsel asks for payment of such fees "in the same manner as those paid for witnesses the government subpoenas."

### C. Conclusion

For the above-stated reasons, and pursuant to Rule 17(c), undersigned counsel respectfully moves this Court to subpoena duces tecum the above-named records, to require production on or before August 9, 2016 at 10:00 a.m. to the chambers of The Honorable Julie A Robinson, 500 State Avenue, Suite 511, Kansas City, Kansas 66101, and to allow the Federal Public Defender to inspect the documents upon their arrival. Counsel further moves for payment of the fees as provided in Rule 17(b).

---

[1] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

Respectfully submitted,


s/Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
Telephone: (785)-232-9828,
Fax: (785)232-9886
E-mail: melody_brannon@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Christopher Oakley
Assistant United States Attorney
Office of the United States Attorney – Kansas City
chris.oakley@usdoj.gov

Erin S. Tomasic
Assistant United States Attorney
Office of the United States Attorney – Kansas City
erin.tomasic@usdoj.gov

Debra L. Barnett
Criminal Chief
Assistant United States Attorney
Office of the United States Attorney – Wichita
debra.barnett@usdoj.gov

John Jenab
Jenab Law Firm, PA
john.jenab@gmail.com

David J. Guastello
The Guastello Law Firm, LLC
david@guastellolaw.com

Jason P. Hoffman
Hoffman & Hoffman
jphoffman@sbcglobal.net

Kathleen A. Ambrosio
Ambrosio & Ambrosio Chtd.
kaambrosio@yahoo.com

Michael M. Jackson
jacksonmm@aol.com

Cynthia M. Dodge
Cynthia M. Dodge, LLC
cindy@cdodgelaw.com

Shazzie Naseem
Berkowitz Oliver LLP - KCMO
snaseem@berkowitzoliver.com

s/ Melody Brannon
Melody Brannon