IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     Case No. 16-CR-20032-02,03,06-JAR/TJJ

KARL CARTER
   a.k.a. "KC,"
ANTHON AIONO
   a.k.a. "The Samoan," and
DAVID BISHOP,

    Defendants.

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## INTRODUCTION

1. CoreCivic, formerly known as Corrections Corporation of America (CCA) is a private, publicly-traded corporation. CCA operates private detention facilities in the United States, contracting with government entities.

2. CCA operates a detention facility in Leavenworth, Kansas ("CCA-Leavenworth"). CCA-Leavenworth houses inmates pursuant to a contract with the Attorney General of the United States, through the United States Marshals Service. Therefore, CCA-Leavenworth is a prison as defined by Title 18, United States Code, Section 1791.

3. At all times material to this Superseding Indictment, CCA was an organization that received benefits in excess of $10,000 pursuant to a Federal program contract during the one-year period beginning April 15, 2015 and

ending April 14, 2016.

4. At all times relevant to the Superseding Indictment, defendant Karl Carter was an inmate of CCA-Leavenworth.

5. At all times relevant to the Superseding Indictment, defendant Anthon Aiono was an agent of CCA, having served as a correctional officer at the CCA-Leavenworth facility.

6. At all times relevant to the Superseding Indictment, alcohol, controlled substances, synthetic cannibas, pornography, and tobacco were all prohibited objects at CCA-Leavenworth.

## COUNT ONE
*Bribery*
18 U.S.C. 666(a)(1)(B)

7. Paragraphs 1 through 6 are incorporated and realleged herein.

8. Beginning in or around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendant,

**ANTHON AIONO a.k.a. "THE SAMOAN,"**

corruptly accepted and agreed to accept something of value, that is, money, from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions pertaining to his employment at Corrections Corporation of America, an organization that received federal assistance in excess of $10,000 during the one-year period beginning April 15, 2015, and ending April 14, 2016.

9. This was all in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT TWO
*Bribery*

2

18 U.S.C. § 666(a)(2)

10. Paragraphs 1 through 9 are incorporated and realleged herein.

11. Beginning in or around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendant,

**KARL CARTER a.k.a. "KC,"**

corruptly gave, offered, and agreed to give something of value, that is, money, to Anthon Aiono, intending to influence or reward Aiono, who was an agent of CCA, an organization that received federal assistance in excess of $10,000 during the one-year period beginning April 15, 2015 and ending April 14, 2016.

12. This was all in violation of Title 18, United States Code, Section 666(a)(2).

### COUNT THREE
*Money Laundering Conspiracy*
*18 U.S.C. § 1956(h)*

13. Beginning in or around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendants,

**KARL CARTER a.k.a. "KC"**
**and**
**DAVID BISHOP,**

conspired and agreed with each other, with an individual who was an inmate at CCA and whose identity is specifically known to the Grand Jury, Catherine Rowlette, Lorenzo Black, and Alicia Tackett, to conduct a financial transaction affecting interstate commerce involving property they knew represented proceeds of some form of unlawful activity, that is, conspiracy to commit bribery in violation of Title 18, United States Code, Section 371, knowing that the transaction was designed in whole and in part to conceal and disguise the

nature, the location, the ownership, and the control of the proceeds of the unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

14. It was part of the conspiracy and in furtherance of it that Defendant Karl Carter, an inmate at CCA-Leavenworth, obtained contraband to sell to other inmates both for their personal use and for resale inside CCA-Leavenworth.

15. In order to obtain the contraband, the conspirators bribed Defendant Anthon Aiono, a corrections officer, who agreed to bring contraband into the facility in exchange for payment of money.

16. CCA does not allow inmates to possess cash or currency of any kind within the facility. Instead, each inmate is allotted an Inmate Account into which funds may be deposited for the inmate to purchase items such as toiletries, food items, or magazines. Further, CCA has a policy that prevents inmates from depositing funds to the Inmate Account of other inmates. Therefore, in order for Defendant Carter to receive the proceeds generated from the bribery of Defendant Aiono, the conspirators devised a scheme to conceal the true nature, source, and ownership of the proceeds by laundering the proceeds through Defendants Bishop and Tackett

17. Inmates seeking to purchase contraband from Defendant Carter were instructed by the conspirators to have their relatives or associates outside of CCA deliver the payment for the contraband to Defendant Bishop and Alicia Tackett. The relatives and associates either delivered cash directly to Bishop

or Tackett in person or sent the money to them via wire transfer.

18.   After receiving the proceeds, Defendants Bishop and Tackett caused the money to be deposited into the Inmate Account of Defendant Carter in one of two ways.   Tackett conducted electronic funds transfers directly from the personal bank account of Defendant Bishop, located at Equity Bank in the state of Missouri, to the Inmate Account of Defendant Carter.   Alternatively, Defendant Bishop took the proceeds in person to a branch of Western Union, located in the State of Missouri and transferred the money via wire into the Inmate Account of Defendant Carter.

