# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           Case No. 16-20032-02/03/06-JAR

KARL CARTER,
ANTHON AIONO, and
DAVID BISHOP,

      Defendants.

**UNITED STATES' RESPONSE TO FEDERAL
PUBLIC DEFENDER'S MOTION FOR
PRODUCTION OF GRAND JURY MATERIALS
TO SPECIAL MASTER (Doc. 202)**

Comes now the United States of America, by and through Debra L. Barnett, Assistant United States Attorney, and respectfully responds to the Federal Public Defender's Motion for Production of Grand Jury Materials to the Special Master (Doc. 202).  In support of this Response, the United States offers the following:

I.     Preliminary Matter

The Federal Public Defender's Office (FPD) does not represent an indicted defendant in the present case. The United States agreed to the FPD's appearance in this case for the limited purpose of intervening to protect potentially privileged communications between the FPD and previously indicted clients. The present motion and request, which seeks review of the United States' entire investigation, exceeds any interest the FPD has in protecting its clients' potentially privileged communications obtained herein, which are currently impounded and in the custody of the Court and Special Master. In other words, as a result of the Court's order, the material that the FPD has an interest in is not in the possession of any grand jury or the United States.

The FPD's motion goes far beyond requesting the return of allegedly privileged communications and, instead, based solely on an unsubstantiated claim that the communications were impermissibly presented to a grand jury that has not even returned an indictment against a client of the FPD, challenges without good reason all evidence obtained in the investigation. Judicial review and disclosure of "any and all" evidence from an investigation and grand jury proceeding exceeds the scope of the FPD's interest in protecting

potentially privileged communications in this case. Instead, the motion is an unjustified request for pre-litigation discovery that is not authorized by law.

The motion should be denied because good cause is not provided to support the relief, the relief exceeds the scope of the FPD's role as an intervener in this case, and the motion fails to present a justiciable controversy as no FPD client has been indicted with evidence obtained in this investigation. Furthermore, the instant motion asks the Court to order the United States to disclose to the Special Master materials that the Special Master has not requested. As such, the request is premature and creates the appearance of controversy where none exists. Unless and until access to materials are warranted and requested and then denied, there is no issue to address by Court order.

II.     Access to Grand Jury Materials and Investigations

The FPD's motion fails to demonstrate the required particularized necessity for the requested review of the entire investigation. "The grand jury has always occupied a high place as an instrument of justice in our system of criminal law – so much so that it is enshrined in the Constitution." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 423 (1983). "It serves the 'dual function of determining if there is probable cause to believe that a crime has

been committed and of protecting citizens against unfounded criminal prosecutions.'" *Id.*, at 423 (quoting *Branzburg v. Hayes,* 408 U.S. 665, 686-87 [1972] [footnote omitted]). Without the ability to engage in a thorough and effective investigation, unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials, the grand jury would be unable to uncover crimes deserving prosecution, or eliminate charges not warranting prosecution. *Id.,* at 424; *Branzburg,* 408 U.S., at 688; *United States v. Calandra,* 414 U.S. 338, 343 (1974).

"The Supreme Court has consistently 'recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.'" *In re Special Grand Jury 89-2,* 143 F.3d 565, 569 (10th Cir. 1998) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 [1979]).

> "We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand

> jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Douglas Oil,* 441 U.S., at 218-19 (footnotes and citation omitted). "Grand jury secrecy, then, is 'as important for the protection of the innocent as for the pursuit of the guilty.'" *Sells Engineering*, 463 U.S., at 425 (quoting *United States v. Johnson,* 319 U.S. 503, 513 [1943]). The Supreme Court and Congress have consistently defended the grand jury from unwarranted intrusion. *Id. See also Illinois v. Abbott & Associates, Inc.,* 460 U.S. 557, 572-573 (1983). The Supreme Court has consistently required a "strong showing of particularized need for grand jury materials before any disclosure will be permitted." *Id.,* at 443. *See also Abbott,* 460 U.S., at 567; *Douglas Oil,* 441 U.S., at 217-224; *Dennis v. United States,* 384 U.S. 855, 869-70 (1966); *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 398-401 (1959); *United States v. Procter & Gamble,* 356 U.S. 677, 681-683 (1958).

A judicial decision to disclose requires the following review and analysis, which is case specific:

> "Specifically, a party seeking grand jury materials must show (1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. Relevance alone is not sufficient;

secrecy will not be broken absent some compelling necessity for the materials.  Further, the request must amount to more than a request for authorization to engage in a fishing expedition."

*In re Special Grand Jury 89-2,* 143 F.3d, at 569-570.

