IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-20049-01-CM |
| ) | |
| **JUAN HERRERA-ZAMORA**, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF RECORD CORRECTION

Comes now the United States of America, by and through Thomas E. Beall, United States Attorney for the District of Kansas, and David P. Zabel and Scott C. Rask, Assistant United States Attorneys, and, pursuant to D. Kan. Local Rule 83.6.1 and Kansas Rules of Professional Conduct 3.3, 3.4, and 4.1, provides notice to the Court and counsel of the following information to clarify and correct any prior representations that may be deemed potentially misleading due to the omission of this information:

1. On Wednesday, February 15, 2017, Carlos Moran, counsel for defendant Herrera-Zamora contacted Assistant United States Attorney ("AUSA") David Zabel and inquired whether the prosecution team had listened to any calls between counsel and Mr. Herrera-Zamora. AUSA Zabel assured defense counsel that AUSA Zabel had not listened to such calls and that he did not believe his co-counsel, then Special Assistant United States Attorney Erin S. Tomasic, had done so. However, because Ms. Tomasic was out of the office at the time, AUSA Zabel stated he would confirm that with Ms. Tomasic when she returned to the office the following week and communicate the information back to Mr. Moran.

2. At the time of the February 15, 2017, conversation with defense counsel, AUSA Zabel

was aware that recordings of calls made by counsel Moran into the CCA-Leavenworth facility had been obtained during the trial of the defendant due to concerns counsel Moran was having telephone conversations with CCA detainees represented by other counsel without those counsels' permission (*see* docs. 103 and 104 and *limine* hearing transcript).

3. AUSA Zabel was aware that, prior to obtaining those recordings, a filter procedure would be used to ensure that no communications between the defendant and counsel Moran were reviewed by members of the prosecution team – a filter procedure known to both himself and Ms. Tomasic. Specifically, the calls were to be screened by a filter DEA agent and a filter AUSA.[1] Just prior to the commencement of trial, on July 8, 2016, Ms. Tomasic contacted AUSA Lanny Welch, the USAO Professional Responsibility Officer (PRO), about what to do with the recordings. Ms. Tomasic included supervisor AUSA Kim Flannigan and trial partner AUSA Zabel on the request to AUSA Welch. Ms. Tomasic, seeking advice, told her colleagues that to "avoid any appearance of impropriety that we are reviewing the attorney's calls to obtain a strategic advantage on the eve of trial, I intent [sic] to have a "taint" agent, not involved in the investigation, review the calls to screen out attorney/client calls." On July 8, 2016, AUSA Welch concurred with Ms. Tomasic's plan to use the filter team.

4. On February 20, 2017, the Monday following the February 15th conversation between AUSA Zabel and counsel Moran, which was also the Presidents' Day federal holiday, local defense counsel for defendant Herrera-Zamora, Vincent Rivera, filed post-trial motions (docs. 135

---

[1] The established filter team never completed its work because the DEA agent initially assigned as filter agent recognized a voice or voices on the calls as a relative of the agent. That agent ceased listening and was removed as the filter agent. A replacement Spanish-speaking filter agent was not immediately available, and no longer needed with the conclusion of the trial. No further review of the calls was ever completed. On March 7, 2017, AUSA Zabel conferred with counsel Moran by telephone and inquired whether Mr. Moran wanted the calls. Mr. Moran replied that he did want to receive the calls. The calls were sent to Mr. Moran by filter attorney AUSA Tris Hunt.

2

and 136) alleging the government obtained recorded conversations and videos recorded at CCA and used them against the Defendant during trial.

5. The next day, February 21, 2017, AUSA Zabel and Ms. Tomasic met with filter attorney AUSA Tris Hunt and supervisor AUSA Scott Rask to discuss a response to the defendant's post-trial motions. Ms. Tomasic never informed AUSAs Hunt, Rask, or Zabel during this meeting that she had accessed or listened to any calls between defendant Herrera-Zamora and counsel Moran.

6. On February 22, 2017, AUSA Zabel and Ms. Tomasic spoke by telephone with counsel Moran and Rivera. During the call, AUSA Zabel firmly believed that Ms. Tomasic had not accessed, reviewed, or listened to any calls between defendant Herrera-Zamora and counsel Moran.

