IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                                          Case No. 16-20032-JAR

LORENZO BLACK, et al.,

     Defendants.

---

## MEMORANDUM AND ORDER

On February 28, 2017, the Federal Public Defender for the District of Kansas ("FPD")

filed its Motion for Production of Grand Jury Materials to Special Master (Doc. 202).  On May

10, 2017, the Court took the FPD's motion under advisement, explaining that if the Court

determines it should consider the grand jury materials referenced in the motion, it would order

the Government to produce the materials to the Court for in camera review.[1]  The motion is fully

briefed and the Court is prepared to rule.  Having determined that the FPD has established a

particularized need for production of a limited set of grand jury materials to the Court and the

Special Master, the Court grants the FPD's motion in part and orders the Government to produce

the grand jury materials described below to the Court and to the Special Master.

Fed. R. Crim. P. 6(e), with various exceptions, prohibits the disclosure of "matters

occurring before the grand jury."  Under Fed. R. Crim. P. 6(e)(3)(E)(i), "[t]he court may

authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—

of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding."  The

requirements of Fed. R. Crim. P. 6(e)(3)(E)(i) are met here, as the grand jury materials sought

---

[1]Doc. 249.

relate to the investigation of the alleged drug distribution conspiracy at the CoreCivic (formerly Corrections Corporation of America) detention center in Leavenworth, Kansas, which is at the heart of this "judicial proceeding."

In addition to satisfying the "judicial proceeding" standard under Rule 6(e)(3)(E)(i), the party requesting disclosure of grand jury material must show a "particularized need" for the material.[2]  The "particularized need" standard equates to a requirement of "compelling necessity" that must overcome the presumption in favor of grand jury secrecy.[3]  When the relevant grand jury proceedings have been concluded, "the interests in grand jury secrecy, although reduced, are not eliminated."[4]  The "determination as to whether a party has sufficiently demonstrated the requisite 'particularized need' rests in the sound discretion of the trial court."[5]

In its motion, the FPD moves for production to the Special Master of "grand jury records from this case, including but not limited to, all transcripts, subpoenas, target letters, jury instructions, exhibits, and other relevant records."[6]  The Court is not satisfied that the FPD has demonstrated a particularized need for *all* of these grand jury materials.  But the Court finds that there is a particularized need for certain transcripts of grand jury proceedings directly related to Phase III of the Special Master's investigation.  The Court previously directed the Special Master to proceed to Phase III of his investigation, which would focus on the Government's conduct in obtaining and possibly using video and audio recordings of attorney-client communications in

---

[2]*United States v. Baggot*, 463 U.S. 476, 480 (1983) (explaining that the "particularized need test" and the "judicial proceeding" language of Rule 6(e)(3)(E)(i) are "independent prerequisites" to disclosure).

[3]*In re Grand Jury*, *95-1*, 118 F.3d 1433 (10th Cir. 1997) (citing *In re Eyecare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996)).

[4]*In re Lynde*, 922 F.2d 1448, 1454 (10th Cir. 1991).

[5]*Id.* (citing *United States v. Parker*, 469 F.2d 884, 889 (10th Cir. 1972)).

[6]Doc. 202 at 2.

this case.[7]  Specifically, the Court directed "the Special Master to investigate whether or not the government intentionally and purposefully procured and obtained recordings of attorney-client communications, and whether intentionally, or not, the government listened, viewed and/or used such recordings."[8]  Additionally, the Court ordered the Special Master to "[d]etermine whether and how the [United States Attorney's Office] and its investigative agencies . . . used or attempted to use the substance of attorney-client communications in any investigation, grand jury proceeding, or litigation."[9]

The Government originally sought the video and audio recordings at issue in the Special Master's Phase III investigation through grand jury subpoenas.  As the FPD's motion notes, Erin Tomasic, a former Special Assistant United States Attorney ("SAUSA") who was involved in procuring the subpoenas, stated at a September 7, 2016 hearing that "the Government had a good-faith basis to believe that the CCA video-recordings contained attorney-client meetings at the time the issue—the subpoena was issued."[10]  The Special Master's Phase III investigation continues, and the circumstances of the Government's collection and use of attorney-client recordings—including whether the collection of these recordings was intentional—remains an open issue.  Given the statements by former SAUSA Tomasic regarding the Government's knowledge of attorney-client recordings at the time the subpoenas were procured, and the Special Master's findings concerning the Government's failure to comply with the Phase III investigation,[11] the Court finds that a particularized need exists for the production to the Court and the Special Master of a limited set of grand jury materials related to the Government's

---

[7]*See* Doc. 253.

[8]*Id.* at 6.

[9]*Id.* at 46.

[10]Tr. of Sept. 7, 2016 Hrg., Doc. 135 at 13.

[11]*See* Doc. 298.

statements to the grand jury in this case.  Accordingly, the Court grants the FPD's motion in part, and compels the Government to produce to the Court and the Special Master, by no later than November 21, 2017, any grand jury transcripts from this case in which a prosecutor either requested the issuance of a grand jury subpoena or reported the results of the subpoena to the grand jury.

**IT IS THEREFORE ORDERED BY THE COURT** that the Federal Public Defender's Motion for Production of Grand Jury Materials to Special Master (Doc. 202) is **granted in part and denied in part**.  The Government is ordered to produce to the Court and the Special Master, by no later than November 21, 2017, any grand jury transcripts from this case in which a prosecutor either requested the issuance of a grand jury subpoena or reported the results of the subpoena to the grand jury.  The motion is otherwise denied.

**IT IS SO ORDERED.**

Dated: November 6, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE