**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 16-CR-20032-JAR** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Government's Motion to Bifurcate** |
| | ) | **January 18, 2018 Hearing** |
| **LORENZO BLACK,** | ) | |
| **KARL CARTER,** | ) | |
| **ANTHON AIONO,** | ) | |
| **ALICIA TACKETT,** | ) | |
| **CATHERINE ROWLETTE, and** | ) | |
| **DAVID BISHOP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby moves this Court to bifurcate the hearing now scheduled for January 18, 2018. Specifically, the government requests that the Court proceed as scheduled on January 18, 2018, by hearing argument on the motions pending before the Court, but postpone the presentation of testimony and evidence, if any, to a date at least three weeks after the court rules on the government's pending motions to terminate the Phase III investigation and to quash subpoenas. The government makes this motion in the interest of promoting orderly litigation of this matter and avoiding unnecessary

interruption of the proceedings or inconvenience to the Court, witnesses, and litigants. The reasons for this motion are as follows:

1. The Federal Public Defender has indicated that it intends to compel at the hearing the appearance and testimony of at least 18 witnesses, including present and former employees of the United States Attorney's Office for the District of Kansas. Docket #318, #320, #330, #331, #347, #349, #363-1, #367, #368, #369. Some of these witnesses reside in states and cities other than Kansas City, Kansas, where the January 18, 2018 hearing is scheduled to occur.

2. The special master has issued Rule 17 subpoenas commanding the appearance and testimony at the hearing of some of the same witnesses. Docket #336-1 at pp. 19-45.

3. Defendants Karl Carter and David Bishop have indicated that they intend to compel the attendance and testimony of some of the same witnesses through the issuance of Rule 17 subpoenas approved by the Court. Docket #337, #339, #366.

4. The government has moved to quash these subpoenas for testimony on constitutional and other grounds and has explained that they are improper. Docket #340, #341, #354, #355, #360, #370.

5. The government also has moved to terminate Phase III of the special master's investigation. Docket #336.

6. The parties dispute the proper scope of the hearing set for January 18, 2016. The government maintains that only testimony and evidence relevant to the claims raised by defendants Karl Carter and David Bishop should be presented at the hearing and that it would be an abuse of the Rule 17 subpoena power to compel witnesses to appear and testify about other matters, such as those related only to allegations made by the Federal Public Defender or to Phase III of the special master's investigation. Based on the information now known to the government from court

submissions made by the Federal Public Defender, the special master, and defendants Carter and Bishop, the government opposes the proposed testimony of all of the subpoenaed witnesses.

7.      The Court has not yet had the benefit of argument from the litigants on the government's motions to quash the above-described subpoenas or its motion to terminate Phase III of the special master's investigation. Nor has it ruled on the motions. As a result, it presently is uncertain whether there will be any witness testimony at the hearing on January 18, 2018, and if so, which witnesses will be permitted to testify and the scope of or limitations on any such testimony.

8.      Limiting the January 18, 2018 hearing to argument on the motions—while postponing presentation of testimony and evidence, if any, to a later date—would provide the Court with the benefit of oral argument on the government's pending motions before ruling on them. In addition, postponement of any evidentiary hearing until after the litigants receive notice of the Court's rulings on the motions will facilitate the litigants' ability to prepare for an evidentiary hearing (if one is necessary and legally permissible) and likely will result in more orderly presentation of evidence, if any.

9.      In addition, in the event of an adverse ruling on the government's motions, the Solicitor General will need to consider whether to seek appropriate relief from the Court of Appeals for the Tenth Circuit. *See* United States Attorney's Manual § 2-2.124 ("The authorization of the Solicitor General is required for the filing of petitions in appellate courts for the issuance of extraordinary writs."). Postponing the presentation of testimony and evidence, if any, as proposed here would provide a reasonable opportunity for such consideration without the need for a stay from this Court or the Tenth Circuit, which would interrupt court proceedings.

10. Further, based on the summaries of testimony sought from the current and former employees of the Department of Justice, Docket #330-1; #336-1 at pp. 21, 25, 29, 33, 37, 41; #363-1 – which the Federal Public Defender and the special master each submitted pursuant to 28 C.F.R. § 16.23(c) – it appears that both the Federal Public Defender and the special master intend to ask these witnesses questions that the witnesses are not permitted to answer without authorization. *See* 28 C.F.R. § 16.24(a) and (b). Given the nature of the testimony sought, it is unlikely that such authorization will be forthcoming or, at the very least, immediately available.

For all of the foregoing reasons, the government respectfully requests that the Court bifurcate the January 18, 2018 hearing by entertaining argument on the pending motions on that date and postponing the presentation and evidence, if any, to at least three weeks after the Court rules on the government's pending motions. Although the government previously asked the Court to rule on its motions before the January 18, 2018 hearing, Docket #336, #340, #341, #361, for the reasons stated above and given that the hearing will commence in less than a week, the government believes that the better course at this point is for the Court to bifurcate the hearing.

Respectfully submitted,

Steven D. Clymer
Special Attorney for the United States
NDNY Bar Roll #509281

**Certificate of Service**

I hereby certify that on the 12th day of January, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York