IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
    *Plaintiff,*

    **v.**                      Case No. **16-cr-20032-JAR**

**LORENZO BLACK, *et al.*,**
    *Defendants.*

**Defense Response to Government's Motion
to Bifurcate January 18, 2018 Hearing (D.E. 371)**

    The Federal Public Defender and Defendant's Carter and Bishop object to the Government's request to bifurcate the hearing scheduled for January 18 & 19, 2018.[1] The government asks to divide the hearing into two parts: first, the argument on pending motions and the second, for presentation of any "testimony and evidence, if any."[2] The government asks for a three-week break between the two hearings. Below we explain our objections:

1. The government argues that its motion to terminate Phase III and motions to quash have not been ruled on. As of the Court's January 12, 2018, Order, that is no longer the case.[3] This reason is moot.

---

[1] D.E. 371.
[2] *Id.* at 1.
[3] D.E. 372.

1

2. The government, through its counsel Mr. Clymer, claims more time is needed to prepare for the hearing. This hearing was originally scheduled for November 28, 2017,[4] and then delayed over six weeks to accommodate Mr. Clymer's schedule. Sufficient time to prepare has been afforded.

3. The government warns the Court that "the Solicitor General will need to consider whether to seek appropriate relief from the Court of Appeals for the Tenth Circuit" in the event of an adverse ruling. First, the window for seeking circuit relief from the Court's Phase III Order,[5] issued May 17, 2017, has long passed. Second, the possibility of an adverse hearing has always existed—there have been contested motions pending before the district court since before the Phase III Order.[6] Any consideration by the S.G, therefore, is long overdue. That reason is not sufficiently compelling to bifurcate.

4. The defense, as movants for the pending motions to show cause[7] and motion to dismiss,[8] intend an "orderly presentation of the evidence."[9]

---

[4] D.E. 300, Order setting hearing filed October 25, 2017.
[5] D.E. 253.
[6] D.E. 230 (FPD Proposed Findings of Fact and Supplemental Request to Expand the Special Master's Investigation).
[7] D.E. 301, as noted in the Court's January 12, 2018, Order denying Motion to Terminate. D.E. 372 at . 1.
[8] D.E. 333 (Defendant Carter's motion).
[9] D.E. 371 at 3.

Evidence is necessary for, or at least helpful to, the Court's resolution. The defense parties' efforts to communicate and perhaps streamline the evidence by setting pre-hearing disclosure dates to identify witnesses and exchange exhibits was rebuffed by the government, and subsequently denied without prejudice by the court.

5. Finally, the government appears to claim that it has not yet sought authorization, pursuant to 28 C.F.R. § 16.24 (a) & (B) for the current and former employees for the Department of Justice to testify; or at least, "it is unlikely that authorization will be forthcoming or, at the very least, immediately available."[10] That timing is in the control of the government. The Special Master's subpoenas *ad testificundum* for DOJ witnesses were filed December 4, 2017.[11] The first defense *Touhy* letter was sent to Mr. Clymer on December 14, 2017. The first defense request for authorization for subpoenas *ad testificundum* to USAO employees was filed December 15, 2017.[12] If the government has not diligently sought authorization, that is neither the fault of the Court or of the defense.

---

[10] *Id.*
[11] D.E. 335 (Government's Motion to Quash the Special Master's Subpoenas to USAO Employees . . .").
[12] D.E. 330.

6. The defense parties, including the FPD, are ready to proceed toward a resolution, both prospective and remedial. But for the government's delay and obstructive tactics, this would have been resolved long ago, and at less expense. As the Court noted, the cost of this litigation is currently borne by the district rather than the government, and its continued resistance to substantive findings and pursuit of procedural obstacles are costly, both financially and in resources expended by the defense and courts.

For these reasons, the Court should reject the government's bid for further delay.

Respectfully submitted,

s/ Melody Brannon_____
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
785.232.9828
melody_brannon@fd.org

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court on January 14, 2018 by using the CM/ECF system. All interested parties will be electronically notified.

s/ Melody Brannon_____
Melody Brannon