IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-20032-JAR |
| | ) | |
| LORENZO BLACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **STIPULATED PROTECTIVE ORDER**

The Federal Public Defender for the District of Kansas (the "Federal Public Defender") and Special Master David Cohen (the "Special Master" and, with the Federal Public Defender, the "Parties") agree that the information requested by the Federal Public Defender in its Motion for Access to Securus Data (Doc. 383) and this Court's January 17, 2018 Order granting the Special Master permission to provide to the Federal Public Defender "all Securus data and records involving calls to the FPD telephone numbers," (Doc. 384) may necessarily disclose highly confidential and sensitive information. They therefore agree that certain categories of information should be treated as "Confidential," protected from disclosure outside this criminal matter, and used only for purposes of prosecuting or defending this action and any appeals. The Parties request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of information.

Accordingly, for good cause shown, the Court hereby enters the following Protective Order:

**1. Scope.** This Order applies to all materials provided by Securus Technologies, Inc. ("Securus") to the Special Master that are subsequently provided by the Special Master to the Federal Public Defender, including all specifically identified documents and materials produced in response to this Court's January 17, 2018 Order (Doc. 384), and any other Securus materials provided by the Special Master to the Federal Public Defender as part of a formal or informal production. The Parties agree that all documents, materials, and information produced pursuant to this Order are presumptively Confidential and shall be treated as such unless and until such time as Securus designates the materials as "non-confidential." The Parties further agree that not more than 10 days post-production, Securus shall: (1) receive a copy of the request or court order relating to the requested production; and (2) have the opportunity to review, inspect, validate, and dedesignate materials previously designated as Confidential pursuant to the terms and conditions of this Order.

**2. Designation of Confidential Information.**

As used in this Order, "Confidential" information is defined as information that Securus designates in good faith as having been previously maintained in a confidential manner and that should be protected from disclosure and use outside this criminal matter because its disclosure and use is restricted by statute or could potentially cause harm, competitive or otherwise, to the interests of Securus, its clients, or nonparties.

For purposes of this Order, Securus will limit its designation of Confidential information to the following categories of information or documents:[1] customer lists; customer identifying information; Customer Proprietary Network Information ("CPNI"), as defined by 47 U.S.C. Section 222; call recordings to or from inmates at Leavenworth Detention Center; any and all reports generated by Securus' Secure Call Platform that contain and/or reveal financial data; trade secrets; personnel files; product capabilities, specifications, functions, and limitations; research and development; internal and/or external investigations and compliance audits or reviews; and other sensitive competitive or confidential information. Confidential information may also include information or records whose disclosure is restricted or prohibited by statute. Information or documents that are available to the public may not be designated as Confidential information.

**3. Form and Timing of Designation.** All materials produced to the Federal Public Defender are presumptively Confidential. Prior to production, all materials shall be branded "CONFIDENTIAL SECURUS DATA PRODUCED TO THE FPD BY DAVID COHEN" (hereinafter "the markings"). The markings shall be included on the original document and on all copies. It shall be included in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the confidential information. Applying the markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

---

[1] Nothing in this list presumes production and production will be limited to those items identified in this Court's January 17, 2018 Order (Doc. 384).

By marking a designated document as Confidential, the designating party thereby certifies that the party holds a good-faith belief that the document contains Confidential information as defined in this Order.

**5.     Protection of Confidential Material.**

**(a)     General Protections.**  Designated Confidential information must be used or disclosed solely for purposes of prosecuting or defending this criminal matter, including any appeals, subject to the other terms and conditions of this Order.  Designated Confidential information may not be directly or indirectly shared with any individual or entity who is not a party to this Protective Order (except as expressly provided herein) or used or disclosed in any civil litigation, including, without limitation, litigation arising out of or related to the allegedly improper recording of attorney-client communications originating from Leavenworth Detention Center.

Notwithstanding the above agreement, the Federal Public Defender will not be precluded from using information provided by Securus on behalf of other clients, subject to the same confidentiality limitations and filing limitations contained herein.

**(b)     Who May View Designated Confidential Information.**  Except with the prior written consent of Securus, designated Confidential Information may only be directly or indirectly disclosed to the following persons:

(1)     The Federal Public Defender and its legal support staff;

(2)     The Court and Court personnel; and

4

(3)    Other persons only upon the written consent of Securus and the Special Master and on such conditions as Securus and the Special Master may require.

(c) **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential information pursuant to the terms of this Order.

6.    **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential information subject to protections under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of Securus; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested unredacted documents may be filed under seal only with the permission of the Court after proper motion.  If the motion is granted and the requesting party is permitted to file the requested unredacted documents under seal, only counsel of record will have access to the sealed documents and will be prevented pursuant to the terms of this Order from any further dissemination.

7.    **Obligations on Conclusion of this Matter.**

(a)    **Order Remains in Effect.**  All provisions of this Order will remain in effect and continue to be binding after conclusion of this matter.

(b)     **Return of Confidential Documents.**  Within 90 days after this matter concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential information, including copies as defined above, must be returned to Securus unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties and Securus agree to destruction of the document to the extent practicable in lieu of return.  With respect to documents bearing the notations, summations, or other mental impressions of the receiving party, the parties, with the permission of Securus, may agree to identify and destroy such documents and provide a written certification to Securus and the Special Master that it has done so.

(c)     **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, the parties may retain attorney work product, including an index which refers or relates to designated Confidential information. This work product will continue to be Confidential under this Order.

8.     **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon the Special Master, the Federal Public Defender, and such other persons made subject to this Order by its terms.

9.     **Jurisdiction.**  The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But Securus or any party to this Order may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

10.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If the Federal Public Defender or Special Master are served with a subpoena or an order issued in other litigation that would compel disclosure of any material or

6

document designated in this action as Confidential information, the receiving party must promptly notify Securus, in writing, sufficiently in advance of the compliance date to allow Securus the opportunity to take reasonable steps to quash the subpoena or seek relief from the order in advance of the compliance date, and in no event later than 10 days after receipt by the receiving party of the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must timely inform the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford Securus an opportunity to try to protect its Confidential information in the court from which the subpoena or order issued. Securus will bear the burden and the expense of seeking protection in that court of its Confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential information designated by the other party to this case.

**IT IS SO ORDERED.**

Dated:  February 1, 2018

S/Julie /A. Robinson
_____
The Honorable Julie A. Robinson
United States Chief District Judge

7

**WE SO MOVE and agree to abide by the terms of this Order.**

**SPECIAL MASTER**

 

_(signature: David Cohen)_

_____

David R. Cohen
David R. Cohen Co., LPA
24400 Chagrin Blvd., Suite 300
Cleveland,    OH    44122
Phone: 216-831-0001
Fax: 866-357-3535
Email: david@specialmaster.law

*Special Master*

**FEDERAL PUBLIC
DEFENDER
FOR THE DISTRICT OF
KANSAS**

_____

Melody Brannon
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail: Melody_Brannon@fd.org

*United States Federal Public
Defender for the District of
Kansas*

**WE SO MOVE and agree to abide by the terms of this Order.**

**SPECIAL MASTER**

                        **FEDERAL PUBLIC DEFENDER**
                        **FOR THE DISTRICT OF KANSAS**

Melody Brannon
Digitally signed by Melody Brannon
Date: 2018.01.31 20:24:01 -06'00'

_____

David R. Cohen
David R. Cohen Co., LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
Phone: 216-831-0001
Fax: 866-357-3535
Email: david@specialmaster.biz

_Special Master_

Melody Brannon
Federal Public Defender for the District
of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail: Melody_Brannon@fd.org

_United States Federal Public Defender_
_for the District of Kansas_