# Exhibit A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

12/4/17  10:50 AM

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 16-20032-JAR |
| LORENZO BLACK, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Steven D. Clymer, Assistant United States Attorney and Special Attorney to the United States Attorney General
Office of United States Attorney, Northern District of New York
100 South Clinton Street, James M. Hanley Federal Building
Syracuse, NY 13261-7198

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Courthouse<br>500 State Street<br>Kansas City, KS 66101 | Courtroom No.: |
|---|---|---|
| | | Date and Time: January 18, 2018, 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*: All documents you previously delivered to the attention of Special Master David R. Cohen at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, Kansas, on or before January 2, 2018. Those documents are identified in the attached demands of the Special Master which are incorporated into and made part of this command, as if stated herein in full.

*(SEAL)*

Date: _____

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who requests this subpoena, are: _____

Special Master David R. Cohen,
24400 Chagrin Boulevard
Reflections Bldg., Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

The Court-appointed Special Master hereby demands production of the following documents and materials that are or were in the possession of the United States Attorney's Office for the District of Kansas. For all demands, unless a different time frame is indicated, the relevant time frame is January 1, 2014 through May 1, 2017. All responses to these demands shall be delivered to the attention of Special Master David R. Cohen, at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, KS 66101, on or before January 2, 2018, for review by all counsel of record in *Black*.

Definitions:

a. "accessed" means sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do one or more of those things. It also means directly receiving information, materials, or objects of any kind or type; or indirectly receiving information about or descriptions of information, materials, or objects that were accessed by another person;

b. "document(s)" or "material(s)" means anything written, printed, electronically created, or copied that serves to record or chronicle information;

c. "AUSA" means Assistant United States Attorney; "SAUSA" means Special Assistant United States Attorney.

d. "*Black*" means the underlying case of *U.S. v. Lorenzo Black*, Case No. 2:16-CR-20032, U.S. District Court for the District of Kansas, and its named defendants and any interested parties. Unless not applicable, it also means those cases and individuals who have filed motions seeking relief arising out of the underlying case, which are noted on the attached list.

e. "CCA" means the Corrections Corporation of America (now known as "CoreCivic") detention facility, Leavenworth, Kansas.

f. "USAO-DKan" means the United States Attorney's Office for the District of Kansas; "USAO-DKan personnel" means all employees of the United States Department of Justice working at the United States Attorney's Office for the District of Kansas.

g. "U.S. Attorney," and "First Assistant U.S. Attorney," means those officials serving in the District of Kansas;

h. "USAO" means all United States Attorney's Offices.

i. "the Investigation" means the three phases of investigation authorized by the Court in *Black* and conducted by the Special Master appointed by the Court.

\* \* \* \* \*

Please produce:

1. Any and all documents and materials created by AUSA Emily Metzger or any other USAO-DKan personnel, whether or not they were sent to any USAO-DKan personnel, concerning retention, preservation, and production of materials which relate to or concern *Black*, or the Investigation.

2. Any and all documents and materials sent or given to or received by Metzger in response to her instructions concerning retention, preservation, and production of materials which relate to or concern *Black*, or the Investigation.

3. A list or log of all repositories in the USAO-DKan information systems that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master (the list of search terms is contained in Black docket 298-4, exh. D). Respositories may be identified by employee initials for USAO-DKan personnel, if applicable. A repository may be identified artificially if its description would reveal contents claimed to be privileged from disclosure under 28 C.F.R. §26.26.

4. Except for the U.S. Attorney Manual, any and all written instructions, regulations, or policy statements that were, or were intended to be, provided to USAO-DKan personnel, limited to those that applied in *Black* and which concerned:

   a. the obligations of USAO attorneys to protect the constitutional rights of detained individuals; or

   b. the obligations of USAO attorneys to defense counsel in criminal investigations, criminal cases, and other criminal matters; or

   c. the obligations of USAO attorneys to report any apparent or arguable violation of ethical rules or regulations, including violations by attorneys or investigative agents that might rise to a level of constitutional significance.

5. Any and all documents or materials relating to the actual or potential use of "taint teams" in *Black*, including documents outlining general policies and procedures and regulations that would have applied in *Black*.

6. Any documents or materials sent to or from any USAO-DKan personnel that are related to actual or claimed unethical or unpermitted action by USAO-DKan personnel and are related to *Black*. This demand seeks information created during the relevant time period or any time thereafter.

7. Any documents or materials that address any meeting attended by AUSA Kim Flannigan, SAUSA Erin Tomasic, and/or Jacquelyn Rokusek, in any case where Rokusek represented Richard Dertinger.

