**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 16-CR-20032-JAR** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Government's Notice to the Court** |
| | ) | **Concerning Authorization of** |
| **LORENZO BLACK,** | ) | **Department of Justice Witnesses to** |
| **KARL CARTER,** | ) | **Disclose Information** |
| **ANTHON AIONO,** | ) | |
| **ALICIA TACKETT,** | ) | |
| **CATHERINE ROWLETTE, and** | ) | |
| **DAVID BISHOP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby notifies the Court of the following: Some of the present and former Department of Justice ["DOJ"] employees who have been or apparently will be subpoenaed by the special master and/or the Federal Public Defender ["FPD"] to testify at the hearing now set for May 15-16, 2018, have received from the Office of the Deputy Attorney General of the DOJ authorization to disclose some, but not all of the information sought through their testimony. Other subpoenaed DOJ employees have not received such authorization.

Government counsel has notified the special master and FPD about the extent of and limits to this authorization for each subpoenaed DOJ witness. To enable the Court to better allocate time during the upcoming hearing, details concerning the authorization are set out below. Further, to dispel possible confusion in a pleading filed by the FPD about the effect of a denial of authorization, the relevant applicable regulatory structure and law governing so-called *Touhy* regulations is summarized below.

**A. Background**

On April 26, 2018, the Court issued an order of production for testimonial subpoenas for 21 witnesses as requested by the special master. [Docket #438]. Many of those witnesses are present or former employees of the DOJ. The special master has not recently provided to government counsel any summaries of the testimony sought from any of these present or former employees, as required by 28 C.F.R. § 16.23(c). Such summaries are sometimes referred to as "*Touhy* notices" or "*Touhy* requests." But, in connection with subpoenas the special master *previously* served on *some* of these employees in advance of a since-cancelled hearing on January 18, 2018, the special master had provided government counsel with *Touhy* notices for seven of the now-subpoenaed DOJ employees. Government counsel assumes that the special master seeks from these employees the information set out in these earlier *Touhy* notices and it has proceeded accordingly. Copies of these earlier *Touhy* notices from the special master are attached as Exhibits A1 through A7.

On April 30, 2018, this Court granted motions by the FPD for subpoenas for the same present and former DOJ employees who were listed on the above-described special master production order. [Docket #448, #449]. On that same date, the FPD provided *Touhy* notices for these witnesses. Copies of these *Touhy* notices are attached as Exhibits B1 and B2.

Based on assessment of the information sought by the special master and the FPD as set out in the *Touhy* notices, and after taking into account the considerations required by the DOJ *Touhy* regulations, located at 28 C.F.R. §§ 16.21-16.29, the Office of the Deputy Attorney General authorized some of the subpoenaed DOJ witnesses to disclose some of the information sought. Government counsel has notified the special master and the FPD in writing of the extent of and limits to the authorized disclosures. These letters are attached as Exhibits C1 and C2.

**B. The Effect of a Denial of Disclosure Authorization**

On January 17, 2018, the FPD filed a "Memorandum of Law" purporting to describe the law governing the government's "privilege assertions under *Touhy*." [Docket #385]. This description and the FPD memorandum reflect a misunderstanding of the *Touhy* regulations.

Because the special master and FPD subpoenas seek "production or disclosure of . . . material contained in the files of the Department [of Justice], . . . information relating to material contained in the files of the Department, [and] information acquired by [persons] while [employed by] the Department as a part of the performance of [their] official duties or because of [their] official status," 28 C.F.R. § 16.21(a), the DOJ *Touhy* regulations apply.[1] These regulations, which are based on federal law empowering an administrative agency to make "housekeeping rules" governing "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property," 5 U.S.C. § 301, "provide a set of procedures for the United States Attorney to follow when considering . . . demands [for

[1] Named after the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *Touhy* involved an FBI agent held in contempt because, pursuant to a DOJ regulation, he refused to produce certain documents subpoenaed by a state prisoner in a federal habeas corpus proceeding. The Supreme Court affirmed the reversal of the contempt citation, concluding that the FBI agent's regulation-based refusal was lawful, and that the regulation was a valid exercise of Executive authority under a housekeeping statute. *Id*. at 467-68.

documents and information].” *Kwan Fai Mak v. F.B.I.*, 252 F.3d 1089, 1092 (9th Cir. 2001).[2] Because the subpoenas here were issued in connection with a federal criminal case in which the United States is a party, 28 C.F.R. § 16.23 applies.

The regulations provide that “in any case or matter in which the responsible official and the originating component agree that it would not be appropriate to authorize testimony or otherwise to disclose the information demanded, even if a court were so to require . . . the responsible official shall refer the matter to the Deputy . . . Attorney General.” 28 C.F.R. § 16.24(f).[3] Upon such referral, the Deputy Attorney General (or his designee) makes the final decision regarding disclosure after applying the considerations set out in 28 C.F.R. § 16.26(a) and (b), and then provides such notice as appropriate. 28 C.F.R. § 16.25(c). “[I]f the court . . . rules that the demand must be complied with irrespective of instructions rendered in accordance with [these regulations] not to . . . disclose the information sought, the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department official, respectfully decline to comply with the demand.” 28 C.F.R. § 16.28.

