In the United States District Court
for the District of Kansas

**United States of America**,

                Plaintiff,

v.                                            Case No. **16-cr-20032-JAR**

**Lorenzo Black, et al.,**

                Defendant.

## Motion for Production of Documents and Objects Pursuant to Fed. R. Crim. P. 17(b) and (c)

The Federal Public Defender for the District of Kansas seeks (1) a subpoena duces tecum under Rule 17(c) of the Federal Rules of Criminal Procedure; (2) payment of costs and fees for the subpoena under Rule 17(b); and (3) a records-custodian affidavit under Rule 902(11) of the Federal Rules of Evidence, as follows:

Name of person or entity to be subpoenaed:

    Securus Technologies
    Attn: Joshua Martin
    14651 Dallas Parkway, Suite 600
    Dallas, Texas 75254

Documents and objects to be produced:

1. The name and address of all detention facilities in Kansas where Securus provided phone services between January 1, 2010 and July 20, 2018.

2. The identity of any government or law enforcement agencies or individual agents, including prosecutor offices, who were registered as subscribers to Securus or who could directly access phone calls recorded by Securus, or who had real-time access to detainee phone calls, without the assistance, involvement, or knowledge of the detention facilities.

Deadline and place for production:

On or before **August 1, 2018**, to the Federal Public Defender's Office, 117 S.W. 6th Street, Suite 200, Topeka, Kansas, 66603.

## Background

While the litigation in this case has focused on attorney-client calls recorded at CCA-Leavenworth, CCA-Leavenworth's phone service provider was Securus. Securus has or had service contracts with other facilities in Kansas that housed District of Kansas detainees. The Securus telephone system at those facilities could have recorded attorney-client calls in the same manner as CCA. And because these were federal detainees, those recordings were available to the USAO and their agents.

The parties are attempting to identify detainees and cases in which attorney-client calls may have been recorded and provided to the USAO or its agents. To do so, we need to know which facilities contracted with Securus.

The second part of the request is for the identity of individuals or entities who had a subscription, for lack of a better term, with Securus that allowed direct access to recorded detainee phone calls. For example, we have learned that a county District Attorney's Office and its internal investigators had such an account. We believe the subscription allowed them to use a username and password to log into the Securus system and this allowed them access to calls without going through the holding facility. Thus, no written record of call requests would be with the facility of the USMS. For now, we are only asking for identities, not for actual requests. Besides access to historical records, Securus also offers an application that notifies the subscriber when a calls is being made by a detainee, thus allowing real-time access to the call content.

This information is the first step in identifying whether these agents or agencies accessed attorney client calls, and whether that information was made available to the USAO or its agents.

**Procedure**

Rule 17(c) authorizes this Court to issue subpoenas for the production of documents. The rule authorizes production before the documents are offered in evidence, and inspection upon production. The rule reaches essential,

relevant documents, unable to be obtained by a party exercising due diligence, so long as the party's request is in good faith.[1]

The FPD is a party in this litigation and not authorized to pay the costs and fees associated with a subpoena. We were appointed by District of Kansas Standing Order 18-3 to represent all persons who may be eligible for relief under this agreement. We therefore request payment of any costs and fees "in the same manner as those paid for witnesses the government subpoenas."[2]

## Records-Custodian Affidavit

If the custodian of the subpoenaed records executes an affidavit that complies with Federal Rule of Evidence 902(11), it will be less likely that the custodian will need to present live testimony at trial. *See* Fed. R. Evid. 803(6)(D). Avoiding live testimony will conserve judicial resources and promote an efficient resolution of the case. We therefore ask the Court to direct the custodian of the subpoenaed records to execute a records-custodian affidavit that complies with Rule 902(11).

---

[1] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).
[2] Fed. R. Crim. P. 17(b).

4

## Conclusion

The requested documents are material, and unavailable without this subpoena. The putative clients are unable to pay the costs and fees associated with the subpoena. We therefore request (1) a subpoena duces tecum as described above under Rule 17(c); and (2) payment of costs and fees under Rule 17(b); (3) a records-custodian affidavit under Rule 902(11).

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
Telephone: (785)-232-9828,
Fax: (785)232-9886
E-mail: melody_brannon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

s/ Melody Brannon
Melody Brannon