IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KARL CARTER, et. al,

    Defendants.

Case No. 16-20032-JAR

## ORDER RECONVENING EVIDENTIARY HEARING

The procedural history of this case is long and complicated. Twenty-two months ago, on October 11, 2016, the Court appointed a Special Master, David R. Cohen, to investigate certain allegations raised in this case, that arose out of the government's underlying investigation of a large conspiracy to smuggle and traffic in contraband at the CCA (now CoreCivic) detention facility in Leavenworth, Kansas. The Special Master's investigation would proceed in three phases, with Phase III to proceed only if necessary.

In the course of the underlying investigation of the defendants in this case, as well as of dozens of unindicted coconspirators, Defendants and interested parties allege that the government violated the rights of numerous detainees by acquiring and using audio and video recordings of communications between detainees and their respective attorneys, in violation of the Sixth Amendment. On May 17, 2017, the Court entered an Order directing the Special Master to proceed with Phase III, and ordered all relevant parties to fully cooperate with the Special Master including complying with the Court's rulings, and making readily available to the Special Master all individuals, information, documents, materials, programs, files, databases,

services, facilities and premises under their control that the Special Master required to perform his duties.[1]

On October 20, 2017, the Special Master filed his *First Status Report Regarding Phase III Investigation*,[2] advising that the government had failed to cooperate with the Phase III investigation.  The Court thus set an evidentiary hearing regarding the Special Master's Report.  Before the hearing, the Federal Public Defender ("FPD") filed a Motion to Show Cause why the government should not be held in contempt.[3]  The motion to show cause remains under advisement.

The evidentiary hearing regarding Phase III, which was set to commence on November 28, 2017, did not commence until May 15, 2018 for these reasons: (1) on November 9, 2017, the Court granted the government's motion to reschedule the hearing because Special Attorney for the government, Steven Clymer, had a scheduling conflict;[4] and (2) the Court rescheduled the hearing to January 18, 2018, but the hearing was cancelled when Special Attorney Clymer filed a petition in the Tenth Circuit Court of Appeals on January 17, 2018, seeking a writ of mandamus seeking to prevent such hearing.

The Tenth Circuit issued its Order on February 26, 2018, granting the petition in limited part, but approving the Special Master's Phase III investigation within this scope: "investigation and inquiries to matters related to defendants before the court in *United States v. Black*, No. 16-

---

[1] Doc. 253.
[2] Doc. 298.
[3] Doc. 301.
[4] Doc. 308.

20032-JAR, and to other parties in *Black* who have filed Rule 41(g) motions in that proceeding."[5]

The Court then set the evidentiary hearing on the Special Master's Report, as well as on the FPD's Motion to Show Cause, as well as on any and all pending Rule 41(g) motions, to commence May 15, 2018.  After a day of testimony, on May 16, the United States Attorney and the FPD asked the Court to adjourn the hearing, as they were engaged in settlement negotiations. The parties agreed that the evidentiary hearing was held open if matters were not settled and that all witnesses who had or had not yet testified were subject to recall.

Thereafter, at status conferences held on July 5 and July 17, the parties advised that settlement negotiations were continuing, and that they had reached agreement on a proposed Standing Order, which would appoint the FPD to represent the anticipated flood of defendants who would seek post-conviction relief under 28 U.S.C. § 2255 based on prosecutorial misconduct rising to a level of Sixth Amendment violations related to their attorney-client communications.  The District of Kansas thereafter adopted Standing Order 18-3 consistent with the parties' proposed order.  The parties further advised that they had reached in principle an agreement on prospective relief concerning procedures for acquiring, handling, protecting and using audio and video recordings of detainees.

At an August 1, 2018 status conference, the Court heard the FPD's Motion to Reconvene Evidentiary Hearing.[6]  The parties advised that the settlement negotiations had failed after the Department of Justice, acting through Special Attorney Clymer, had withdrawn settlement authority from the United States Attorney's Office.  Despite the fact that the Court and all parties

---

[5] Doc. 398 at 2.
[6] Doc. 536.

3

had agreed that the evidentiary hearing was recessed (but not concluded) on May 16, the government objected to the motion to reconvene. The Court entered an Order granting the motion to reconvene,[7] and after conducting another status conference with the parties on August 14, the Court advised that it would schedule the evidentiary hearing for October 2-4 and October 9-12, 2018, dates that all counsel were largely available.

**IT IS THEREFORE ORDERED**, that the Court will reconvene the evidentiary hearing that began on May 15, 2018, on all matters that were set for hearing on that date, including but not limited to: the Special Master's Phase III Report, the FPD's Motion to Show Cause, and all pending Rule 41 motions.

**IT IS FURTHER ORDERED**, that the evidentiary hearing will resume on October 2, 2018 at 9:00 a.m., in Courtroom 643. The hearing will continue through October 4, 2018, and on October 9 through October 12, 2018.

**IT IS SO ORDERED.**

Dated: August 17, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[7]Doc. 562.