# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       )<br>                                                        )<br>            **Plaintiff,**                     )<br>                                                        )<br>      v.                                              )<br>                                                        )<br> **KARL CARTER,**                          )<br>                                                        )<br>                                                        )<br>            **Defendant.**                  )<br>_____ ) | **Case No. 16-CR-20032-JAR**<br><br>**Government's Response to Federal**<br>**Public Defender's Discovery Motions** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby responds the Federal Public Defender's ["FPD"] motions for (a) an order requiring the government "to identify each case in which the USAO or its agents sought or obtained recorded detainee phone calls from CCA-Leavenworth or any other federal holding facility" [Docket #572]; and (b) an order requiring the production of certain information regarding United States Attorney's Office ["USAO"] computers. [Docket #573].

The government advises the Court that the parties are in negotiations with respect to both of the Federal Public Defender's motions and that the government may voluntarily produce some or all of the requested information and documents even though there is no legal basis for the FPD's

motions. Accordingly, the government respectfully requests that the Court hold the motions in abeyance pending completion of negotiations.

If, however, the Court is not inclined to hold the motions in abeyance, the government respectfully requests that the Court either deny the motions because there is no legal basis for them and they are contrary to Rule 16 of the Federal Rules of Criminal Procedure, or, at the minimum, require the FPD to provide a legal basis for the information and documentation that it seeks. Rule 16, which governs discovery in criminal cases, describes the categories of information that the government must produce upon a "defendant's request." Fed. R. Crim. P. 16(a). The FPD does not represent any defendant in this criminal case and thus has no rights under Rule 16. And, in any event, the information and documentation that the FPD's motions seek does not fall within any of the categories in Rule 16. Indeed, Rule 16(a)(2) *expressly exempts* from criminal discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," unless such materials fall within one of the categories of information governed by the rule. Fed. R. Crim. P. 16(a)(2). Accordingly, even if defendant Carter were to join the FPD motion, which he has not, there would be no Rule 16 obligation to produce the requested discovery. Thus, not surprisingly, the defendant's motions make no mention of Rule 16.

Indeed, the only mention of legal authority in either of the FPD's motions appears in its motion for information regarding inmate telephone calls in Docket #572. There, the FPD includes an unexplained footnote citation to *Smith v. Sec'y of New Mexico Dep't of Corr.*, 50 F.3d 801 (10th Cir. 1995), a decision that describes the so-called "*Brady* doctrine." *Brady* has no application here, however, because the information that the FPD seeks is not favorable to any criminal defendant with respect to either guilt or punishment. The FPD motion also asserts, without the benefit of

citation, that "[t]his materially favorable information is compelled by the Due Process Clause of the Fifth Amendment and to support the Sixth Amendment violations pending before this Court." Docket #572 at 4.  But, the FPD offers no legal authority for the novel proposition that the government has an obligation in a criminal case to collect internal information and disclose it to a non-indicted person merely because the person considers the information to be helpful to Rule 41(g) motion.  The government is not aware of any such authority.  And, there is no evidence that the Sixth Amendment rights of any defendant or any person whom the FPD represents have been violated.  Accordingly, the FPD motions ask this Court to issue discovery orders without legal support.  This it should not do.[1]

As noted, above, however, the Court need not rule on the FPD motions at this point.  The government is in negotiations with the FPD to voluntarily comply with some or all of the FPD's requests and is optimistic that these motions can be resolved without the Court's involvement.

                    Respectfully submitted,

                    Steven D. Clymer
                    Assistant United States Attorney
                    Special Attorney for the United States
                    NDNY Bar Roll #509281

---

[1] And, in any event, the information and documentation that the FPD requests constitutes "material contained in the files of the Department, . . .  information relating to or based upon material contained in the files of the Department, or . . . information or . . . material acquired as part of the performance of [an AUSA's] official duties or because of [an AUSA's] official status."  Thus, disclosure requires "prior approval of the proper Department official."  28 C.F.R. § 16.22.

**Certificate of Service**

I hereby certify that on the 4th day of September, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

> *S/Deanna Lieberman*
> Deanna Lieberman
> Paralegal Specialist
> United States Attorney's Office
> Northern District of New York