# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Case No. 16-CR-20032-JAR** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Government's Application to File a** |
| ) | **Sur-Reply to Federal Public** |
| **KARL CARTER,** ) | **Defender's Reply to the** |
| ) | **Government's Response to Discovery** |
| ) | **Motions** |
| **Defendant.** ) | |
| _____ ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby applies to the Court for permission to file a sur-reply to respond to the Federal Public Defender's ["FPD"] reply [Docket #588] to the government's response [Docket #587] to the FPD's motions for (a) an order requiring the government "to identify each case in which the USAO or its agents sought or obtained recorded detainee phone calls from CCA-Leavenworth or any other federal holding facility" [Docket #572]; and (b) an order requiring the production of certain information regarding United States Attorney's Office ["USAO"] computers. [Docket #573].

For the following reasons, the government believes that such a sur-reply would be helpful to the Court in deciding whether to hold the motions in abeyance in order to provide the parties

with additional time to negotiate a resolution to the FPD's discovery motions without judicial involvement:

1. The sur-reply will establish that the Department of Justice, through both USAO First Assistant United States Attorney and Criminal Chief Duston Slinkard and Special Attorney Clymer, has made, and was in the process of good faith making efforts to resolve the FPD's discovery motions through negotiation, including by proposing to make reasonable efforts to locate and provide the materials that the FPD's motions seek, and expressing willingness to discuss with the FPD specific steps that could be taken to do so. The government is attempting to be candid and transparent with the FPD about what efforts to identify the information the FPD seeks are possible. The sur-reply also would establish that government remains willing to engage in these negotiations.

2. The sur-reply will show that the FPD's reply contains demonstrably inaccurate assertions about the government's previously-expressed positon regarding the FPD's return of property motion and its present willingness to assist the FPD in identifying audio files of attorney-client telephone calls that it may possess. For example, the FPD response states: "Now they [the government] resist any effort to identify that Rule 41(g) material [attorney-client telephone calls]." Response at p. 1. This is simply untrue. The government is prepared to file with its sur-reply e-mail communications between government officials and the FPD making clear that the government has offered to and is willing to make efforts to identify recordings of attorney-client telephone calls that it may possess.

3. The sur-reply will explain that a negotiated resolution of the discovery motions may avoid the need to refer the disclosure decision to the Deputy Attorney General under 28 C.F.R. § 16.24 for a final decision regarding disclosure authorization, including his consideration

"whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 28 C.F.R. § 1626(a). Significantly, the FPD's response, like its discovery motions, does not identify any rules of procedure or other legal authority in support of its motions.

For these reasons, the government respectfully requests that the Court permit it to file a sur-reply to provide a more detailed description of these arguments or, in the alternative, that the Court grant the government's request, made in its response to the FPD's motions, to hold the motions in abeyance to enable the parties to attempt to resolve the motions through negotiation without the need for the government to file a sur-reply.

    Respectfully submitted,

    /s/ Steven D. Clymer
    Steven D. Clymer
    Assistant United States Attorney
    Special Attorney for the United States
    NDNY Bar Roll #509281

**Certificate of Service**

I hereby certify that on the 5th day of September, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

> *S/Deanna Lieberman*
> Deanna Lieberman
> Paralegal Specialist
> United States Attorney's Office
> Northern District of New York