In the United States District Court
for the District of Kansas

**United States of America**,
                      Plaintiff,

v.                                      Case No. **16-cr-20032-02-JAR**

**Karl Carter,**
                      Defendant.

**Motion for Production of Documents and Objects Pursuant to Fed. R. Crim. P. 17(b) and (c)**

The Federal Public Defender for the District of Kansas seeks (1) a subpoena duces tecum under Rule 17(c) of the Federal Rules of Criminal Procedure; (2) payment of costs and fees for the subpoena under Rule 17(b); and (3) a records-custodian affidavit under Rule 902(11) of the Federal Rules of Evidence, as follows:

Name of person to be subpoenaed:

    Securus Technologies
    Attn: Joshua Martin
    14651 Dallas Parkway, Suite 600
    Dallas, Texas 75254

Documents and objects to be produced:

1. Copies of all subpoenas, including administrative subpoenas, to Securus for phone calls recorded through CCA-Leavenworth (now known as Corecivic) between January 1, 2010, and October 1, 2018.

   Please include requests for call-recording data, such as call access logs and call detail reports.

2. A list of all active Securus Secure Platform User accounts for CCA-Leavenworth, Sedgwick County Detention Facility, and Butler County Jail, and the date each user account was activated.

3. A list of all Securus Secure Platform User accounts for CCA-Leavenworth, Sedgwick County Detention Facility, and Butler County Jail, that have been deactivated since January 1, 2010, and the dates of activation and deactivation.

   For each Secure Platform User account requested above, please include the User Name (e.g. dhundley@1003006.KS) and the name of the person (e.g., Dane Hundley) to whom the account was assigned.

Deadline and place for production:

   On or before **September 24, 2018**, to the Federal Public Defender's Office, 117 S.W. 6th Street, Suite 200, Topeka, Kansas, 66603.

## Background

Mr. Josh Martin, general counsel for Securus, will testify at the October 2, 2018, hearing in this matter. Mr. Martin advises that Securus routinely receives subpoenas from various entities--including prosecutors, defense attorneys, and law enforcement--for call recordings and data generated from CCA detainee calls to outside phone numbers. These direct requests to Securus exclude CCA from the line of inquiry.  Securus, not CCA, is responsible for providing the information. Securus will only release the call data in response to a subpoena, and it maintains a record of all such requests.

When responding to such a subpoena, Securus's call access logs would reflect that Securus pulled the information, but that report would not explain who requested the data. That can only be ascertained by matching the call access logs (which have already been provided) with the corresponding subpoena. We are asking for only for subpoenas for calls made through CCA-Leavenworth, not the data that was requested or produced.

One issue in this litigation is whether the defense can show that recorded attorney-client calls were actually in the possession of the USAO. Without the originating request—here the subpoena to Securus—it is difficult, or impossible, to prove the recipient of Securus's call data. This may show that the USAO or its agents requested the calls and may also show government's pervasive data collection.

Mr. Martin also advises that Securus customers, such as CCA, have the capability to create a Secure Platform User account for an unlimited number of users. For example, Sedgwick County Jail or CCA could choose to provide an account to an ATF agent or for a local law enforcement agency. Once given a user account, the account holder can directly access Securus to obtain recorded phone calls made by detainees at the facility. Securus maintains a Secure Platform User Account List showing all user names issued by each customer facility. We are seeking those user accounts, both active and inactive, from January 1 ,2000 through the present for CCA-Leavenworth,

Sedgwick County Adult Detention Facility, and Butler County Jail. We are only asking for the user account names, not the information that was accessed.

As with the subpoenas described above, this information could determine whether the calls were accessed by a USAO agent, and therefore in USAO constructive possession, rather than a non-governmental entity. This information is relevant, and Mr. Martin assures that is readily available.

## Procedure

Rule 17(c) authorizes this Court to issue subpoenas for the production of documents. The rule authorizes production before the documents are offered in evidence, and inspection upon production. The rule reaches essential, relevant documents, unable to be obtained by a party exercising due diligence, so long as the party's request is in good faith.[1]

The FPD is a party in this litigation and not authorized to pay the costs and fees associated with a subpoena. We were appointed by District of Kansas Standing Order 18-3 to represent all persons who may be eligible for relief under this agreement. We therefore request payment of any costs and fees "in the same manner as those paid for witnesses the government subpoenas."[2]

---

[1] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

[2] Fed. R. Crim. P. 17(b).

### Records-Custodian Affidavit

If the custodian of the subpoenaed records executes an affidavit that complies with Federal Rule of Evidence 902(11), it will be less likely that the custodian will need to present live testimony at trial. *See* Fed. R. Evid. 803(6)(D). We therefore ask the Court to direct the custodian of the subpoenaed records to execute a records-custodian affidavit that complies with Rule 902(11).

### Conclusion

The requested documents are material, and unavailable without a subpoena. The putative clients are unable to pay the costs and fees associated with the subpoena. We therefore request (1) a subpoena duces tecum as described above under Rule 17(c); and (2) payment of costs and fees under Rule 17(b); (3) a records-custodian affidavit under Rule 902(11).

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
Telephone: (785)-232-9828,
Fax: (785)232-9886
E-mail: melody_brannon@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.


                                                 s/ Melody Brannon
                                                 Melody Brannon