## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 16-CR-20032-JAR** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Government's Response to Federal** |
| | ) | **Public Defender's Motion for** |
| **KARL CARTER,** | ) | **Impeachment Information** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby responds to and opposes the Federal Public Defender's "Motion for Discovery of Impeachment Information." [Doc. 605].

In connection with the hearing, which resumes on October 2, 2018, the Federal Public Defender ("FPD") has requested that this Court order the United States Attorney's Office ("USAO"),

> to disclose the existence, nature, and status of all complaints of professional misconduct either pending or resolved in (1) the Kansas Disciplinary Administrator's Office, (2) the United States Department of Justice Office of Inspector General and Office of Professional Responsibility, and (3) the state and federal courts, against any of the current and former attorneys for the USAO who have been subpoenaed to testify or are otherwise expected to be called to the witness stand at the evidentiary hearing scheduled to reconvene on October 2, 2018.

[Doc. 605 at 1].

The current and former AUSAs who have been subpoenaed to testify are not government witnesses—they are the FPD's and the Special Master's witnesses.  As such, the government has no duty to provide any impeachment information, to the extent that any exists, for these individuals.  *See United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) ("And, because . . . *Giglio* appl[ies] only to impeachment information relating to a government witness, [*Giglio* is] inapplicable because the government did not ever call McReynolds as a witness." (citations omitted)).  Further, *Giglio* applies only to witnesses whose testimony is produced by the government *at a trial*, and thus has no application in this context.

The same holds true as to Jencks Act material.  The Jencks Act, 18 U.S.C. § 3500, does not apply to statements that defense witnesses make.  *See United States v. Miller*, 874 F.2d 1255, 1270 n.8 (9th Cir. 1989) ("The Jencks Act is not applicable because Svetlana was called as a defense witness."); *United States v. Wright*, 489 F.2d 1181, 1190 (D.C. Cir. 1973) ("By its express terms the Act has no application whatever to defense witnesses . . . .  To the extent the trial court thought it was applying the Jencks Act, it was simply wrong in saying it made no difference whether Reeves was a defense o[r] a Government witness.").  Further, it has no application in proceedings like this one.  *See* Fed. R. Crim. P. 26.2(g) (describing proceedings in which there is an obligation to disclose witness statements).

On a related note, a "party may not call a witness knowing the witness will not provide substantive testimony but only to impeach the witness."  *United States v. Woody*, 250 F. App'x 867, 882 n.7 (10th Cir. 2007) (unpublished)).  *See also United States v. Peterman*, 841 F.2d 1474,

1479 n.3 (10th Cir. 1988) ("Every circuit has said evidence that is inadmissible for substantive purposes may not be purposely introduced under the pretense of impeachment.").

The FPD argues that Rule 41(g) of the Federal Rules of Criminal Procedure authorizes its broad request for impeachment information for its own witnesses. [Doc. 605 at 2]. Rule 41(g) provides, in relevant part, that "[t]he court must receive evidence on any factual issue necessary to decide the motion." This provision says nothing about discovery however. Further, the requested information regarding complaints of professional misconduct has no bearing on the return of property motions, and is therefore irrelevant. As the government noted on February 26, 2018, "[t]he government does not oppose the Court granting the movants the relief provided in Rule 41(g) by delivering any such recordings to the movants, as sought by their motions, through their respective counsel." [Doc. 399 at 1]. Thus, the motions are moot, and no evidence is "necessary to decide the motion," Fed. R. Crim. P. 41(g), as the government does not oppose the return of property to the movants. *Cf. also United States v. West*, 672 F.2d 796, 799-801 (10th Cir. 1982) (granting government's request for mandamus because Office of Professional Responsibility ("OPR") files were not relevant to defendant's motion for new trial; district court's order directing disclosure of the OPR files was a clear abuse of discretion).

Moreover, the two cases cited by the FPD are inapposite. In *United States v. Maximov*, No. CR-10-0822-PHX-DGC, 2012 WL 2874369 (D. Ariz. July 13, 2012), the government *opposed* the return of watches seized from the defendant on the basis that they were counterfeit and therefore contraband. *Id*. at *1. The district court permitted discovery concerning the opinions of the experts who had concluded that the watches were counterfeit. *Id*. In the instant case, we do not oppose the return of the recordings—which have been in this Court's possession since August

2016 [*see* Docs. 102, 113]—to the movants.  The request for impeachment information on the basis of Rule 41(g) is meritless.

The other case cited by the defense—*United States v. Bokel*, No. 06-CV-2849 (SLT) (LB), 2008 WL 899404 (E.D.N.Y. Apr. 3, 2008)—likewise offers no support for the defense request.  In *Bokel*, the magistrate judge supervised discovery to determine what happened to the defendant's property, which was allegedly seized at John F. Kennedy Airport and which consisted of jewelry, identification documents, and children's books and stuffed animals. *Id*. at *1-*2.  The magistrate judge directed the government to "submit affidavits from individuals with personal knowledge regarding the return of Bokel's property to her criminal defense attorney and to plaintiff's designee." *Id*. at *2.  The district court dismissed the 41(g) motion as moot because the government returned the items in its possession. *Id*. at *3.  This Court should likewise deny the movants' Rule 41(g) motions as moot because the government does not oppose return in this instance.  [Doc. 399].

Furthermore, as to the request for information from the Department of Justice Office of Inspector General and Office of Professional Responsibility, this non-public information is protected by the Privacy Act of 1974, 5 U.S.C. § 552a ("Records maintained on individuals").  The Privacy Act was enacted to "regulate the collection, maintenance, use, and dissemination of information" by federal agencies "in order to protect the privacy of individuals identified in information systems maintained" by those agencies. *See Doe v. Chao*, 540 U.S. 614, 618 (2004). The Privacy Act limits the circumstances under which government agencies may disclose information contained in their records. *See Pippinger v. Rubin*, 129 F.3d 519, 528 (10th Cir. 1997). In general, the Privacy Act provides that "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except

pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).

The Privacy Act enumerates several exceptions to the general prohibition on non-disclosure of records maintained on individuals. *See id.* The FPD has failed to show that any exception applies here. Thus, this aspect of the FPD motion is not only without basis in law, it is contrary to federal law and compliance would be beyond the government's authority. *See also* 28 C.F.R. § 16.26(b)(1) (prohibiting disclosure of Department of Justice records that "would violate a statute." Moreover, to the extent that information that is responsive would include communications between General Counsel's Office and the USAO management, it would likely constitute attorney-client communications that are privileged. *See id*. at § 16.26(a)(2).

As to the other aspects of the FPD discovery motion, the USAO does not have a role in the investigation of disciplinary complaints against individual USAO attorneys conducted by the Kansas Disciplinary Administrator's Office, or the state and federal courts. And, even if the government were in possession of some such records, the Privacy Act would restrict the government's disclosure of any such non-public records. Nor does the USAO have any greater potential access to such records than the FPD. *See Securities & Exchange Commission v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973) ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *Henshaw v. Hennessy Indus., Inc.*, No. CIV. A. 91-2248-KHV, 1993 WL 818323, at *1 (D. Kan. Feb. 4, 1993) (same).

For the reasons stated above, the government respectfully requests that the Court deny
FPD's "Motion for Discovery of Impeachment Information."


Respectfully submitted this 27th day of September, 2018.

Steven D. Clymer
Assistant United States Attorney
Special Attorney for the United States

**Certificate of Service**

I hereby certify that on the 27th day of September, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

<div style="margin-left:40%">

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York

</div>