# Exhibit A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Kansas

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.  16-20032-02-JAR |
| ) | |
| Karl Carter ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  United States Attorney Stephen R. McAllister
    500 State Avenue, Suite 360, Kansas City, KS 66101

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place:  Attn:  Special Master David R. Cohen, Chambers of Chief Judge Julie Robinson, Room 511, US Courthouse, 500 State Avenue, Kansas City, KS 66101 | Date and Time:  08/31/2018 1:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_(SEAL)_

Date:    08/17/2018

CLERK OF COURT

—DEPUTY CLERK

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_    David R. Cohen, Special Master                                                                      , who requests this subpoena, are:

Alleen C. VanBebber, 2029 West 95th St., Leawood, KS 66206, 913-384-5359, vanbebberlaw@aol.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.



AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 16-20032-02-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

The Court-appointed Special Master hereby demands production of the following documents and materials that are or were in the possession, custody, or control of the United States Attorney's Office for the District of Kansas.   For all demands, unless a different time frame is indicated, the relevant time frame is January 1, 2014 through May 1, 2017.

Counsel please take note:   These demands are not intended to demand production that would violate any statutory or common law provision.   In addition, they specifically are not intended to implicate factors that could justify refusal to comply in full or in part with this subpoena duces tecum, as those factors are set out in 28 CFR §16.26(b).   Should the Department of Justice deny disclosure of anything demanded herein, please identify the denial  by reference to the factor(s) in §16.26(b) deemed applicable to that denial, and identify the official who is refusing to comply.

 All responses to these demands shall be delivered to the attention of Special Master David R. Cohen, at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, KS  66101, **on or before August 31, 2018,** for review by all counsel of record in *Black*.

Definitions:
a. "accessed" means sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do one or more of those things.  It also means directly receiving information, materials, or objects of any kind or type; or indirectly receiving information about or descriptions of information, materials, or objects that were accessed by another person;

b. "are or were in the possession, custody, or control" includes documents or materials, or exact copies of the same, that (1) are now in the possession, custody, or control of the United States Attorney's Office for the District of Kansas, and which must be produced, and (2) documents or materials that once were in the possession, custody, or control of that office but no longer remain so, which must be reasonably identified along with a statement as to why that office no longer possesses, has custody of, or controls either the originals or copies.

c. "AUSA" means Assistant United States Attorney; "SAUSA" means Special Assistant United States Attorney.

d. "*Black*" means the underlying case of *U.S. v. Lorenzo Black*, Case No. 2:16-CR-20032, U.S. District Court for the District of Kansas, and its named defendants and any interested parties as identified in the docket of that case.  It also means those cases and individuals who have filed motions under Fed. R. Crim. Procedure Rule 41 and/or 28 U.S.C. §2255 alleging relief arising out of evidence or findings in *Black*.

e. "CCA" means the Corrections Corporation of America (now known as "CoreCivic") detention facility, Leavenworth, Kansas.

f. "document(s)" or "material(s)" means anything written, printed, electronically created, or copied that serves to record or chronicle information;

g. "the Investigation" means any and all of the three phases of investigation that were authorized by the Court in *Black* and ordered to be conducted by the Special Master appointed by the Court.

h. "U.S. Attorney," and "First Assistant U.S. Attorney," means those officials serving in the District of Kansas at any time during the relevant time period and to the date of production;

i. "USAO-DKan" means the United States Attorney's Office for the District of Kansas;

j. "USAO-DKan personnel" means all employees of the United States Department of Justice working at or assigned to the United States Attorney's Office for the District of Kansas.

\*   \*   \*   \*   \*

Please produce:

1. Any and all documents and materials created by USAO-DKan personnel and provided to USAO-DKan employees, contractors, and/or any federal, state, or local agent, to the extent such documents or materials concern or relate to retention, preservation, and production of materials that relate to or concern *Black* or the Investigation.

2. Any and all documents and materials sent, given to, or received by AUSA Emily Metzger in response to her instructions concerning retention, preservation, and production of materials that relate to or concern *Black* or the Investigation.

3. A list or log of all repositories in the USAO-DKan information systems that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master (the list of search terms is contained in *Black* docket 298-4, exh. D). Respositories may be identified by employee initials for USAO-DKan personnel, if applicable. A repository may be identified artificially if its description would reveal contents claimed to be privileged from disclosure under 28 C.F.R. §26.26.

4. Any and all documents or materials that reference, discuss, describe or pertain to:

   (a) USAO-DKan management instructions to USAO-DKan personnel, and its agents and contractors, as to what level of cooperation would be provided to the Special Master by USAO-DKan;

   (b) Directions or instructions of any kind or nature, directed to a specific employee, agent, or contractor, or concerning a specific employee, agent, or contractor, as to whether that employee, agent, or contractor was or is now permitted to meet with

the Special Master, whether at the Special Master's request or at the recipient's request;

(c) Directions or instructions of any kind or nature, to any USAO-DKan personnel, its agents, or its contractors that authorize, limit, or forbid preparing for or providing documents and material to the Special Master.

5.  Any and all documents or materials that discuss or describe "taint teams" used in *Black.*

6.  Any documents or materials not already filed as exhibits in the *Black* case, relating to allegations that personnel, contractors, and agents of USAO-DKan personnel and their contractors acted in violation of the U.S. Constitution by obtaining, possessing, listening to, or watching confidential communications of inmates and attorneys. This demand seeks information created during the defined time period and any time since then.

7.  Any documents or materials that discuss a meeting to include AUSA Kim Flannigan or SAUSA Erin Tomasic, or both, and Attorney Jacquelyn Rokusek, limited to a case where Rokusek represented Richard Dertinger.

8.  Any documents or materials regarding Tomasic's issuance of any Grand Jury subpoena in *Black.* This demand is limited to documents or materials that: (a) were created prior to issuance of any such subpoena, and (b) are not prohibited from disclosure under Fed. R Crim. Pro. 6(e).

9.  Any documents or materials authored or received by any USAO-DKan attorney concerning representations that Tomasic already did make, or might later make, to the Court in *Black,* limited to those concerning (a) audio or video recordings of inmates at CCA; and (b) Tomasic's after-hours entry into Judge Robinson's chambers.

10.  Any documents or materials authored or received by any USAO-DKan attorney, identifying who would take attorney responsibility for the *Black* case; who would be permitted in the courtroom during *Black* hearings; and who would sign filed documents in the *Black* case.

11.  A list of every individual working at, working with, or detailed to the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and other contractors) who is known to have accessed (whether deliberately or inadvertently):

(a) any video recording of attorneys meeting at CCA with detainees; and or,

(b) any telephone conversations between CCA detainees and attorneys.

12.  For every person identified in item 11 who directed or permitted someone else to listen to or view an audio or video recording, identify the persons who: (a) so directed or permitted, and (b) were so directed or permitted.

13. Any and all documents and materials relating to the preservation or non-preservation of any computer, computer software, disk, or other electronic paraphernalia used by USAO-DKan to allow viewing of video recordings produced by CCA and related to *Black*. This demand goes to the time before and after the Court ordered preservation of such materials by the USAO-DKan, and it includes production of documents or materials that prescribe the time frame for the regular district-wide implementation of computer phaseouts identified in the Court's order.

Exhibit B

| From: | Slinkard, Duston (USAKS) |
|---|---|
| To: | Allman, Chris (USAKS); Steeby, David (USAKS); Beall, Thomas (USAKS) 1; Metzger, Emily (USAKS); Barnett, Debra (USAKS) 1; Rask, Scott (USAKS); Flannigan, Kim (USAKS); Oakley, Chris (USAKS); Boyd, Pauletta (USAKS); Rapstine, Jackie (USAKS); Catania, Sheri (USAKS); Hunt, Tris (USAKS); Patton, Leon (USAKS); Ward, James (USAKS); Welch, Lanny (USAKS); Zabel, David (USAKS); Morehead, Terra (USAKS); Wamble, Jabari (USAKS); Krug, Trent (USAKS) |
| Cc: | McAllister, Stephen (USAKS); Clymer, Steven D. (USANYN); Miller, Randy (USAKS) 3 |
| Subject: | Re: Service of a Subpoena |
| Date: | Thursday, October 11, 2018 3:00:38 PM |

Please let me know by 5:00 p.m. today (8/11/2018) if you have NOT completed identifying, collecting, and submitting any items you believe you have with respect to the Special Master's subpoena duces tecum. Positive responses only please.

