IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-20032-02-JAR |
| ) | |
| KARL CARTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPLY TO THE FEDERAL PUBLIC DEFENDER'S
RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION TO SUPPLEMENT THE RECORD**

The United States of America, by and through First Assistant United States Attorney Duston J. Slinkard, hereby replies to the Federal Public Defender's Response in Opposition (Doc. 736) the government's motion to supplement the record (Doc. 728).

In reply, the government offers the following:

1. On March 7, 2019, the government sought leave to supplement the record with the sworn Declaration of Roger D. Moore, Jr., Chief of Security at CoreCivic, which Mr. Moore prepared in connection with civil litigation involving *CoreCivic, Johnson v. CoreCivic* et al, No. 4:16-cv-00947-SRB, pending in the Western

1

District of Missouri, on the basis that it contained information that is relevant and material to issues now before this Court in this matter. (Doc. 728 at p. 1)

2.   On March 12, 2019, the Federal Public Defender (FPD) filed a response in opposition asserting four objections to the granting of the government's motion: 1) that it is actually an improper motion to reconsider; 2) that it is untimely, in that the evidence could have been submitted during the earlier evidentiary hearing; 3) that the declaration provides no opportunity for cross-examination or observation of the witness by the Court; and 4) that the Declaration is not appropriate evidence because it is not based upon personal knowledge and is cumulative.

3.   Turning to the first of the FPD's objections, the government submits that the motion is not a motion for reconsideration because the government is not asking for the Court to reconsider any earlier ruling. Rather, the Court set a deadline for supplementation of the record by the Federal Public Defender and the Special Master of March 7, 2019. (Doc. 713) The government understood that is was not included in the Court's deadline for supplementation, so when it identified an item it believed to be relevant and material to the issues before the Court, it sought the Court's leave to supplement, rather than simply offering the Declaration into evidence. Certainly, it is a matter of the Court's discretion whether to grant the requested leave, and the Court can review the Declaration in determining whether it would be of use to the Court in its consideration of the issues of this case.

However, neither the issue of the admission of this particular Declaration, nor the issue of supplementation of the record by the government, has been previously decided, so the government submits that its motion is not seeking reconsideration.

4. Similarly, with respect to the FPD's second objection, the government submits that its submission is not untimely because it was not operating under any established deadline. As noted above, the Court provided a specific deadline for the FPD and the Special Master to supplement the record, according each the opportunity to submit additional evidence, while retaining, as always, the decision of what evidence to admit. The government was not, and understood it was not, included in that deadline.

5. As such, when the government identified the Declaration at issue as an item it believed would be useful to the Court's consideration of the issues in this matter, it sought leave, permission, to offer it. Certainly, the government was aware and mindful of the other parties' supplementation deadline and thought it best to seek leave by that deadline from a practical standpoint. However, the government understood that with respect to it, as opposed to the other parties', the Court's decision would involve both whether it would allow additional evidence from the government at all, as well as whether it would admit the particular item of evidence.

6.  Turning to the FPD's third and fourth enumerated objections, which are collectively that the Declaration does not allow for cross-examination and the Court observation of a witness, and the Declaration is not based upon personal knowledge and is cumulative, the government would submit that these are certainly all issues which the Court may consider, and with respect to which it can review the Declaration, but ultimately go to the weight, as opposed to the admissibility, of the evidence.

7.  When the Court established the deadline to submit additional evidence the for the FPD and Special Master, noted above, the Court ordered, both that it was modifying it earlier post-hearing order (Doc. 690) "to permit the FPD and Special Master to move for admission of any additional exhibits identified through the government's production pursuant to the [subpoena duces tecum issued prior to the October 2018 evidentiary hearing], and that it was ordering "that the FPD and Special Master may move for admission of any such additional exhibits on or before February 15, 2019" Memorandum and Order, Doc, 713, at p. 65 (the deadline was later extended to March 7, 2019 (*see* Doc. 725)).

8.  The FPD submitted twelve additional exhibits. (Doc. 730). Of those twelve, only one (Exhibit 724) appears to have been part of production by the government in response to the subpoena duces tecum; ten (Exhibits 715A-C, 716, 718, 718A, 719-722) appear to be materials created or disclosed as part of the production in

4

response to the Court's Order (Doc. 705) concerning the FPD's motion for phone call discovery in other cases; and one (Exhibit 717) is an affidavit of a defense attorney attesting to facts in one of those other cases. *See* Doc. 730.

9. The government does not note these observations regarding the FPD's supplemental exhibits to assert any technical objection to their propriety. Rather, the government points to them to illustrate the diversity of evidence the Court has considered in this case. Moreover, the affidavit, Exhibit 717, is subject to the same issues of not being subject to cross-examination and delivered within the observation of the Court that the FPD raises with respect to the government's proposed exhibit.

10. The government sought leave to supplement the record to include the sworn Declaration of Roger D. Moore, Jr., Chief of Security at CoreCivic, which Mr. Moore prepared in connection with civil litigation involving CoreCivic, Johnson v. CoreCivic et al, No. 4:16-cv-00947-SRB, pending in the Western District of Missouri, because the government believed it contained relevant and material information to assist the Court's consideration of the issues before it, including, among other matters:  (1) the monitoring and recording of inmate telephone calls; (2) the procedures and policies in place for the for making unmonitored and unrecorded telephone calls to attorneys; (3) the process for privatizing telephone

calls to attorney-associated telephone numbers, and (4) and the playing of messages warning of recording on monitored calls.

11. The government submits that it is completely a matter of the Court's discretion whether it believes the evidence will be useful and whether to receive the evidence. However, in asking the Court to consider whether to accept the evidence, the government submits it is not 1) asking the Court to reconsider any prior ruling, 2) asking for anything to be received in violation of a deadline or as a result of additional time not permitted to other parties, or 3) asking the Court to accept evidence of a kind or quality demonstrably different than has been received from others in this litigation to date.

WHEREFORE, the government prays that the Court grant it leave to supplement the record as requested by its motion (Doc. 728).

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, # 21294
First Assistant United States Attorney
444 SE Quincy Ave., Ste. 290
Topeka, KS  66683
Tel:  785-295-2850
Fax:  785-295-2853
Duston.Slinkard@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on 15th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
First Assistant United States Attorney
