IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 16-20032-02-JAR |
| | ) |
| **KARL CARTER**, | ) |
| | ) |
| Defendant. | ) |

## POST-HEARING STATUS REPORT ON PRESERVATION[1]

COMES NOW the United States of America, by and through Steven D. Clymer, Special

Attorney, Stephen R. McAllister, United States Attorney for the District of Kansas, and Duston

J. Slinkard, First Assistant United States Attorney, and provides the Court with the following

report on the status of preservation efforts in this matter:

1. On August 15, 2018, the Court entered its written order to preserve evidence (Doc.

569), memorializing its ruling on the issue at the Status Conference held the prior day (Doc.

568).

2. On August 15, 2018, the government communicated the Court's order to all employees

of the United States Attorney's Office for the District of Kansas ("USAO") (Ex. 1); to the USAO

Information Technology (IT") staff, with instruction to communicate it to all appropriate entities

in the IT structure of the Executive Office of the United States Attorneys ("EOUSA") (Ex. 2);

---

1. As the Court and parties are aware, the document preservation procedures prior to the evidentiary hearings conducted in this matter in May, October, and November 2018, were the subject of evidence in those proceedings. Further, the Court entered an order on March 19, 2019, Doc. 742, announcing that "[t]he evidentiary record on the issues brought up for hearing on October 2, 3, 4, 9, 20, 11, 12, and November 16, 2018 is now closed." This Report is not intended to address those issues, and updates the status of the government's preservation steps since the entry of the Court's Order to Preserve Evidence, Doc. 569, on August 15, 2018.   The preservation directive that the USAO put in place on December 19, 2016 with the Special Master's approval remains in place.

and to supervisors with all investigative agencies the USAO could identify as being involved in investigations wherein inmate calls were, or likely were, obtained, with requests that they circulate it within their organizations as necessary to give it effect (Ex. 3). The USAO then continued to have discussions with the IT staff at EOUSA, as the EOUSA staff worked to implement the Court's directive. (Ex. 4).

3. On October 24, 2018, the undersigned and the USAO's Administrative Officer met with EOUSA's Chief Information Officer ("CIO") and a member of his staff, while all were present for training at the National Advocacy Center in South Carolina to further follow-up on the actions EOUSA. During that meeting, the CIO confirmed that this had been an unprecedented experience and indicated that EOUSA had determined that with respect to preservation of e-mail archives, which for most users would ordinarily be deleted after three years, that all data of active USAO-Kansas users, as well as past users whose archives were still present in the system, could be extracted from the automated archival system and saved separately to avoid deletion. The USAO requested that such be done, and on November 6, 2018, the USAO was informed that all e-mail archival data from January 1, 2016 to that date had been extracted and saved. During the meeting, the undersigned also inquired about non-e-mail data, as was informed that no other data that users were holding in compliance with the USAO's preservation directives, would be automatically deleted based upon age. Any older e-mail data that was already subject to an existing preservation directive, whether in this matter, or any other matter, would also continue to be retained.

4. On Friday, November 16, 2018, the Court concluded the evidentiary hearing and made further oral preservation order, which was communicated that day to USAO IT staff to be

transmitted to EOUSA (Ex. 5) and supplemented over the next few days after input from the Special Master (Exs. 6, 7, 8, and 9).

5. On November 21, 2018, the Court entered its Production Order (Doc. 690), which further addressed preservation. This order was also communicated to IT Staff, as well as USAO Litigation Hold Coordinator Emily Metzger who was no longer sequestered as a witness, upon receipt. (Ex. 10). Later the same day further direction was issued to all employees of the USAO. (Ex. 11).

6. On December11, 2018, undersigned, Special Attorney Clymer, USAO Administrative Officer Randy Miller, and USAO IT Manager David Steeby met by video teleconference with the EOUSA CIO and his staff to address to discuss status of preservation on all information technology resources. During that meeting, issues were identified and addressed to supplement preservation in addition to the preservation directives that had been conveyed to all USAO employees throughout the pendency of the litigation. From the outset it was clear that technology does not exist to blanket capture every transaction, and there is no existing back-up mechanism that captures all data with the computer systems of the district that could simply be indefinitely retained. Additionally it was clear, that with the exception of e-mail data, as described in 3, above, no other existing (i.e. undeleted) user data would be lost through automatic retention polices / procedures. Following is a summary of the items / issues identified and the actions taken:

| Item / Issue | Ordinary Retention Period | Action Taken |
|---|---|---|
| a. E-mail archives | Three years for most employees | Saved such that no data post January of 2016 will be lost through normal retention practices as described in 3, above. |
| b. Network server data domain back-ups (these cover all network drives except as separately addressed below) | Six months | Will be perpetually held. Available storage capacity permits this to continue for 3 to 5 years. |
| c. USAO local servers that have been decommissioned | Not applicable | Old servers have been powered off and are being retained in place by technical staff until otherwise directed. |
| d. M: Network Drive (temporary repository for scanned documents) | Six months | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed.[2] |
| e. U: Network Drive (Cloud drive repository, used primarily for discovery processing) | Data exists until deleted[3] | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed. |
| f. Relativity Drive (specialized drive at EOUSA used for processing large litigation projects) | Data exists until deleted | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed. |

2. Preparations to determine the requirements for, source, and acquire the external hard drive referenced in 6 d-i, above, began as of the December 11, 2018 video conference, but were unable to proceed during the government shutdown. Currently, the drive has been approved, sourced, and ordered, and we are awaiting delivery.

3. No discovery drive data related to any case has been approved for deletion after the Court's blanket preservation directive of November 21, 2018, see 5, above, except for data removed, after downloading to hard digital media to deliver into the Court's custody, in connection with the USAO efforts to identify inmate call related information pursuant to the Court's discovery order (Doc. 705).

| | | |
|---|---|---|
| g. Nuix and Law PCs (specialized computers in USAO used for processing of litigation projects) | Data exists until deleted | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed. |
| h. Sharepoint Site (Local USAO intranet site used primarily for accessing local policy and scheduling information) | Data exists until deleted | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed. |
| i. User profile directories (file lists of individual system users) | Data exists until deleted | Will be saved to an external hard drive to obtain a snapshot of existing data. The external hard drive will then be retained until otherwise directed. |
| j. USA-Fx (File Transport system used to send data externally, e.g. discovery to defense counsel) | Does not store data; however, logging information to show files sent through the system is captured and available on network back-ups, see 6 b, above. | Not applicable |
| k. Hard form digital storage devices, e.g. optical media, used to store data in physical case files. | Retained until deposited by the user in collection points for secure destruction by USAO IT staff. | Destruction suspended as of August 15, 2018 preservation order discussed in 1, above. |

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
First Assistant United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 21st day of March, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard<u>                          </u>
Duston J. Slinkard
First Assistant United States Attorney

6