| | |
|---|---|
| **From:** | Slinkard, Duston (USAKS) |
| **To:** | Beall, Thomas (USAKS) 1 |
| **Cc:** | Miller, Randy (USAKS) 3; Metzger, Emily (USAKS); Steeby, David (USAKS) |
| **Subject:** | Re: Order to Preserve Evidence |
| **Date:** | Wednesday, August 22, 2018 9:23:01 AM |

It has to be the latter. We simply cannot risk that during the future of this litigation we will turn out not to have preserved something after the date of the order. I am sure they find it onerous, but I just don't see any alternative. If they ultimately conclude some aspect of preservation not to be feasible, we will have to know in detail what that is, so that we can inform the court. Thanks!

Sent from my iPhone

On Aug 22, 2018, at 8:21 AM, Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov> wrote:

> I think it should to be the latter, or at least pinned to the earliest known case or event potentially relevant to the Black inquiry.
>
> ---
>
> **From:** Miller, Randy (USAKS) 3
> **Sent:** Tuesday, August 21, 2018 8:51 PM
> **To:** Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
> **Cc:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>
> **Subject:** RE: Order to Preserve Evidence
>
> Duston / Emily,
>
> David and I had a preliminary conversation with Mark Fleshman, Sioban Sperin, and Tony Ciccone from CIO this afternoon about our preservation efforts.  We conveyed our position that it would be best to lock down all our district email accounts and network files to ensure our compliance with the court order.  As expected their initial reaction was that this strategy was too broad and appeared to me more in favor of a surgical approach likely through the lit hold process.  Now that they know the full scope of our request they're going to take a couple of days and consider it, possibly develop an alternative approach, and get back to us.
>
> One question they did ask that we weren't quite sure of is are we asking to preserve all available data prior to the date of the court order or all available data prior to the date of the court order and moving forward until further notice?  Pretty sure it the latter but wanted to be sure I wasn't misrepresenting our position.  As you would expect from IT experts, I believe they see the latter as problematic because it poses a significant data storage challenge.
>
> Please let me know the correct response to their scope question and I'll pass it

accordingly.  Probably be a good idea for one or both of you to be on any subsequent conference call if schedule allows.

Thanks,
Randy

**From:** Miller, Randy (USAKS) 3
**Sent:** Friday, August 17, 2018 9:01 AM
**To:** Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
**Cc:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Hooker, Tessa (USAKS) <THooker@usa.doj.gov>
**Subject:** RE: Order to Preserve Evidence

FYI … heard back from Mark Fleshmen this morning.  He and others at EOUSA are reviewing the court order and we plan to discuss further on Monday.

Randy

**From:** Slinkard, Duston (USAKS)
**Sent:** Wednesday, August 15, 2018 2:32 PM
**To:** Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Hooker, Tessa (USAKS) <THooker@usa.doj.gov>
**Cc:** Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
**Subject:** FW: Order to Preserve Evidence

David & Tessa,

Please note the order's direction that we notify "any DOJ entity responsible for the maintenance and security of this information." We understand this to mean, for example,  insuring that no currently archived e-mails age out, no currently preserved data is subject to routine purging, etc. I'm sure you have a much better idea than I do of who at DOJ needs to know about this, but please think about that an act as soon as possible to make them aware of the court's order.

Thank you,
Duston J. Slinkard, AUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

**From:** Slinkard, Duston (USAKS)

**Sent:** Wednesday, August 15, 2018 2:27 PM
**To:** USAKS-ALL <USAKS-ALL@usa.doj.gov>
**Cc:** Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
**Subject:** Order to Preserve Evidence

The Court just entered its motion to preserve evidence in the Black / Carter case. **<u>Everyone</u>** receiving this message should review this order because it is very broad and not limited in either time or to any particular case or matter.  It directs:

> The United States Department of Justice and USAO is ordered to preserve:
> (1) any recording of telephone calls made to or received by a person while they were detained in federal custody in the District of Kansas, and that was requested or obtained by the United States Attorney's Office for the District of Kansas (USAO) or its agents, and (2) any information related to these recordings, the content, or their procurement, including law enforcement agency reports, subpoenas, written requests, emails, or other documents containing a reference to the request, acquisition, review, or disposal of such recordings.

Further, it specifically orders the United States Department of Justice "to immediately notify every employee and agent of the contents of this order, including IT employees, the United States Marshal's Service, clerical staff, and any DOJ entity responsible for the maintenance and security of this information."

All previous litigation holds of which you have been informed remain in effect; however, at this time, based on this order, everyone should review the attached order and immediately take any steps necessary to preserve any responsive material currently in his or her possession. We will separately take care of notifying investigative agencies, including the United States Marshals Service.

Thank you,
Duston J. Slinkard, AUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853