# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

KARL CARTER,

      Defendant.

Case No. 16-20032-02-JAR

## ORDER

On August 14, 2019, this Court denied Tywan A. Poole's *pro se* motion for discovery and return of seized property under Fed. R. Crim. P. 41(g).[1] Movant is in custody and serving a sentence imposed by the court in the United States District Court for the Western District of Missouri. Movant alleged that members of the United States Attorney's Office ("USAO") in the District of Kansas obtained audio and video recordings of his meetings with defense counsel while detained at the Corecivic Detention Facility in Leavenworth, Kansas, and sought to intervene in this case to obtain discovery and return of his recordings. The Court found no basis to allow a non-District of Kansas litigant to intervene in this matter for the purposes of obtaining relief. Movant appealed the Court's decision to the Tenth Circuit Court of Appeals on September 9, 2019.[2]

This matter is now before the Court on Movant's Motion to Compel Production of Documents Under Fed. R. Civ. P. 37(a) (Doc. 785), seeking production of the same recordings at

---

[1] Doc. 759.

[2] Doc. 765.

issue in his prior motion for discovery and return of seized property. The Court lacks jurisdiction over Movant's motion because he has docketed an appeal in the Tenth Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[3]  Thus, the Court has no jurisdiction to entertain Movant's motion while his appeal is pending.

**IT IS THEREFORE ORDERED BY THE COURT** that Tywan A. Poole's *pro se* Motion to Compel Production of Documents (Doc. 785) is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: October 2, 2019

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE

---

[3]*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted); *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014).