**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 2, 2020**

Christopher M. Wolpert
Clerk of Court

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

KARL CARTER,

   Defendant.

------------------------------

TYWAN A. POOLE,

   Movant - Appellant.

No. 19-3193
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

---

Tywan A. Poole, proceeding pro se, appeals from the district court's denial of his motion for discovery and return of seized property under Rule 41(g) of the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Rules of Criminal Procedure. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Background

A. *Proceedings in the Western District of Missouri*

Mr. Poole entered a guilty plea to a two-count information in the Western District of Missouri charging him with possession with intent to distribute 10 grams or more of PCP and being a drug user in possession of a firearm. He was sentenced to serve 96 months in prison. Between 2015 and 2019, Mr. Poole made a number of attempts to collaterally attack his conviction and/or sentence in the Western District of Missouri and the Eighth Circuit, but all of his attempts were unsuccessful. Mr. Poole spent part of his imprisonment at a detention facility in Leavenworth, Kansas operated by Corrections Corporation of America ("CCA").

B. *Proceedings in the District of Kansas*

This case arises from a motion Mr. Poole filed in a criminal case against other defendants, in the District of Kansas, related to events at the Leavenworth detention facility ("CCA-Leavenworth"). The Kansas case, No. 16-cr-20032, began in April 2016 when Lorenzo Black, Karl Carter, and five other defendants were charged with offenses related to smuggling contraband into CCA-Leavenworth.[1] A few months

---

[1] Although this case has been referred to as *United States v. Black* in prior proceedings in this court and in the government's brief, the caption on the district court's order that is being appealed and that is now being used in this appeal is *United States v. Carter*. Although Mr. Black originally was the first named defendant, Mr. Carter was the only defendant that remained in the case after August 1, 2018, and Mr. Poole filed his Rule 41(g) motion in April 2019.

later the Federal Public Defender's Office for the District of Kansas ("FPD") sought to intervene and filed a motion under Rule 41(g) for "Return of information." R. at 16. The FPD alleged in its initial motion and in an amended motion that CCA recorded meetings and calls between attorneys and clients at CCA-Leavenworth and provided those recordings to the United States Attorney's Office ("USAO") for the District of Kansas, in violation of the Sixth Amendment. Although the FPD did not represent any of the defendants in the case, it represented a number of detainees at the CCA-Leavenworth facility. Mr. Carter, as well as two other defendants from the District of Kansas that were not defendants in the case, filed motions to join the FPD's Rule 41(g) motion. The district court ultimately appointed a special master to investigate the allegations in the FPD's Rule 41(g) motion.

In February 2018, the government filed a petition for a writ of mandamus seeking an order directing the district court to terminate Phase III of the special master's investigation, quash subpoenas, and restrict the use of subpoenas going forward. We granted the mandamus petition in limited part, directing "the district court to limit the scope of investigation and inquiries to matters related to defendants before the court in *United States v. Black*, No. 16-20032-JAR, and to other parties in *Black* who have filed Rule 41(g) motions in that proceeding." Supp. R., Vol. 1 at 16. In its subsequent Findings of Fact and Conclusions of Law, the district court recognized the "two categories of parties" set out in our mandamus order. Supp. R., Vol. 2 at 33. It then explained that it followed our "directive" and only addressed motions that "[fell] within the scope of the Tenth Circuit's mandate." *Id.* at 34.

3

C. *Mr. Poole's Rule 41(g) Motion*

In April 2019, Mr. Poole filed an "Addendum to Motion for Discovery Summary Judgment of Seized Property under Fed. R. Crim. P. 41(g)." R. at 76 (some capitalization omitted). Although he stated that he wanted the court to allow him to amend his "original Motion under Rule 41(g)," *id.*, there is no record that he ever filed an earlier Rule 41(g) motion in District of Kansas case 16-cr-20032. He indicated that he was attaching two documents as proof of prejudice from Sixth Amendment violations while he was housed at CCA-Leavenworth. The district court denied Mr. Poole's motion. He now appeals from the district court's decision.

II. Discussion

We review the district court's denial of a Rule 41(g) motion for abuse of discretion. *See United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006).

In denying Mr. Poole's Rule 41(g) motion, the district court stated:

> This case deals exclusively with the Sixth Amendment claims of . . . detainees prosecuted by the USAO for the District of Kansas. The [FPD] has been appointed to represent all litigants from the District of Kansas who seek relief on claims such as these. The Court has ordered the return of all recordings to the FPD, which will then determine whether and to what extent to seek relief for individual litigants under 28 U.S.C. § 2255. That office has not been appointed to represent litigants from the Western District of Missouri. Thus, the Court finds no basis to allow non-District of Kansas litigants to intervene in this matter for the purposes of obtaining relief.

R. at 84-85.

On appeal, Mr. Poole fails to address the reasoning in the district court's denial order and instead argues the merits of his Rule 41(g) motion. Given that

4

Mr. Poole is not a defendant in *United States v. Carter*, he was not prosecuted in the District of Kansas, his criminal proceedings concluded in 2015, and he was not represented by the FPD during his post-conviction detention at CCA-Leavenworth, he has not shown why he should be entitled to relief in the *United States v. Carter* case. The district court's decision denying Mr. Poole's Rule 41(g) motion is consistent with the scope of the case set out in its Findings of Fact and Conclusions of Law, *see, e.g.*, Supp. R., Vol. 2 at 19, 33-35, and with the directive in our mandamus order, *see* Supp. R., Vol. 1 at 16. We see no abuse of discretion in the district court's denial of Mr. Poole's Rule 41(g) motion.

   III.  Conclusion

We affirm the district court's judgment. We grant Mr. Poole's motion for leave to proceed on appeal without prepayment of costs or fees. Because the relevant statute excuses only "prepayment of fees," 28 U.S.C. § 1915(a)(1), we remind Mr. Poole that he remains obligated to pay the full docketing and filing fee to the Clerk of this Court.

                                      Entered for the Court

                                      Joel M. Carson III
                                      Circuit Judge