19.   The following are some of the wire transfers that were all sent to Defendant Bishop as payment for the sale of contraband inside of CCA.

| Date | Amount of Wire | Control Number |
| --- | --- | --- |
| 12/14/15 | $100.00 | 5441092410 |
| 01/02/16 | $300.00 | 4984200929 |
| 01/12/16 | $100.00 | 9554001389 |
| 01/25/16 | $100.00 | 0901300797 |
| 03/02/16 | $145.00 | 0979734991 |
| 03/04/16 | $125.00 | 5008768220 |
| 03/07/16 | $125.00 | 3085059277 |

20.   The following are some of the electronic fund transfers directly from Defendant Bishop's personal bank account #XXXX5236 held at Equity Bank, located in the State of Missouri, and deposited into Defendant Carter's Inmate Account.

| Date of CCA Deposit Transaction | Date of Bank Clearing Transaction | Amount Trans. From Bank Acct | Amount Dep. to Inmate Account | Bank Tracking Number | CCA Tracking/ Check Number |
|---|---|---|---|---|---|
| 10/23/15 | 10/26/15 | $109.95 | $100.00 | 7543164334 | 7543164334-1 |
| 10/26/15 | 10/26/15 | $310.95 | $300.00 | 9604846739 | 9604846739-1 |
| 10/26/15 | 10/26/15 | $310.95 | $300.00 | 2093630110 | 2093630110-1 |
| 10/26/15 | 10/26/15 | $310.95 | $300.00 | 3205180900 | 3205180900-1 |
| 10/26/15 | 10/26/15 | $310.95 | $300.00 | 9633261904 | 9633261904-1 |
| 10/26/15 | 10/26/15 | $310.95 | $300.00 | 9703389459 | 9703389459-1 |

21. Between on or about November 30, 2015, and continuing until on or about March 15, 2016, Defendant Bishop made approximately twelve transactions during which he caused approximately $11,000 to be deposited onto Defendant Carter's inmate account at CCA.

22. Counts four through eight are reincorporated as additional manner and means of the conspiracy.

23. This was all in violation of Title 18, United States Code, Section 1956(h).

### COUNTS FOUR THROUGH EIGHT
*Money Laundering*
*18 U.S.C. 1956(a)(1)(B)(i)*

24. Paragraphs One through Twenty-three are incorporated and realleged herein.

25. On or about the dates listed below, the defendant,

**DAVID BISHOP,**

conducted a financial transaction affecting interstate commerce involving property he knew represented proceeds of some form of unlawful activity, that is, conspiracy to commit bribery in violation of Title 18, United States Code, Section 371, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the ownership, and the control of the proceeds of the unlawful activity, as set forth below.

| Count | Date | Wire Transfer Amount | Recipient |
| --- | --- | --- | --- |
| Four | 11/30/15 | $1,000.00 | Karl Carter |
| Five | 12/28/15 | $1,000.00 | Karl Carter |
| Six | 12/29/15 | $1,000.00 | Karl Carter |
| Seven | 02/18/16 | $1,000.00 | Karl Carter |
| Eight | 03/15/16 | $1,000.00 | Karl Carter |

26. Each was in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**COUNT NINE**
*Possession of Contraband*
*18 U.S.C. § 1791(a)(2)*

27. Paragraphs one through twenty-six are incorporated and realleged herein.

28. Beginning in or around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendant,

**KARL CARTER a.k.a. "KC,"**

an inmate of Corrections Corporation of America, a prison in which persons are held in custody by direction of and pursuant to a contract and agreement with

the Attorney General, possessed, obtained, and attempted to obtain, a prohibited object, methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 18, United States Code, Sections 1791(a)(2), (b)(1), and 2.

## COUNT TEN
*Unlawful Use of Facility in Interstate Commerce*
*18 U.S.C. § 1952 (a)(3)*

29. Paragraphs one through twenty-eight are incorporated and realleged herein.

30. On or about April 7, 2016, in the District of Kansas and elsewhere, the defendant,

**DAVID BISHOP,**

used a facility in interstate commerce, that is a telephone, with the intent to promote, carry on, and facilitate the promotion, management, establishment, and carrying on, of any unlawful activity, that is, bribery in violation of Federal law and the laws of the State of Kansas, and thereafter performed and attempted to perform an act to distribute the proceeds of any unlawful activity, that is, bribery in violation of Title 18 United States Code, Section 666.

31. This was all in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT ELEVEN
*Unlawful Use of Facility in Interstate Commerce*
*18 U.S.C. 1952 (a)(3)*

32. Paragraphs one through thirty-one are incorporated and realleged herein.

33. On or about the 8th day of April, 2016, in the District of Kansas

and elsewhere, the defendant,

**ANTHON AIONO a.k.a. "THE SAMOAN,"**

used a facility in interstate commerce, that is a telephone, with intent to promote, carry on, and facilitate the promotion, management, establishment, and carrying on, of any unlawful activity, that is, bribery in violation of Federal law and the laws of the State of Kansas, and thereafter performed and attempted to perform an act to promote, manage, carry on, and facilitate unlawful activity, that is, bribery in violation of Title 18 United States Code, Section 666.