III.   Argument and Authorities

The FPD asks the Court to order submission of all grand jury materials and information for a review by the Special Master, and potentially the defense, to determine whether the United States complied with the law requiring secrecy of matters occurring before the grand jury or abused its subpoena power.   (Doc. 202, at 1.)   The FPD suggests that the Special Master review the following materials and information:

- (i)    any and all grand jury proceedings and investigation in this case;
- (ii)   any and all grand jury proceedings and investigation related to a superseding indictment in this case;
- (iii)  any and all grand jury proceedings related to the investigation of approximately 150 targeted people; and
- (iv)  any and all grand jury proceedings and investigations related to the investigation of contraband smuggling within Corrections Corporation of America (CCA) at Leavenworth, Kansas.

(*Id.*, at 2-3.)   The FPD's request amounts to a review of the entire investigation even though the FPD does not currently represent a person indicted herein.

If the request is granted, the FPD states that the Special Master "***shall*** report to the Court his findings regarding whether and how any attorney-client privileged materials were presented or returned to the grand jury; how these materials and information were used as part of any grand jury investigation; and how disclosure should be made to the defense so that the defense may be in a position to seek relief." (*Id.*, at 3; emphasis added.)

Although the motion details some of the legal principles governing grand jury secrecy and judicial review, acknowledging that the defense is required to demonstrate particularized necessity for its request and may not engage in a fishing expedition, the motion does not provide facts in support of its request. Rather, the motion asserts in conclusory allegations, without any factual support, that disclosure is warranted to avoid an injustice in this case. Indeed, the FPD acknowledges the lack of such factual support, "it is premature at this point for the defense to seek specific relief or attempt to litigate without a full knowledge of the facts." (*Id.*, at 15-16.)

In order to successfully raise a pre-indictment challenge to the United States' investigation and the grand jury proceedings, the defense is required to overcome the presumption of regularity that attaches as a matter of law to grand jury proceedings. *See, e.g., United States v. R Enterprises, Inc.,* 498

U.S. 292, 301 (1991). This is a demanding legal threshold, which is not overcome by a recitation of unsupported claims and vague concepts. The defense is required to present facts that demonstrate a need for the Court to pierce the grand jury's secrecy in order to disclose its investigation to the Special Master and, ultimately, the representatives of unindicted people.

As discussed above, the Tenth Circuit Court of Appeals has set forth three demanding thresholds that must be met before disclosure of grand jury matters may be authorized. *In re Special Grand Jury 89-2,* 143 F.3d, at 569-570. The instant motion first fails to explain how the grand jury materials are needed to avoid a possible injustice in another judicial proceeding. There is no other judicial proceeding (the FPD's clients having not been indicted). Instead, the motion serves as an improper means to obtain access to pre-indictment discovery of materials that movant is not otherwise entitled to possess. With regard to the recordings obtained from CCA, those grand jury materials are in the custody of the Court and unavailable for use by the United States; therefore, they cannot serve as justification for access to any other materials or proceedings occurring before the grand jury.

Second, movant has not and cannot demonstrate that the need for disclosure of the grand jury investigation is greater than the need for continued secrecy. In fact, disclosure at this point could lead to the same problems described in *Douglas Oil* – people accused but exonerated by the grand jury could be subject to public ridicule, witnesses might be hesitant to testify before the grand jury in future proceedings, there is a risk that those targeted in the investigation might flee the jurisdiction or attempt to influence grand jurors in their deliberations. *Douglas Oil,* 441 U.S., at 218-219.

As to the third legal threshold, movant has made no attempt to structure the request to cover only material needed. Indeed, no particularized need for any materials has been established. Rather, the request is for disclosure of "any and all" grand jury proceedings and investigative materials in this case. Secrecy should not be broken without compelling necessity for the materials requested. The FPD has failed to demonstrate, with particularity, compelling necessity for the materials requested. The FPD's motion should, therefore, be denied.

WHEREFORE, the United States respectfully requests that the Court deny the FPD's Motion for Production of Grand Jury Materials to Special

Master as premature, outside the scope of the FPD's intervention, and not supported by the facts and law.

                                         Respectfully submitted,

                                         THOMAS E. BEALL
                                         United States Attorney

                                         s/ Debra L. Barnett
                                         DEBRA L. BARNETT
                                         Assistant United States Attorney
                                         United States Attorney's Office
                                         301 N. Main, Suite 1200
                                         Wichita, Kansas 67202
                                         316-269-6481
                                         K.S.Ct.No. 12729
                                         debra.barnett@usdoj.gov


## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 17, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                         s/ Debra L. Barnett
                                         DEBRA L. BARNETT
                                         Assistant United States Attorney