7. Based on AUSA Zabel's good faith belief that a filter team was in place, as agreed to by the PRO, AUSA Welch, and the other AUSAs connected with the case, including Ms. Tomasic, AUSA Zabel's further belief that Ms. Tomasic had not listened to any calls, and the fact that he had never listened to such calls so the calls in no way informed the trial evidence or strategy, AUSA Zabel requested that attorney Moran withdraw the defendant's post-trial motions (docs. 135 and 136). At no time during this February 22, 2017 call with attorney Moran did Ms. Tomasic attempt to correct AUSA Zabel's representations to Mr. Moran from the call the week before. After that conversation, the defendant filed a motion to withdraw those post-trial motions (doc. 137) on February 24, 2017, and the Court granted it on February 27, 2017 (doc. 138).

8. On Wednesday, May 10, 2017, Ms. Tomasic separately informed AUSAs Zabel and Rask that, during the trial of this case in July 2016, she listened to recorded calls from CCA

3

between Juan Herrera-Zamora and his attorney, Carlos Moran.

9. Specifically, Ms. Tomasic informed AUSAs Zabel and Rask for the first time on May 10, 2017, that, notwithstanding being aware of the existence of the filter team procedure for filtering the calls, Ms. Tomasic decided to listen to the calls herself, in advance of filter review, to learn whether defense counsel had contact with inmates at CCA who would be potential defense witnesses. Ms. Tomasic reported that while listening to the calls, she became aware that she was listening to conversations between the defendant and his attorney. She reported to AUSA Rask that the conversations were in Spanish, but not a dialect with which she was very familiar; therefore, Ms. Tomasic claimed she was unable to discern much of what was said. Ms. Tomasic further stated to AUSA Rask that she then "spot-checked" the conversations as she was hoping to hear the voice of an inmate other than Herrera-Zamora. She listened to portions of the entire disc and eventually ceased all listening.

10. Ms. Tomasic further told AUSA Rask that after she listened to the recorded calls and had subsequently provided the recorded calls disc to the filter agent, she never disclosed that she had listened to any of the calls. She further said that, because she was unable to grasp the conversations due to the dialect, she did not use any of the information from those calls during the trial.

11. Ms. Tomasic also told AUSA Rask there was no pressure within the office to listen to attorney-client calls and she was unaware of any AUSAs listening to attorney-client calls. Ms. Tomasic expressed remorse for having listened to the defendant's calls with Mr. Moran and for not revealing this action sooner.

12. Other than these incorrect representations or omissions that may have occurred during

4

the call between Ms. Tomasic and AUSA Zabel with defense counsel on February 22, 2017, the United States has not identified any other instances of incorrect representations to this Court or counsel.[2] Nevertheless, the information received from Ms. Tomasic on May 10, 2017, is completely contrary to the information known to counsel for the United States, excepting Ms. Tomasic, prior to that date, including at the time of the parties' discussion regarding post-trial motions alleging conduct of the type Ms. Tomasic has since disclosed. Accordingly, the United States makes the foregoing disclosure to ensure compliance with its professional responsibility obligations.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney


*/s/ David P. Zabel*
David P. Zabel, 17887
Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
David.Zabel@usdoj.gov


*/s/ Scott C. Rask*
Scott C. Rask, 15643
Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)

---

[2] The United States is evaluating other cases and will file clarifications in those as needed, which includes *United States v. Black, et al.*, D. Kan. No. 16-20032-JAR.

5

Scott.Rask@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I electronically filed this Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and to the following.

Carlos Moran
604 West Broadway
Mayfield, KY 42066
(270) 247-1678
(270) 247-1679 (fax)
cmoranlaw@gmail.com
Attorney for defendant

Vincent J. Rivera
Rivera Law, LLC
115 East Park Street, Suite C
Olathe, KS 66061
(913) 210-0844
(913) 210-2044 (fax)
vriveralaw@gmail.com
Attorney for defendant

Megan L. Hayes
910 Kearney Street
P.O. Box 1147
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com
Appellate attorney for defendant

/s/ *David P. Zabel*
David P. Zabel
Assistant United States Attorney

6