8. Any documents or materials sent to or from Tomasic regarding her issuance of any Grand Jury subpoena in *Black*, or created by any person and which discuss the issuance of any Grand Jury subpoena in *Black*. This demand is limited to documents or materials that: (a) were created prior to the issuance of any such subpoena, and (b) are not prohibited from disclosure under Fed. R Crim. Pro. 6(e).

9. Any documents or materials addressing in any way written or oral representations that Tomasic did or might make to the Court in *Black*, including documents and materials that discuss representations she might make in the future (after the document or material was created). This demand is limited to documents or materials addressing representations Tomasic did or might make to the Court regarding: (a) audio or video recording of inmates at CCA; (b) Tomasic's after-hours entry into Judge Robinson's chambers; or (c) meetings or communications Tomasic or Flannigan had with Rokusek in her capacity as defense counsel for Richard Dertinger. This demand is not limited to documents received or sent by Tomasic.

9. A list of every individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and contractors) who accessed any audio or video recording of: (a) detainees at CCA, or any other detention facility; or (b) an attorney meeting or communicating with a detainee or client.

10. For every person identified in item 9 who directed or permitted someone else to listen to or view the audio or video recording, identify the persons who: (a) so directed or permitted, and (b) were so directed or permitted.

11. Any and all documents and materials related to requests or demands for audio or video recordings of detainees at CCA.

12. Any and all documents and materials related to any incident where an individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and contractors) obtained access to any audio or video recording between a detainee and attorney (regardless of whether the access was inadvertent or advertent). This includes, but is not limited to, documents and materials reporting such access to any other person (including the detainee, the attorney, a supervisor, a professional responsibility advisor, or a taint team).

13. Any and all documents and materials relating to the preservation or, or non-preservation of, any computer used by USAO-DKan to view video recordings produced by CCA related to *Black*. This demand seeks documents and materials both before and after the Court required USAO-DKan to preserve the contents of its computers. This demand also seeks the name of any person who was in any way involved with the decision or process or action of "wiping clean" any such computer.

# RULES 41(g) and 16(E) MOTION REPORT

| CASE | JUDGE | MOTION NO. | RESPONSE NO. | STATUS OF CASE |
|---|---|---|---|---|
| 11-40078-01 USA vs. Virok Webb | JAR | Doc. 786 – Rule 41(g) and 16(E) motion | No | Pled – sentenced – 10CCA dismissed appeal |
| 16-20032-02 USA vs. Black et al "Karl Carter", "Anthon Aiono", & "David Bishop" | JAR | Doc. 85 – Amended Rule 41(g) and 16(E) motion | No | MUA on 8/9/2016 Sentencing for Aiono to be set at a later date – no ddl or dates set for Carter and Bishop |
| 14-20068-5 USA vs. David J. Lougee | CM | Doc. 235 - Rule 41(g) and 16(E) motion | No | Awaiting Sentencing |
| 15-20092 Mamoudou M. Kaba | CM | Doc. 20 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 16-20016 USA vs. Mayra Arely Escobedo-Gamboa | CM | Doc. 64 - Rule 41(g) and 16(E) motion | No | Jury Trial set 11/6/2017 |
| 16-20017 USA vs. Fernando Guevara-Guevara | CM | Doc. 35 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 16-20034 USA vs. Frank Dale | CM | Doc. 36 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 14-20049 – USA vs. Juan Antonio Herrera-Zamora | CM | Doc. 181, 186, 198 | | Awaiting Evid. Hrg. |

# Exhibit B

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF KANSAS

UNITED STATES MARSHAL RECEIVED
2018 APR 23 PM 1: 35
KANSAS CITY, KS

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Lorenzo Black, et al. | ) | Case No. 16-20032-JAR |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Thomas Beall, Assistant U.S. Attorney
Office of the U.S. Attorney, District of Kansas
500 State Street
Kansas City, KS 66101

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | U.S. Courthouse, 500 State Street Kansas City, KS 66101 | Courtroom No.: | 427 |
|---|---|---|---|
| | | Date and Time: | 05/15/2018 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

All documents and materials identified in the attached demands of the Special Master, which are incorporation into and made part of this command, as if stated herein in full.

(SEAL)

Date: 4/23/18

CLERK OF COURT

[signature]

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who requests this subpoena, are:

David R. Cohen
Court-Appointed Special Master
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

The Court-appointed Special Master hereby demands production of the following documents and materials in the control or possession of the United States Attorney's Office for the District of Kansas and to which you were privy in your capacity as the Acting U.S. Attorney, First Assistant U.S. Attorney, or AUSA. For all demands, unless a different time frame is indicated, the relevant time frame is January 1, 2014 through May 1, 2017. Production is subject to the Order of the United States Court of Appeals for the Tenth Circuit, Case No. 18-3007, Doc. 01019949977, dated February 26, 2018.