In short, contrary to the characterizations in the FPD memorandum, government counsel does not “object” under the *Touhy* regulations or “assert a privilege.” Rather, unless authorized to do so, a subpoenaed DOJ employee (present or former) lacks authority to disclose information within the ambit of the *Touhy* regulations, even when demanded by subpoena or court order. Under

[2] These regulations are “intended only to provide guidance for the internal operations of the Department of Justice, and [are] not intended to, and do[ ] not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.” 28 C.F.R. § 16.21(d).

[3] The terms “responsible official” and “originating component” are defined in 28 C.F.R. § 16.24(a).

federal law, such an employee *must* "respectfully decline to comply with the demand" even if ordered to do so by a federal court.

It is well-established in this Circuit and elsewhere that the DOJ *Touhy* regulations are valid. *See, e.g., United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) ("We feel that the regulation controlling such disclosures by Department of Justice employees is valid."). A government employee who, when relying on the *Touhy* regulations, refuses a court order to produce documents and/or disclose information cannot be compelled to do so by a contempt citation. *See Touhy*, 340 U.S. at 467-70; *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) ("*Touhy* is part of an unbroken line of authority which directly supports Downie's contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations."); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) ("*Touhy* is part of an unbroken chain of authority that supports the Department's contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations."); *In re Boeh*, 25 F.3d 761, 766 (9th Cir. 1994) ("We conclude that, in the absence of a direct challenge to the Attorney General's decision to withhold permission and a ruling that permission was improperly withheld, Boeh cannot be held in contempt for refusing to testify without permission, pursuant to 28 C.F.R. § 16.22(a).") (footnote omitted); *Massock v. Superior Court*, No. C99-3713 SC, 2000 WL 10240, at *3 (N.D. Cal. Jan. 4, 2000) ("In the landmark case *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951), the Supreme Court held that a subordinate federal officer could not be held in contempt for refusing to obey a subpoena when such refusal was in accordance with valid federal regulations governing the release of official documents.").

As one federal court has explained:

> Under what is known as the "*Touhy* doctrine," not only is a court prohibited from holding a federal officer in contempt for non-compliance with a subpoena when following a regulation to the contrary but a court cannot even investigate the appropriateness of the federal officer's reliance on the regulation in question. The Ninth Circuit has explained that, "the *Touhy* doctrine is jurisdictional and precludes a contempt action regardless of whether [the regulation relied upon] is ultimately determined to protect the requested testimony." Accordingly, if a federal officer is relying (correctly or incorrectly) upon a properly promulgated regulation as a defense for non-compliance with a subpoena then the court is powerless to hold that officer in contempt. Thus, under the *Touhy* doctrine a court simply does not have jurisdiction to hold a federal officer following a proper regulation in contempt and a consideration on the merits cannot play a part in the court's decision.

*Massock*, 2000 WL 10240, at *3 (citations omitted).

A recent federal court decision explained that the Tenth Circuit has taken an "expansive" approach to executive-branch *Touhy* regulations. In *Armstrong v. Arcanum Group, Inc*., 250 F.Supp.3d 802 (D. Colo. 2017), a plaintiff in a civil discrimination suit sought deposition testimony from an official of the Bureau of Land Management ["BLM"]. The plaintiff served BLM with a subpoena and a *Touhy* notice. BLM moved to quash the subpoena. *Id*. at 803. BLM explained that it had reviewed the *Touhy* notice and denied it and thus argued that the district court should grant its motion to quash because of the agency decision. *Id*. BLM contended that, under Tenth Circuit law, the plaintiff's recourse was to file an independent action under the Administrative Procedures Act. *Id*. In response, the court stated:

> Under Tenth Circuit and District of Colorado precedent, the court should not enforce a subpoena when an agency, such as BLM, applies its *Touhy* regulations and instructs the subpoenaed federal employee not to testify . . . . The Tenth Circuit has recognized the continuing validity of *Touhy* and has taken a more expansive approach in its interpretation. In *Saunders v. Great Western Sugar Company*, 396 F.2d 794 (10th Cir. 1968), the Tenth Circuit reviewed a "housekeeping" regulation promulgated by the Small Business Authority ("SBA"), which was similar in impact to the regulation at issue here. The case involved a motion to compel arising out of subpoenas issued to local officials of the SBA. The court held that where the SBA and its officials were not parties to the underlying suit and where the responsible agency authority, acting pursuant to its agency regulations, had not authorized the requested disclosure, the local officials could not be compelled to

answer and the regulation was found to be valid. *Id*. The *Saunders* court recognized that requiring the litigants to proceed against the proper SBA official in the District of Columbia might be a hardship; nevertheless, it held that it was "bound by *Touhy*." *Id*. at 795. In *United States Steel Corporation v. Mattingly*, 663 F.2d 68 (10th Cir. 1980), the Tenth Circuit reversed a district court's order compelling enforcement of a subpoena against an employee of the United States Bureau of Standards. The court explicitly stated that it based its reversal on *Touhy*, and held that it could not compel the agency employee to testify or produce documents in violation of agency *Touhy* regulations. *Id*.; *see also United States v. Allen*, 554 F.2d 398 (10th Cir. 1977) (finding DOJ's *Touhy* regulations valid); *State of Kansas v. Call*, 760 F.Supp. 190 (D. Kan. 1991), *aff'd*, 961 F.2d 220 (10th Cir 1992) (validly promulgated regulations have the force and effect of law).

*Id*. at 804-05.

Respectfully submitted,

Steven D. Clymer
Assistant United States Attorney
Special Attorney for the United States

**Certificate of Service**

I hereby certify that on the 10th day of May, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York