Thank you,
Duston

Sent from my iPad

On Sep 25, 2018, at 11:52 AM, Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov> wrote:

> Folks,
>
> We have now submitted three rounds of production, which covered the majority of what has been submitted for review to date. Review is ongoing and production will continue on a rolling basis, though we are beyond the production date set by the Court. We just have to keep moving as quickly as we can, and everyone has been doing a great job of getting items submitted through Randy for review.
>
> At this point, it would be helpful for us to know, who has completed their collection of documents, and for those who have not, what request numbers you continue to work on. Accordingly, would you please respond individually to me today, and let me know:
>
>     1. If you have completed your identification, collection, and submission for review of documents responsive to the Special Master's subpoena, and
>
>     2. If you have not, which of the numbered requests you are still working on and when you anticipate being done.
>
> Thank you,
> Duston J. Slinkard, FAUSA
> U.S. Attorney's Office - Kansas
> 444 SE Quincy, Suite 290
> Topeka, KS 66683
> Voice: (785) 295-7690
> Fax: (785) 295-2853

**From:** Slinkard, Duston (USAKS)

**Sent:** Wednesday, September 12, 2018 1:44 PM
**To:** Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Steeby, David (USAKS)
<DSteeby@usa.doj.gov>; Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger,
Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1
<DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim
(USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>;
Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Rapstine, Jackie (USAKS)
<JRapstine@usa.doj.gov>; Catania, Sheri (USAKS) <scatania@usa.doj.gov>; Hunt, Tris
(USAKS) <THunt@usa.doj.gov>; Patton, Leon (USAKS) <LPatton@usa.doj.gov>; Ward,
James (USAKS) <JWard@usa.doj.gov>; Welch, Lanny (USAKS) <LWelch@usa.doj.gov>;
Zabel, David (USAKS) <DZabel@usa.doj.gov>; Morehead, Terra (USAKS)
<TMorehead@usa.doj.gov>; Wamble, Jabari (USAKS) <JWamble@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D.
(USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

Sorry, I forgot to attach the subpoena over again. It is attached here. Thanks!

Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

---

**From:** Slinkard, Duston (USAKS)
**Sent:** Wednesday, September 12, 2018 11:12 AM
**To:** Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Steeby, David (USAKS)
<DSteeby@usa.doj.gov>; Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger,
Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1
<DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim
(USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>;
Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Rapstine, Jackie (USAKS)
<JRapstine@usa.doj.gov>; Catania, Sheri (USAKS) <scatania@usa.doj.gov>; Hunt, Tris
(USAKS) <THunt@usa.doj.gov>; Patton, Leon (USAKS) <LPatton@usa.doj.gov>; Ward,
James (USAKS) <JWard@usa.doj.gov>; Welch, Lanny (USAKS) <LWelch@usa.doj.gov>;
Zabel, David (USAKS) <DZabel@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D.
(USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

Sheri, Tris, Leon, James, Lanny, Dave Z., Terra, and Jabari, for all of you this, will be the
first time you have been added to this e-mail chain and the project of responding the
Special Master's Duces Tecum of August, 17, 2018. Please read the entire
correspondence chain to become familiar with where we are. As you will see from
doing so, we have tried to initially focus this project on persons we believed to have

potential responsive information, with the intent of expanding as we learned of others who might have responsive materials. You are all being added because you have either received testimonial subpoenas from the Special Master, or we have been told to you will be receiving subpoenas from the Federal Public Defender, for the upcoming hearing beginning October 2nd. For all of you who have already received subpoenas from the Special Master, please be aware that those same subpoenas have been adopted by, and will be effective for, the Federal Public Defender. The fact you are being included in this document production project in no way bears on what position the government may ultimately take on whether you are an appropriate witness, or what, if any, authorizations you may receive regarding testimony at the upcoming hearing. That will all be determined, and you will be informed of any Touhy authorizations, in the future. Rather, your inclusion is because we want to make sure you are aware of, and have the opportunity to participate in, the collection of documents for production, as you may ultimately be questioned reading such documents and this production project. Please read the correspondence chain below in full before you respond with any questions, as it discusses how we are handling communication to avoid any issue with the witness sequester.

Also, for everyone, the question has been asked of how we are handling Requests 11. a and b and 12, which as has been repeatedly observed, are more in the nature of interrogatories than true requests for production. Ultimately, USA McAllister and Special Attorney Clymer, in consultation with the DAG's office, will determine the responses we make. However, everyone should review those requests to determine whether they have any documents that would inform those responses, and identify, collect, and transmit those documents to Randy Miller, so that they can be reviewed by USA McAllister and Special Attorney Clymer as they work towards how to respond.

Please note, we know that 11.a. is limited to video, which as far as we are aware, would limit it to the video footage obtained by subpoena in the CCA investigation. Though, if anyone is aware of any other instance of video footage of attorney-detainee meetings, that would need to be identified collected, and produced. However, 11.b. is not limited to calls obtained in the CCA investigations, but any "telephone calls conversations between CCA detainees and attorneys" between January 1, 2014 and May 1, 2017. Therefore, please consider and search accordingly.

Thank you,
Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

---

**From:** Allman, Chris (USAKS)
**Sent:** Friday, September 07, 2018 3:40 PM

**To:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>; Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Rapstine, Jackie (USAKS) <JRapstine@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

```
And this is a search David helped us construct for a
search in Proofpoint for a meeting with Jackie
Rokusek:

"jackie meeting"~5 OR "jackie meet"~5 OR
"jacquelyn meeting"~5 OR "jacquelyn meet"~5 OR
"rokusek meeting"~5 OR "rokusek meet"~5 OR
"rokusek met"~5 OR "jackie met"~5 OR
"jacquelyn met"~5

It was very helpful in cutting the number of
responsive emails—over 90%.

Christopher Allman
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS  66101

Email:  Chris.Allman@usdoj.gov
Direct Telephone:  913-551-6684
Main Telephone:  913-551-6730
Facsimile:  913-551-6541
```

**From:** Steeby, David (USAKS)
**Sent:** Friday, September 07, 2018 3:37 PM
**To:** Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>; Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Rapstine, Jackie (USAKS) <JRapstine@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

All, here is a reference of the types of keyword, phrase and bullion searches that ProofPoint is capable of handling.

## Search Criteria: Keywords and Phrases

| Item | Sample | Description |
|---|---|---|
| Keywords | cat | Return all items where the keyword "cat" is found in the email. |
| Phrases | "The dog chased a cat" | Return all items where the string "The dog chased a cat" is found in the email. Phrases must be wrapped in quotes. |
| Wildcard | court*    court? | Multi character (*) or single character (?) wild cards may be used for words found in a dictionary as long as they don't expand beyond 50 terms (court* expands to 39 terms) |
| AND | (cat AND dog AND tiger) | Return all items where Cat, Dog and Tiger are found within the same email. |
| OR | (cat OR dog OR tiger) | Return all items where any of Cat, Dog or Tiger are found in the email |
| NOT | (cat AND –dog) | Return all items where Cat and not Dog is found in the email. Use dash in front of keyword you wish to avoid. |
| Proximity | "cat dog"~3 | Return all items where Dog is within 3 words of Cat. Place words in quotes and use tilde (~) along with number of words within (3). Only two terms can be compared. |
| Combining Operators | cat AND (dog OR tiger) | Return all items where Cat and either Dog or Tiger are found within the same email. |
| Combining Operators | (cat OR dog) AND (tiger OR wolf) | Return all items where either Cat or Dog AND either Tiger or Wolf is found within the same email. |
| Combining Operators | (cat AND -dog AND –tiger AND –wolf) | Returns all items where cat is found without any of dog, tiger or wolf |