34.   This was all in violation of Title 18, United States Code, Section 1952(a)(3).

## FORFEITURE ALLEGATION I (Money Laundering)

35.   Paragraphs 1 through 34, and the allegations of the foregoing counts of this Superseding Indictment, are realleged, and by this reference fully incorporated herein, for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 982 (a)(1).

36.   As a result of the allegations in Counts 3 through 8, involving the offenses of money laundering and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956, the defendants,

**KARL CARTER a.k.a. "KC"**
**and**
**DAVID BISHOP,**

shall forfeit to the United States of America all property, real and personal, involved in such offenses and any property traceable to such property,

including, but not limited to, the following:

    A.    Forfeiture Money Judgment: A sum of money equal to the value of the property involved in Counts 3 through 8;

    B.    Approximately $17,961.24 in United States currency seized from Defendant Karl Carter's inmate account at CCA-Leavenworth on or about April 22, 2016;

    C.    Approximately $3,175.00 in United States currency seized from Defendant David Bishop on or about April 8, 2016; and,

    D.    Approximately $11,076.00 in United States currency seized from Defendant David Bishop on or about April 14, 2016;

## **FORFEITURE ALLEGATION II**

37.    Paragraphs 1 through 36, and the allegations of the foregoing counts of this Superseding Indictment, are realleged, and by this reference fully incorporated herein, for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and 28 United States Code, Section 2461.

38.    As a result of the allegations in Counts 1 and 2, involving the offenses of bribery in violation of Title 18, United States Code, Section 666, and the allegations in Counts 10, and 11 involving the offenses of unlawful use of facility in interstate commerce in violation of Title 18, United States Code, Section 1952, the defendants,

                  **KARL CARTER**
                  **a.k.a. "KC,"**
              **ANTHON AIONO, and**
                **DAVID BISHOP,**

shall forfeit to the United States any property, real or personal, which constitutes

or is derived from proceeds traceable to the offenses, including, but not limited to:

  A. Forfeiture Money Judgment: A sum of money equal to the value of the proceeds derived from Counts 1, 2, 10 and 11.

  B. Approximately $17,961.24 in United States currency seized from Defendant Karl Carter's inmate account at CCA-Leavenworth on or about April 22, 2016;

  C. Approximately $400.00 in United States currency seized from Defendant Anthon Aiono on or about April 8, 2016;

  D. A 2007 Pontiac G6 with VIN: 1G2ZG58N674132140 seized from Defendant Anthon Aiono on or about April 8, 2016;

  E. Approximately $2,000 in United States currency seized from Defendant Anthon Aiono on or about April 8, 2016;

  F. Approximately $2,400 in United States currency seized from Defendant Anthon Aiono on or about April 8, 2016;

  G. Approximately $3,175.00 in United States currency seized from Defendant David Bishop on or about April 8, 2016; and

  H. Approximately $11,076.00 in United States currency seized from Defendant David Bishop on or about April 14, 2016.

  39. In the event any of the foregoing property: i) cannot be located upon the exercise of due diligence; ii) is transferred, sold to, or deposited with, a third party; iii) is placed beyond the jurisdiction of the Court; iv) is substantially diminished in value; or, v) is commingled with other property which cannot be

divided without difficulty, as a result of any act or omission of the defendants, the United States shall be entitled to forfeiture of any other property of the defendants, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

40.   All pursuant to Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461.

Dated: March 16, 2017          /s/ *Foreperson*
                               FOREPERSON OF THE GRAND JURY

<u>D. Christopher Oakley #19248 for</u>
THOMAS E. BEALL
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
Thomas.beall@usdoj.gov
Ks. S. Ct. No. 19929

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## **PENALTY**

**Counts 1 and 2:**   18 U.S.C. § 666

- NMT 10 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 years supervised release; and
- $100.00 special assessment fee.

**Counts 3-8:**   18 U.S.C. § 1956(h) and § 1956(a)(1)(B)(i)

- NMT 20 years imprisonment;
- A Fine of NMT $500,000.00 or twice the value of the property involved in the transaction, whichever is greater;
- NMT 3 years supervised release; and
- $100.00 special assessment fee.

**Count 9:**   18 U.S.C. § 1791(a)(2)

- NMT 20 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 years supervised release; and
- $100.00 special assessment fee.

**Counts 10 and 11:** 18 U.S.C. § 1952(a)(3)

- NMT 5 years imprisonment;
- NMT $250,000.00 fine;
- NMT 1 year supervised release; and
- $100.00 special assessment fee.