Definitions:

a. "accessed" means sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do one or more of those things. It also means directly receiving information, materials, or objects of any kind or type; or indirectly receiving information about or descriptions of information, materials, or objects that were accessed by another person;

b. "document(s)" or "material(s)" means anything written, printed, electronically created, or copied that serves to record or chronicle information;

c. "AUSA" means Assistant United States Attorney; "SAUSA" means Special Assistant United States Attorney.

d. "*Black*" means the underlying case of *U.S. v. Lorenzo Black*, Case No. 2:16-CR-20032, U.S. District Court for the District of Kansas, and its named defendants and any interested parties. Unless not applicable, it also means those cases and individuals who have filed motions seeking relief arising out of the underlying case, which are noted on the attached list.

e. "CCA" means the Corrections Corporation of America (now known as "CoreCivic") detention facility, Leavenworth, Kansas.

f. "USAO-DKan" means the United States Attorney's Office for the District of Kansas; "USAO-DKan personnel" means all employees of the United States Department of Justice working at the United States Attorney's Office for the District of Kansas.

g. "U.S. Attorney," and "First Assistant U.S. Attorney," means those officials serving in the District of Kansas;

h. "USAO" means all United States Attorney's Offices.

i. "the Investigation" means the three phases of investigation authorized by the Court in *Black* and conducted by the Special Master appointed by the Court.

\* \* \* \* \*

Please produce:

1. Any and all documents and materials created by AUSA Emily Metzger or any other USAO-DKan personnel, whether or not they were sent to any USAO-DKan personnel, concerning retention, preservation, and production of materials which relate to or concern the Investigation.

2. Any and all documents and materials sent to, or given to, or received by Metzger or other USAO-DKan personnel in response to her instructions concerning retention, preservation, and production of materials which relate to or concern *Black*, or the Investigation.

3. A list or log of all repositories in the USAO-DKan information systems that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master (the list of search terms is contained in Black docket 298-4, exh. D). Respositories may be identified by employee initials for USAO-DKan personnel, if applicable. A repository may be identified artificially if its description would reveal contents claimed to be privileged from disclosure.

4. Any and all documents or materials relating to the use of "taint teams" in *Black*.

5. Any documents or materials sent to or from any USAO-DKan personnel that discuss claimed unethical or unpermitted actions by USAO-DKan personnel regarding *Black.*

6. Any documents or materials that address any meeting attended by AUSA Kim Flannigan, SAUSA Erin Tomasic, and/or Jacquelyn Rokusek, in any case where Rokusek represented Richard Dertinger.

7. Any documents or materials sent to or from Tomasic regarding her issuance of any Grand Jury subpoena in *Black*, or documents or materials created by any other person, to the extent they discuss issuance of any Grand Jury subpoena in *Black*. This demand is limited to documents or materials that: (a) were created prior to the issuance of any such subpoena, and (b) are not prohibited from disclosure under Fed. R Crim. Pro. 6(e).

8. Any documents or materials addressing representations Tomasic did or might make to the Court regarding: (a) audio or video recording of inmates at CCA; (b) Tomasic's after-hours entry into Judge Robinson's chambers; or (c) meetings or communications Tomasic or Flannigan had with Rokusek in Rokusek's capacity as defense counsel for Richard Dertinger. This demand is not limited to documents received or sent by Tomasic.

2

9. A list of every individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and contractors) who accessed any audio or video recording of: (a) detainees at CCA or any other detention facility; or (b) an attorney meeting or communication with, a detainee or client.

10. For every person identified in item 9 who engaged in or directed or permitted someone else to listen to or view the audio or video recording, identify the person(s) who: (a) so directed or permitted, and (b) were so directed or permitted.

11. Any and all documents and materials related to requests or demands for audio or video recordings of detainees at CCA, or which discuss the contents of audio or video recordings of detainees at CCA.

12. Any and all documents and materials related to the *Black* case concerning any incident where an individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents from any agency, support staff, interpreters, and contractors) obtained access to any audio or video recording between a detainee and an attorney (regardless of whether the access was inadvertent or advertent).

13. Any and all documents and materials relating to the preservation or non-preservation of any computer used by USAO-DKan to view video recordings produced by CCA and related to *Black*. This demand seeks documents and materials both before and after the Court required USAO-DKan to preserve the contents of its computers. This demand also seeks the name of any person who was in any way involved with the decision or process or action of "wiping clean" any such computer.

3