## Using Boolean Logic for Content Searches

In addition to entering words and phrases, you can also use basic Boolean logic to refine or expand searches. The following elements are supported:

| Term | Meaning |
|------|---------|
| AND | Indicates that the words/phrases are both required. As spaces between words and/or phrases are treated as an "AND", use of this keyword is generally not required. **Usage**: "Bob Smith" AND factory |
| OR | Indicates that one or the other of the words/phrases is required, but they don't both have to be in the message for it to match. **Usage**: "Bob Smith" OR factory |
| - hyphen | Indicates that the following word or phrase must not be in the message. **Usage**: "Bob Smith" –factory |
| () brackets | Indicates a grouping of logical elements for evaluation. Generally brackets are only required when you combine AND and OR logic in a single search. **Usage**: ("Bob Smith" OR "Mary Jones") AND factory |
| ~ tilde | Inserting a tilde followed by a number lets you do a proximity search to find matches within the proximity of the original results. In the example, all documents that contain search terms within 3 words of searchtermB will be found. **Usage**: "searchtermA searchtermB"~3 |

*Note: The operators "AND" and "OR" must be entered with capital letters. The lower case versions are used to search for content containing the words "and" and "or" themselves.*

**From:** Slinkard, Duston (USAKS)
**Sent:** Friday, September 07, 2018 3:02 PM
**To:** Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>; Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Rapstine, Jackie (USAKS) <JRapstine@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

Folks,

As people are getting into the process of searching, if anyone comes up with a useful search string for use in Proofpoint for any particular request, please feel free to share it here so that others may benefit. Of course, each of us will have unique knowledge of how we do things that will inform our individual searches, and each us of will have individual responsibility for being as complete as possible in our identification of responsive materials, but there is no reason we cannot share any good search mechanisms for our mutual benefit. Being mindful of the sequester, however, please refrain from sharing the content of any results with the group – just search terms and mechanisms, please.

Thank you,
Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

---

**From:** Slinkard, Duston (USAKS)
**Sent:** Thursday, September 06, 2018 1:19 PM
**To:** Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>; Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Rapstine, Jackie (USAKS) <JRapstine@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Subject:** RE: Service of a Subpoena

Folks,

To update you, the Court ruled on our motion seeking more time to produce and in her ruling recognized we would need some additional time to complete production, but affirmed that we needed to begin production on a rolling basis immediately. Since we really do not know the scope and volume of the materials, we cannot know, but have concerns that we will ever be capable of completing production as expeditiously as the court expects; HOWEVER, what is the most important at this time is that we start production as soon as possible – from the Court's perspective we have been in arrears on that since last Friday.

As you know, ultimately the materials you have identified and collected will have to be reviewed for Touhy and privilege purposes by USA McAllister and Special Attorney Clymer. To date that review process has not begun and it will not be a quick process in and of itself.

We are now ready to begin aggregating the materials you are identifying and collecting so that USA McAllister and Special Attorney Clymer can begin their review. Your point of contact for submitting materials will be Randy Miller. Please follow the following procedure for submitting the materials you have identified and collected:

<!--[if !supportLists]-->1.    <!--[endif]-->Once you have collected all of the materials you have identified as being responsive to a particular request, scan any of them are not already in an electronic form, if possible. If you have

something that you do not believe can be put in an electronic form, please contact me to discuss.

<!--[if !supportLists]-->2.    <!--[endif]-->Submit those materials to Randy Miller by e-mail. Include only the materials responsive to one particular enumerated subpoena request per e-mail and include the response to which the materials are responsive in the topic line of the e-mail, e.g. "Special Master Subpoena Request # 1. If it takes more than one e-mail, please number the series of emails in the topic line, e.g. 1 of 3, 2 of 3, etc. If you find you have materials that simply cannot be transmitted by e-mail.

<!--[if !supportLists]-->3.    <!--[endif]-->Repeat the above-for each separate subpoena request.  If you have materials that you believe are responsive to more than one request, include them in your response for each separate request for which you believe them responsive.

<!--[if !supportLists]-->4.    <!--[endif]-->PLEASE submit your identified and collected documents for each separate subpoena request as soon as your collection for that particular request is complete. Do not wait until you have all of the requests collected if you have any that are ready to go earlier.

Randy will be saving your responses in a sub-folder for each of you within a folder for each request on a restricted area of the network. USA McAllister and Special Attorney Clymer will then complete their review copying any documents that are to be produced from your particular sub-folder into a General Production sub-folder within the folder for each request.

A couple of you are newly brought into this project, and I would encourage you to read the full e-mail chain below. I have also once again attached the subpoena for those who have not received it to review previously.

The question has also been asked whether draft versions of court filings that were later made should be identified and collected when they are responsive to a particular request. The answer is: yes, such drafts should be identified, collected, and submitted for review. USA McAllister and Special Attorney Clymer will determine during the Touhy and privilege review if such drafts will be produced, so you do not need to take time to consider that question.

Thank you for all your hard work on this. We are very aware it is not easy, and is a tremendous distraction from all the other work you have to do in support of our mission. However, it unfortunately has to be done, and we cannot over emphasize the need for urgency in getting the materials identified, collected, and submitted for review.

Thank you,
Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683

Voice: (785) 295-7690
Fax: (785) 295-2853

---

**From:** Slinkard, Duston (USAKS)
**Sent:** Thursday, August 30, 2018 11:12 PM
**To:** Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Metzger, Emily (USAKS)
<EMetzger@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS)
<kflannigan@usa.doj.gov>; Oakley, Chris (USAKS) <COakley@usa.doj.gov>; Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Boyd, Pauletta (USAKS) <PBoyd@usa.doj.gov>; Allman, Chris (USAKS) <CAllman@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
**Subject:** Re: Service of a Subpoena

Folks,

Just to update you on the status of this project, Steve Clymer sought 14 additional days from the special master. The special master's counsel responded denying the request. Steve and I spoke with her today to explain that gathering would take time. She indicated that the special master would not unilaterally agree to an extension, but we could file a motion with the court and depending upon the showing the special master might or might not oppose.

Steve filed a motion this afternoon asking for the deadline to be stayed and indicating that we would gather and review materials as quickly as possible and produce what we determine to be appropriate on a rolling basis as soon as it can be reviewed.

We do not know how or when the court will rule upon the motion, so we ask everyone to continue identifying and collecting information, sorting it by the request to which it is responsive, as quickly as possible. We will figure out how we are going to aggregate and review the materials you've collected and be back to you with instructions on that part of the project, but for now please continue to identify, collect, and sort.

Thank you,
Duston

Sent from my iPhone

On Aug 23, 2018, at 11:24 PM, Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov> wrote:

Colleagues,

As Steve noted we are working with Steve Clymer and the DAG's Office on

how to respond to this. The ADAG has directed that we gather the responsive information as best we can identify as quickly as possible to help inform the DAG's office's consideration of the matter.

Steve and I went through the requests today and tried to identify the individuals we thought were likely to have information responsive to the different requests. Following is what we came up with:

Request # 1 - Emily

Request # 2 - Emily

Request # 3 - Emily and David Steeby

Request # 4 (all sub parts) - Tom, Emily, Deb, Scott, Kim, and Duston

Request # 5 - Tom, Emily, Deb, Scott, Kim, Chris Oakley, Duston, and Tanya Treadway

Request # 6 - Tom, Emily, Deb, Scott, Kim, and Duston

Request # 7 - Tom, Emily, Deb, Scott, Kim, and Duston

Request # 8 - Kim, Chris Oakley, Tom, Emily, Deb, Scott, and Duston

Request # 9 - Tom, Emily, Deb, Scott, Kim, and Duston

Request # 10 - Tom, Emily, Deb, Scott, Kim, and Duston

Request # 11(a) - Emily, Deb, and Pauletta
# 11(b) - Tom, Emily, Deb, Scott, Kim, Chris Oakley, and Duston

Request # 12 - Everyone listed for either 11(a) or (b).

Request # 13- David Steeby, Tom, Emily, Deb, and Duston

Since most of the persons listed above are subject to testimonial subpoenas and under sequester, please do not "reply to all" with any thoughts or questions. Rather, please follow this procedure:

1. Please review the special master's subpoena duces tecum (attached below) and the list above and please respond to Steve, Steve Clymer, and myself, with:
A. Any requests for which you were not listed, but believe you are likely to have responsive information;
B. Any requests for which you were listed, but believe you do not have any responsive information;
C. Any thoughts you have on persons you believe are likely to have responsive information on a particular request who are NOT listed above for that request;
D. Any questions you have.

2. Please begin searching for and collecting information responsive to the requests. For now, please just collect it, sorted by request, and let Steve, Steve Clymer, and myself know when you think you have everything collected. At that point, we can decide if, and how, to aggregate the information.

This is going to remain a work in progress and we will handle unforeseen issues as they arise. However, we need to identify and collect materials responsive to the subpoena as quickly as possible, and this should serve to get us started.

Thank you,
Duston

Sent from my iPad

Begin forwarded message:

> **From:** "McAllister, Stephen (USAKS)"
> <SMcAllister@usa.doj.gov>
> **Date:** August 23, 2018 at 9:40:56 AM MDT
> **To:** "Beall, Thomas (USAKS) 1" <TBeall1@usa.doj.gov>,
> "Metzger, Emily (USAKS)" <EMetzger@usa.doj.gov>, "Rask,

Scott (USAKS)" <SRask@usa.doj.gov>, "Barnett, Debra
(USAKS) 1" <DBarnett1@usa.doj.gov>, "Allman, Chris
(USAKS)" <CAllman@usa.doj.gov>
**Cc:** "Slinkard, Duston (USAKS)" <DSlinkard@usa.doj.gov>
**Subject: Fwd: Service of a Subpoena**

Colleagues,

I don't know if any of you have seen this yet, but I was
served with the attached subpoena  from the Special Master
seeking documents. Duston and I are working with Steve
Clymer and the DAG's office on our response. We likely will
provide some documents in several of these categories,
though exactly what is yet to be determined.

Steve C has asked the SM if he will extend the return date to
September 14. Likely, several of you will be involved in
helping collect this information and/or helping us collect it
from AUSAs and David Steeby.

This message is to give you a heads up to be prepared when
Duston starts directing specific tasks to you as we receive
direction from the DAG's office. Please keep this to
yourselves for now, and await further direction from Duston.
He and I are in Colorado Springs for the Tenth Circuit
conference but will meet today to go over the 13 subpoena
requests and likely start emailing directions about who will
be tasked with collecting what information.

I hate that this will be more time spent by our office on this
instead of our cases, but we want to be cooperative to the
extent we feasibly can, and the DAG is giving us that same
message.

Patience, and stay the course. The world is round, so
ultimately we won't sail off the edge; we will arrive "home"
to better days.

Steve


Begin forwarded message:

> **From:** "Smith, Linda (USAKS) 1"
> <LSmith1@usa.doj.gov>
> **Date:** August 21, 2018 at 12:32:04 PM CDT

**To:** "McAllister, Stephen (USAKS)"
<SMcAllister@usa.doj.gov>
**Subject: Service of a Subpoena**

Steve,

Scott Rask accepted service of the attached
subpoena from the USMS on your behalf and
wanted me to email it to you.

Do you want me to send this to Duston or
anyone else.

Linda

*Linda R. Smith*
USA Secretary/Sprvsy. Legal Assistant
District of Kansas
500 State Ave., Suite 360
Kansas City, KS  66101
E-mail:  Linda.smith2@usdoj.gov
Tele:  913-551-6747

<U.S. v. Carter Subpoena.pdf>

Exhibit C



**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

September 17, 2018

**By Electronic Mail Only**

Alleen VanBebber
Skelly Building
605 West 47th Street, Suite 350
Kansas City, MO  64112
vanbebberlaw@aol.com

       Re:   *United States v. Carter*, Case No. 16-20032-JAR

Dear Ms. VanBebber:

      We are writing in response to the subpoena *duces tecum* served on United States Attorney Stephen McAllister and your recent letter summarizing testimony you propose to elicit from present and former Department of Justice ["the Department" or "DOJ"] employees at the upcoming evidentiary hearing in October.  We are encouraged that the demands in the subpoena *duces tecum* and the *Touhy* summaries for anticipated hearing testimony are more focused and narrow than previous disclosure demands.  Accordingly, the Department presently intends to produce documents of which it is aware that are responsive to the subpoena *duces tecum* and that bear directly on the *conduct* of DOJ officials that is the subject of allegations of wrongdoing, specifically alleged violations of the Sixth Amendment, alleged efforts to improperly impede the Special Master's investigation, alleged willful destruction of evidence, and the unauthorized entry into Chief Judge Robinson's chambers.  That production will begin this week.

      At the same time, however, the Department has significant concern about disclosure of *internal communications* of DOJ officials, especially when related to litigation-related decision-making and strategy and the thought processes of those officials.  This concern applies to some of the internal e-mail traffic that arguably is responsive to the broad categories in the subpoena *duces tecum* and stems in large measure from three considerations: (a) the Department is not aware of any legal basis for the disclosure of such documentation and information under the circumstances present here; (b) the Department is not aware of any evidence of any Sixth Amendment or other constitutional violation suffered by any litigant in this case; and (c) as a practical matter, it is burdensome for the United States Attorney's Office ["USAO"] to identify and review every e-mail message and other document in its possession that is potentially responsive to the broad categories of demands in the subpoena *duces tecum*.  Although the USAO is making efforts to do so, it must balance that obligation with its mission to investigate and prosecute violations of federal criminal law in the District of Kansas.

Alleen VanBebber
*U.S. v. Carter*, No. 16-20032-JAR
September 17, 2018
Page 2

The Department is amenable to discussion of the above-described matters with the Special Master and with you.  Further, if you are willing to provide responses to the questions set out below, such information would be helpful to the Department as it makes disclosure decisions in this matter.

1.      We would like to speak to the USAO employees identified in your testimonial summaries about your proposed areas of inquiry.  This would facilitate the Department's decision whether to authorize the disclosures you seek.  In doing so, we would not (a) share with any employee the testimonial summaries related to the other employees; or (b) discuss any testimony elicited at the hearing on May 15-16, 2018.  Although we believe that a discussion with these USAO employees so limited would be consistent with the Court's sequestration order, in an abundance of caution, we may move the Court for permission to have this discussion.  May we tell the Court that the Special Master does not oppose this motion?

2.      In our telephone conversation on August 30, 2018, you stated, in effect, that there is a presumption of disclosure under the DOJ *Touhy* regulations.  Can you provide a citation to the regulations or case law describing that presumption?

3.      As you know, one of the factors that the Department *must* consider under 28 C.F.R. § 16.26(a) when deciding whether to authorize production and/or disclosure is "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose."  It appears that *none* of the disclosures demanded in the subpoena *duces tecum* or the testimonial summaries set out in your letter are appropriate under the rules governing federal criminal cases.[1]  The Department is open to consideration of relevant legal authority that it may have overlooked.  If you are aware of any "rules of procedure governing the case or matter" before the Court that authorize the disclosures demanded in the subpoena *duces tecum* or your testimonial summaries, please provide them so that the Department may consider them.

---

[1] This is true for several reasons.  First, there is no Federal Rule of Criminal Procedure permitting a court-appointed special master to obtain discovery in order to conduct an investigation of a USAO or, for that matter, permitting a federal district court to do so.  Second, even if a special master were permitted to rely on federal rules of discovery, Fed. R. Crim. P. 16(a) does not authorize the disclosures demanded here.  Indeed, Fed. R. Crim. P. 16(a)(2) expressly exempts from criminal discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," unless such materials fall within one of the categories of information governed by the rule, all of which are inapplicable here.  Third, Fed. R. Crim. P. 17 cannot be used to circumvent the restrictions in Rule 16.  *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."); *see also United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993).  Fourth, even if Rule 17 could be used to obtain discovery beyond that provided in Rule 16, it expressly states that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule."  Fed. R. Crim. P. 17(h).  This prohibition applies to e-mail communications of DOJ employees who you and the Federal Public Defender have subpoenaed as witnesses for the hearing.  Fifth, neither Rule 26.2 nor 18 U.S.C. § 3500 authorizes production of witness statements here.

Alleen VanBebber
*U.S. v. Carter*, No. 16-20032-JAR
September 17, 2018
Page 3

4.     Similarly, if you are aware of evidence showing that any litigant in this case –
whether a named defendant or a Rule 41(g) claimant (none of whom have ever been identified by
name) – has suffered a Sixth Amendment or other constitutional violation, please bring such
evidence to our attention as it will have a bearing on DOJ's disclosure analysis.

5.     Your *Touhy* notice letter identifies two DOJ employees who have not previously
been subpoenaed: AUSA Leon Patton and SAUSA James Ward.  The Department is not aware of
either employee having played a role in the *Black* litigation and the testimonial summaries suggest
that you intend to question them largely about internal USAO communications: "what he *learned
from management or others*."  (It appears that you also propose to make this "learned from" inquiry
when questioning AUSAs Sheri Catania, Tristan Hunt, Lanny Welch, and David Zabel.)  If you
have a basis to believe that these employees have relevant information from a source other than
internal USAO communications, please let us know.

6.     Your testimonial summaries include inquiry of several USAO employees about
grand jury subpoenas.  Should we assume that, like the subpoena *duces tecum*, you do not seek
any information protected by Fed. R. Crim. P. 6(e)?

We also would like to identify some assertions in your testimonial summaries that are either
incorrect or, at the minimum, based on unproven claims.  With respect to former United States
Attorney Thomas Beall, your letter states: "Beall will be asked when he first knew of *problems
with grand jury subpoenas* issued for the *Black* case that demanded materials from CCA regarding
its audio and/or video monitoring and/or recording practices."  The Department disputes that there
were "problems" with the grand jury subpoenas to which your letter refers.

Your letter states that Pauletta Boyd will be asked about "her knowledge of those who
viewed the contents of boxes in the *Black* case marked with notice that they might contain attorney-
client material, and under what circumstances."  Ms. Boyd was never in possession of "boxes in
the *Black* case marked with notice that they might contain attorney-client material."  Rather, *after*
Jackie Rokusek raised concerns about soundless video depicting inmates meeting with attorneys
at CCA-Leavenworth, Special Agent John Seubert of the United States Secret Service [USSS]
made such markings on boxes containing *the original video recordings then stored in the USSS
vault*.[2]  These marked boxes were never within possession of the USAO and no such markings
appeared on the boxes in possession of the USAO.

---

[2] These facts were shown through testimony at the June 20, 2016 hearing in *United States v. Dertinger*,
Case No. 14-20067-JAR.  The USSS obtained the original six hard drives containing the CCA-Leavenworth
video evidence and made a copy of each hard drive for the United States Attorney's Office ["USAO"].  The
originals were placed in the USSS vault and the copies were provided to USAO employee Pauletta Boyd.
Transcript at 230-31.  Boyd never saw writing on the boxes containing the copies of the hard drives other
than a designation of the hard drive number.  She denied that the boxes in her possession "had any writing
on them that said attorney-client privilege."  *Id*. at 249-50, 268.  A defense investigator named Michael
Bussell, who viewed boxes containing the copies of the hard drives at the USAO on August 5, 2016, and
who later saw boxes containing hard drives in October 2016 in the court clerk's vault, testified that when
he first saw the boxes in August at the USAO, "all I noticed was the marking 1 through 6 on the boxes," *id*.

Alleen VanBebber
*U.S. v. Carter*, No. 16-20032-JAR
September 17, 2018
Page 4


      If you wish, Mr. Slinkard and I are available to discuss with you and Special Master David Cohen any matters raised in this letter.


Very truly yours,

Steven D. Clymer
Special Attorney to the United States Attorney General


Cc (by e-mail):     Stephen McAllister, United States Attorney, District of Kansas
                Duston Slinkard, First Assistant United States Attorney
                David Cohen, Special Master

---

at 23-24, 36, but that when he later saw boxes containing hard drives in the court clerk's vault in October, "[t]hrough my memory and I believe that it at that time had affixed something along the lines of 'possible attorney-client information.'" *Id*. at 30-32, 36. When asked if he recalled "that being on there the first time that you saw the box," he testified "I don't recall that." *Id*. at 30. These markings were on the boxes containing the original hard drives in October (which had, by then, been moved from the USSS to the court clerk's vault where Bussell saw them) because Special Agent Seubert marked the boxes containing the original hard drives with the words "may contain attorney-client material" on August 5 when these boxes were still in USSS custody *after* concerns were raised about possible privileged information being on the hard drives. *Id*. at 67-68.

Exhibit D

## VANBEBBER LAW FIRM, LLC

2029 West 95th Street
Leawood, KS 66206

913-384-5359                                    vanbebberlaw@aol.com
816-769-6017 (cell)

September 18, 2018

Steven D. Clymer, AUSA                    Via Email Only
Office of U.S. Attorney                    steven.d.clymer@doj.gov
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Re: *United States v. Carter*, D. Kan. No. 16-20032

Dear Mr. Clymer:

This is in response to your letter of September 17, 2018. We appreciate receipt of two initial sets of documents responsive to our subpoena *duces tecum*, and we understand that the concern expressed in Paragraph Two is the same as has been expressed in previous objections to the existence of Phase III and resumption of the hearing begun on May 15.

We appreciate your efforts to identify and review emails demanded in the subpoena and possessed by the USAO. No doubt there are many emails to be reviewed. But please remember that the USAO has been aware for more than two years that production would be likely, either under the Court's order to cooperate with the Special Master or in conjunction with the underlying criminal case. We know that, should your search uncover materials you believe are privileged from disclosure in this case, you will identify them and present them, if necessary, for decision of the Court as to admissibility at the hearing.

On Page 2, you request our response to several questions. In the order of the numbered requests, we respond:

1.  You write that you would like to speak to USAO employees identified in my letter providing summaries pursuant to 28 C.F.R. 16.23(c) (*Touhy*). You acknowledge the continuing sequestration order issued on May 15. You have told the Court that you will provide legal representation for all USAO employees subpoenaed as witnesses for the October 2 resumption of the May 15 hearing. You have agreed not to share a *Touhy* summary with anyone except the individual to whom the summary is directed. And you have agreed that you will not discuss any testimony elicited at the hearing on May 15-16 with anyone other than that testifying individual. With

Steven D. Clymer
*U.S. v. Carter*, D. Kan. 16-20032
September 18, 2018
Page 2

> the additional agreement that you will not share exhibits admitted into evidence on May 15 or 16, we will not object to your speaking with any subpoenaed USAO employee as his or her attorney for purposes of the upcoming hearing.

2.  Yes, based on a plain reading of the *Touhy* regulations, the U.S. Attorney's Manual, and numerous cases on the topic, it is my opinion that DOJ employees are to testify under oath, unless the regulations provide a legitimate reason to deny them the opportunity to do so.

3.  I agree that Subsection 16.26(a) must be considered before proceeding to the six factors in Subsection 16.26(b) that could justify denying the duty of any witness to testify truthfully.  I believe we simply must agree to disagree as to the remainder of the legal arguments you present.

4.  This is a question better addressed to the litigants' attorneys in the underlying cases.

5.  These witnesses like all others, should appear and testify truthfully unless DOJ denies them the opportunity to do so.

6.  Yes, absent any applicable exception.

I appreciate the explanatory material in the remainder of your letter, as well as your willingness to discuss matters raised in your letter. But I think we can agree that our positions on the underlying issues are not likely to change before October 2.  Of course, whenever you want to discuss ways to expedite this hearing and allow full and fair presentations from subpoenaed witnesses, please let us know.

Yours very truly,
/s/
 Alleen C. VanBebber

Cc:  email only
David R. Cohen, Special Master
Stephen McAllister, U.S. Attorney,
            District of Kansas
Duston Slinkard, First Assistant AUSA

Exhibit E



**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

September 21, 2018

**By Electronic Mail Only**

VanBebber Law Firm, LLC
2029 West 95th Street
Leawood, KS 66202
Email: alleenv@aol.com

Re:    *United States v. Carter (Black)*, Case No. 16-20032-JAR

Dear Ms. VanBebber:

We write to respond to four assertions in your letter dated September 18, 2018.

First, you assert that I "have told the Court that [I] will provide legal representation for all USAO employees subpoenaed as witnesses for the October 2 resumption of the May 15 hearing." If I made a statement to the Court that could be interpreted to suggest this, I misspoke. I plan to represent the United States at the hearing, not any individual DOJ employee.

Second, you assert that "the USAO has been aware for more than two years that production would be likely, either under the Court's order to cooperate with the Special Master or in conjunction with the underlying criminal case." This is not accurate. In advance of the evidentiary hearing in May 2018, the government moved to quash previously-issued subpoenas *duces tecum*. The Court chose not to enforce the subpoenas, and ultimately ruled that those motions were moot, making clear that there was no duty to produce the subpoenaed documents. As a result, at that time, the United States reasonably had no expectation that it would be obligated to produce any documents. The first notice that the United States received since then of such an obligation was when the Court raised the possibility of a new subpoena *duces tecum* at the hearing on August 1, 2018. And, of course, the government could not know the nature of the production demands until the subpoena *duces tecum* was served on August 21, 2018.

Third, we "agree that Subsection 16.26(a) must be considered before proceeding to the six factors in Subsection 16.26(b) that could justify denying the duty of any witness to testify truthfully." But, to ensure that there is no misunderstanding, even if *none* of the § 16.26(b) factors apply, in some circumstances the *Touhy* regulations empower the Department of Justice to deny disclosure authorization. *See* 28 C.F.R. § 16.26(c) ("In all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section, the Deputy or Associate Attorney General will authorize disclosure *unless, in that person's judgment, after considering paragraph (a) of this section, disclosure is unwarranted*.") (emphasis added).

Alleen VanBebber
*U.S. v. Carter*, No. 16-20032-JAR
September 21, 2018
Page 2


Fourth, you predict that "should [the government's] search uncover materials [responsive to the subpoena *duces tecum* we] believe are privileged from disclosure in this case, [we] will identify them and present them, if necessary, for decision of the Court as to admissibility at the hearing." We understand that the Department of Justice can assert privileges in this manner. But, as you know, the *Touhy* regulations provide for Department of Justice consideration of specified factors, including privilege, and internal decisions whether to authorize disclosure. Under that process, documents that are not authorized to be disclosed are neither identified nor presented to a court for decision. .

Very truly yours,

Steven D. Clymer
Special Attorney to the United States Attorney General


cc (by e-mail):        Stephen McAllister, United States Attorney, District of Kansas
                       Duston Slinkard, First Assistant United States Attorney
                       David Cohen, Special Master

Exhibit F



# U.S. Department of Justice

## Stephen R. McAllister
United States Attorney
District of Kansas

| | |
|---|---|
| Kansas City Office | Wichita Office |
| 500 State Avenue | 1200 Epic Center |
| Suite 360 | 301 N. Main |
| Kansas City, Kansas 66101-2433 | Wichita, Kansas 67202-4812 |
| | |
| TEL: (913) 551-6730 | Topeka Office |
| FAX: (913) 551-6541 | 444 SE Quincy |
| | Suite 290 |
| | Topeka, Kansas 66683-3592 |

September 17, 2018

Alleen VanBebber
Skelly Building
605 West 47th Street, Suite 350
Kansas City, MO 64112
vanbebberlaw@aol.com

    Re: *United States v. Carter*, Case No. 16-20032-JAR

Dear Ms. VanBebber:

   With this letter I am producing the first set of documents responsive to the subpoena *duces tecum* directed to me and dated August 17, 2018. We intend to produce documents on a rolling basis, with more to come this week. The documents are generally arranged to correspond to the numbered requests in the subpoena. Some documents are responsive to more than one request; when that is the case, we are producing the document for each request rather than trying to cross-reference documents. With respect to this document production, please note that:

1. For the reasons described in Special Attorney Steven Clymer's letter to you dated September 17, 2018, the Department of Justice produces these documents voluntarily, not because it has a legal obligation to do so. By making this and future voluntary production of documents, the Department does not waive any right under applicable federal law to decline to make any disclosures or produce documents.

2. The Department has endeavored and will continue to endeavor to identify and produce documents responsive to the subpoena *duces tecum* to the extent those documents bear directly on the conduct of DOJ officials that is the subject of allegations of wrongdoing, specifically alleged violations of the Sixth Amendment, alleged efforts to improperly impede the Special Master's investigation, alleged willful destruction of evidence, and the unauthorized entry into Chief Judge Robinson's chambers. The Department has not

September 17, 2018
Page 2

produced documents reflecting internal communications related to litigation-related decision-making and the thought processes of DOJ officials. In addition, *the Department has not produced documents sent to or received by the Department's Office of Professional Responsibility or its Professional Responsibility Advisory Office.*

3. Further, the Department has withheld production of a very large digital file – over two GB – which is technically responsive to Request #2 in the subpoena but which contains numerous internal communications from as early as 2014 that are non-responsive, privileged, or other otherwise not disclosable. This document is a .pst file made up of multiple (in this case very many) individual Microsoft Outlook messages from former SAUSA Erin Tomasic's e-mail account. This large conglomeration of e-mail messages was assembled and provided to then-First Assistant United States Attorney Emily Metzger as part of the litigation hold. Thus, this digital file technically qualifies as a document "sent, given to, or received by AUSA Emily Metzger in response to her instructions concerning retention, preservation, and production of materials that relate to or concern *Black* or the investigation" even though messages within this larger file are not pertinent to your investigation or this litigation. Instead of producing this voluminous digital file, the Department has made and is continuing to make efforts to search Tomasic's e-mail account and other computer folders to identify responsive documents in her email messages.

Very truly yours,

STEPHEN R. McALLISTER
United States Attorney

Encls.

Exhibit G

| | |
|---|---|
| **From:** | Steeby, David (USAKS) |
| **To:** | Metzger, Emily (USAKS) |
| **Cc:** | Rask, Scott (USAKS); Miller, Randy (USAKS) 3 |
| **Subject:** | RE: Results of Updated Search (Group 3 with Proximity Operators) |
| **Date:** | Tuesday, June 06, 2017 2:57:01 PM |

Emily,

The extra names and two other lines Mr. Cohen added increase results from Erin's mailbox from 4,347 to 4,493.  I'm going to try to get these packaged up in a .pst file (Outlook Data File) to make our own review easier, and to have ready once it is decided how the production directive will be handled.

Thanks,

David

---

**From:** Steeby, David (USAKS)
**Sent:** Tuesday, June 06, 2017 1:42 PM
**To:** Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
**Cc:** Rask, Scott (USAKS) <SRask@usa.doj.gov>
**Subject:** RE: Results of Updated Search (Group 3 with Proximity Operators)

No, there was no mention of who should run the search during our phone call, but I did see from his last email that Mr. Cohen would like *all* the search results from Erin's mailbox asap.

---

**From:** Metzger, Emily (USAKS)
**Sent:** Tuesday, June 06, 2017 1:36 PM
**To:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>
**Cc:** Rask, Scott (USAKS) <SRask@usa.doj.gov>
**Subject:** RE: Results of Updated Search (Group 3 with Proximity Operators)

Thanks.  I just want to ensure this does not take us backward again.  Was there any discussion about who should run the search, etc?

---

**From:** Steeby, David (USAKS)
**Sent:** Tuesday, June 06, 2017 1:25 PM
**To:** Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
**Subject:** RE: Results of Updated Search (Group 3 with Proximity Operators)

I'm working on updating the terms now and will be able to run a search in the next 30 minutes or so.  I'll let you know how the number of results change.

Thanks,

David

**From:** Metzger, Emily (USAKS)
**Sent:** Tuesday, June 06, 2017 1:23 PM
**To:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>
**Subject:** FW: Results of Updated Search (Group 3 with Proximity Operators)

David,

Have you tried any test runs with these additional terms?

**From:** David R. Cohen [mailto:David@SpecialMaster.Law]
**Sent:** Monday, June 05, 2017 5:04 PM
**To:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>
**Cc:** Ken Smiley <ksmiley@americandiscovery.com>; Metzger, Emily (USAKS)
<EMetzger@usa.doj.gov>; Rask, Scott (USAKS) <SRask@usa.doj.gov>
**Subject:** RE: Results of Updated Search (Group 3 with Proximity Operators)

David, that is good news.
In light of that, I would like to add numerous names to Group 3, which will probably not
change your results very much.
Please see the additions in <span style="color:red">**RED [note, an email-auto-save seems to have deleted
some of the red, I tried to add it all back]**</span>
Also, please see the minor addition in <span style="color:red">**red**</span> in Group 1.

<mark>**Please run this search on Tomasic's repository and produce the results to me via
Ken Smiley as soon as possible.**</mark>

I am copying Mr. Rask and Ms. Metzger -- if the OUSA has any issue with this directive, I
need to know asap.

Thanks.

-David

===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

-------- Original Message --------
Subject: Results of Updated Search (Group 3 with Proximity Operators)
From: "Steeby, David (USAKS)" <David.Steeby@usdoj.gov>
Date: Mon, June 05, 2017 5:09 pm
To: "David R. Cohen" <David@SpecialMaster.Law>
Cc: Ken Smiley <ksmiley@americandiscovery.com>

Mr. Cohen,

I was able to update the group 3 terms as well as remove the usaks-all exemption as we disused on the phone, then test on Tomasic's mail repository this afternoon.  We're down from 7,784 results to 4,347. I'm including the search terms with the new group 3 code listed in green.

```
("record* call"~5 OR
"record* calls"~5 OR
"record* video*"~5 OR
"record* audio*"~5 OR
"record* CCTV"~5 OR
"record* tape"~5 OR
"monitor* call"~5 OR
"monitor* calls"~5 OR
"monitor* video*"~5 OR
"monitor* audio*"~5 OR
"monitor* CCTV"~5 OR
"monitor* tape"~5 OR
"view* video*"~5 OR
"review* video*"~5 OR
"jail call"~15 OR
"jail calls"~15 OR
"jail video*"~15 OR
"jail record*"~15 OR
"jail monitor*"~15 OR
"prison* call"~15 OR
"prison* calls"~15 OR
"prison* video*"~15 OR
"prison* record*"~15 OR
"prison* monitor*"~15 OR
"CCA call"~15 OR
"CCA calls"~15 OR
"CCA video*"~15 OR
"CCA record*"~15 OR
"CCA monitor*"~15 OR
"CCA surveillance"~15 OR
"CCA footage*"~15 OR
"Corrections call"~15 OR
"Corrections calls"~15 OR
"Corrections video*"~15 OR
"Corrections record*"~15 OR
"Corrections monitor*"~15 OR
"Corporation call"~15 OR
"Corporation calls"~15 OR
"Corporation video*"~15 OR
"Corporation record*"~15 OR
"Corporation monitor*"~15 OR
"inmate* call"~15 OR
"inmate* calls"~15 OR
"inmate* video*"~15 OR
"inmate* record*"~15 OR
"inmate* monitor*"~15 OR
"detainee* call"~15 OR
"detainee* calls"~15 OR
"detainee* video*"~15 OR
"detainee* record*"~15 OR
```

```
"detainee* monitor*"~15 OR
"audio* record*"~5 OR
"video* record*"~5 OR
"audio* monitor*"~5 OR
"video* monitor*"~5 OR
"inmate* account*"~2 OR
"prisoner* account*"~2 OR
"inmate* PIN*"~2 OR
"prisoner* PIN*"~2 OR
Securus OR
"covert alert" OR
"request for CCA Recorded" OR

((prison* OR inmate*) AND
("listen* call"~15 OR "listen* calls"~15 OR "watch*
video*"~15 OR "watch* record*"~15 OR "listen* audio*"~15
OR "listen* record*"~15 OR "view* video*"~15 OR "view*
record*"~15 OR "review* video*"~15 OR "review* audio*"~15
OR "review* record*"~15)) OR
```

((Anderson OR Atkins OR Bigelow **OR Barnett OR Baxter OR Beall OR Beam OR Bernhardt OR Black OR Brannon** OR Cahill OR Cash OR Catania OR Clem OR Collins **OR Cook** OR Dertinger **OR Evans** OR Fitzpatrick OR Flannigan OR Fletcher **OR Gallup** OR Gillespie **OR Grissom** OR Guerrero OR Gurin OR Hall OR Hanika OR Hernandez **OR Herron** OR Hinojosa OR Hodges OR Hoffer OR Hood OR Howell OR Hudson OR Hundley OR Johnson OR Johnston **OR Kaiser** OR Kenyon OR Kinney OR Krug OR Lajiness OR Marques OR Martin **OR Matushek** OR McClain OR McCracken **OR Metzger OR Miller** OR Milliken **OR Morehead OR Morgan OR Moore** OR Moorehead **OR Oakley OR Oberly** OR Parrish **OR Pauletta** OR Perry OR Phom OR Phommaseng OR Phommasang OR Phommeseng OR Phommesang OR Phomaseng OR Phomasang OR Phomeseng OR Phomesang OR Potter OR Preciado **OR Rapp** OR Rask OR Reulet OR Roberts OR Rokusek **OR Ruffalo** OR Sallee OR Schloemer OR Schuster OR Seubert OR Stokes OR Strickler **OR Thibault** OR Thomas OR Tomasic OR Treadway OR Trujillo OR Twaddle OR Vargas **OR Virden** OR `Wamble` **OR Welch OR West OR York OR Younger OR Zitegma**) AND ("jail call"~15 OR "jail calls"~15 OR "jail video*"~15 OR "jail record*"~15 OR "jail monitor*"~15 OR "prison* call"~15 OR "prison* calls"~15 OR "prison* video*"~15 OR "prison* record*"~15 OR "prison* monitor*"~15 OR "CCA call"~15 OR "CCA calls"~15 OR "CCA video*"~15 OR "CCA record*"~15 OR "CCA monitor*"~15 OR "Corrections call"~15 OR "Corrections calls"~15 OR "Corrections video*"~15 OR "Corrections record*"~15 OR "Corrections monitor*"~15 OR "Corporation call"~15 OR "Corporation calls"~15 OR "Corporation video*"~15 OR "Corporation record*"~15 OR "Corporation monitor*"~15 OR "inmate* call"~15 OR "inmate* calls"~15 OR "inmate* video*"~15 OR "inmate* record*"~15 OR "inmate* monitor*"~15 OR "detainee* call"~15 OR "detainee* calls"~15 OR "detainee* video*"~15 OR "detainee* record*"~15 OR "detainee* monitor*"~15)))

```
-jtn
-"activity in case"
-"district newsletter"
-lynda
-cle
```

Exhibit H

| | |
|---|---|
| **From:** | McAllister, Stephen (USAKS) |
| **To:** | "alleenv@aol.com" |
| **Cc:** | David@SpecialMaster.Law; Clymer, Steven D. (USANYN); Slinkard, Duston (USAKS) |
| **Subject:** | RE: Production of Tomasic Emails |
| **Date:** | Saturday, September 29, 2018 2:58:21 PM |

Alleen,

I need to follow up on my letter of September 17, in particular the discussion in item 3. of that letter regarding the Tomasic emails. We have struggled to get through the thousands of emails she generated and received during her time in the office. As I said in the letter, we have a pst file that collects Tomasic emails based on search terms the Special Master and the USAO discussed during the course of the Master's investigation. It is a large file, and thus we had planned and intended to winnow down the Tomasic emails we provided. But that has proven a most difficult task. At this point, in order to get potentially relevant information to you, we are prepared to turn over the entire pst file referred to in item 3 of my letter.

By turning this entire file over, the government is not waiving any privilege claims or other objections to the use of any particular emails contained in the pst file, but we are doing this voluntarily so that you may have this material and begin reviewing it before the hearing commences.

We would email you the pst file but it is too large to be delivered that way. We will have to put it on a thumb drive and deliver it to you, at your direction. We could get it on a thumb drive and delivered first thing Monday morning (at the meeting with FPD perhaps), or we could deliver it sometime tomorrow morning if you give us a time and a place to do so.

Sincerely,

Steve

# Exhibit I

# DAVID R. COHEN
## Federal Special Master

24400 Chagrin Boulevard
Reflections Bldg., Suite 300
Cleveland, Ohio 44122
Telephone: 216.831.0001
Facsimile: 866.357.3535
David@SpecialMaster.Law

July 10, 2017

Thomas Beall
United States Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202

Dear Mr. Beall:

In connection with my investigation related to *United States v. Black*, case no. 16-CR-20032, please find attached several Requests for Information ("RFIs"). Please respond to these requests as soon as reasonably possible.

Because it may take your office some time to gather the information requested, please ***do*** respond piecemeal to the various RFIs, as you gather the information. In other words, please do not wait to respond until you have gathered ***all*** of the information requested; rather, please submit the requested information as you gather it, with an explanation of which RFIs you are responding to.

Feel free to contact me if you have any questions.

Sincerely,

David R. Cohen

**Requests for Information**

As used below, the term "accessed" should be construed broadly, and includes: sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do these things. "Accessed" also includes receiving information indirectly, from someone else who did these things (such as an Assistant United States Attorney learning of information contained in a recording, by being given the information from an agent who accessed the recording).

Similarly, the term "document" should be construed broadly, to include any written, printed, electronic, or hard-copy material that serves to record or chronicle information.

"USAO" refers to the United States Attorneys' Office for the District of Kansas.

Where not otherwise stated, these requests seek information for the period between January 1, 2014 and May 1, 2017.

1.    Please list all persons employed by the USAO (including lawyers, staff, and contractors) who, ***between January 1, 2014 and May 1, 2017***, accessed audio- or video-recordings of: (a) detainees at CCA-Leavenworth; or (b) detainees at any other detention facility; or (c) any attorney.[1]

2.    For each person listed in response to question 1, please: (a) list in chronological order all instances between January 1, 2014 and May 1, 2017 of that person's having accessed the recordings; and (b) explain in detail for each instance how that person obtained access to the recordings – for example, did the person seek or obtain the recordings via subpoena, email request, telephone request, presentation by an outside agency, or some other method? The explanations should include the identity of any individuals with whom the person communicated, directly or indirectly, about obtaining access (such as law enforcement agents, CCA employees, USAO supervisors, and so on).

3.    For each person listed in response to question 1, and for each instance of access, please explain: (a) why that person obtained access to the audio- or video-recordings; (b) the specific details of access requested (for example, was the request for access to recorded telephone calls made by specific individuals, or to specific telephone numbers, and so on); (c) in connection with which case(s) the access was sought (list case number and caption); and (d) the identities of the government attorneys and defense counsel associated with that case.

4.    For each person listed in response to question 1, and for each instance of access, please explain: (a) whether the person accessed any recordings between a detainee and an attorney; (b) whether the person reported their access of any recording between a detainee and attorney to any other person (including the detainee, the attorney, a supervisor, a professional

---

[1] This includes the instance discussed by SAUSA Erin Tomasic, reflected in the Sept. 7, 2016 hearing transcript at 52-53; as well as the instance referred to in *Black* docket no. 276.

responsibility advisor, or a taint team); and (c) whether any such access was inadvertent or intentional or other.  Please provide details of all such access and reports.

5.    For each person listed in response to question 4 who *did* access a recording between a detainee and an attorney, and for each instance of access, please state whether and how the government used any information obtained through this access in any way (including its investigative strategy, charging decisions, litigation posture on bond, prosecution of or defense against motions, plea negotiations, strategy at trial, positions at sentencing, or in any other way; and regardless of whether any such governmental decision, strategy, or position was motivated wholly or only in part by such information).

6.    For each instance of access listed in response to question 2, please list each person employed by any other entity (such as the United States Marshals Service, the United States Secret Service, the Internal Revenue Service, the Drug Enforcement Agency, the Federal Bureau of Investigation, the Kansas Bureau of Investigation, and so on) whom the USAO knows did also obtain access to that recording.

7.    Please state what were the policies between January 1, 2014 and May 1, 2017 of the USAO regarding use of a taint team (a/k/a filter team), and provide copies of documents evidencing those policies. Further, please state: (a) whether a taint team was in place to review recordings obtained by the grand jury subpoenae (i) dated March 28, 2016, requesting production of telephone calls recorded at CCA-Leavenworth and (ii) dated April 12, 2016 requesting production of video recorded at CCA-Leavenworth; (b) if there was no such taint team, why not; and (c) if so, who was on the taint team, when it was constituted, what protocols or guidance the team was given to follow, and any analyses, reports, or conclusions the team produced or reached.  Similarly, please answer questions 7(a, b, & c) regarding any other recordings obtained by the USAO through means other than these two grand jury subpoenae.  Please provide copies of all documents evidencing these statements.

8.    For each instance of access listed in response to question 2, please provide copies of all documents discussing in any way each instance of access.  This includes subpoenae used to obtain access, emails making requests for access, memos discussing the accessed recordings, and so on.  Please list the authors and recipients of each document, if not obvious.

9.    Please produce transcripts of the following grand jury proceedings: (a1) when the two subpoenae referred to in question 6 were requested or presented; (a2) when any evidence obtained from the two subpoenae referred to in question 7 was presented to the grand jury for any reason (in connection with *any* case or investigation, not just *Black*); and (b1) when the February 2016 subpoena regarding Rokusek's fees was requested or presented; (b2) when any evidence obtained from the February 2016 subpoenae regarding Rokusek's fees was presented to the grand jury for any reason (in connection with *any* case or investigation, not just *Dertinger*).

10.    Please list all persons employed by the USAO (including lawyers, staff, and contractors) who, between January 1, 2014 and May 1, 2017, used the Securus Call Platform to obtain access to telephone calls of inmates at: (a) CCA-Leavenworth, or (b) any other detention facility.

11.    During the September 7, 2016 hearing, SAUSA Erin Tomasic stated she sought approval to perform a 'controlled buy' in one of the attorney-client visitation rooms at CCA-Leavenworth. Please provide: (1) copies of the USAO's and/or DOJ's policy on 'controlled buys,' and state whether this policy requires 'controlled buys' to be video- or audio-recorded; and (2) copies of any documents regarding the seeking of, or denial of permission to proceed with, or otherwise discussing, this particular 'controlled buy.'

12.    Please provide copies of the following documents: (a) any requests made to the DOJ, including the DOJ's Office of Professional Responsibility (OPR), for opinions or guidance regarding the obtaining, possession, review, or use of any attorney-client communications by the USAO; (b) any opinions, notices, instructions, regulations, or guidance from DOJ or OPR to the USAO regarding the obtaining, possession, review, or use of any attorney-client communications; (c) any opinions, notices, instructions, regulations, or guidance from DOJ or OPR to the USAO regarding whether any person employed by the USAO (including lawyers, staff, and contractors) engaged in any unethical conduct, or a violation of any rule of professional conduct or the U.S. Attorney's Manual, relating to the obtaining, possession, review, or use of any attorney-client communications; and (d) any opinions, notices, instructions, regulations, or guidance issued by USAO supervisors regarding its legal or ethical responsibilities relating to obtaining, possession, review, or use of any attorney-client communications. This request includes documents related to any instance where any member of the USAO self-reported to DOJ or OPR regarding the requesting, obtaining, possessing, or accessing of attorney-client communications.

13.    Please produce all communications and documents sent or received by all persons employed by the USAO (including lawyers, staff, and contractors) regarding meetings between Jackie Rokusek and Richard Dertinger at CCA-Leavenworth.

14.    Please produce a list of every instance, between January 1, 2014 and May 1, 2017, where the USAO (a) pursued the forfeiture of attorney fees, or (b) asserted (formally or informally) that a defense attorney should withdraw from representation of a criminal defendant due to a conflict of interest. For each such instance, please identify the case name and number, the defense attorney at issue, the USAO personnel who pursued forfeiture and/or made the assertion, and a summary of the reason for pursuing forfeiture and/or for assertion of conflict.