**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 16- 20032-02-JAR** |
| **KARL CARTER,** | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO THE FEDERAL PUBLIC DEFENDER'S MOTION TO COMPEL**

On September 23, 2021, the Federal Public Defender (FPD) filed a Motion to Compel (Doc. 856) in this closed case, asking the Court to impose new and onerous obligations on the government. The government objected (Doc. 858), and the Court ordered the government to respond (Doc. 865). The government now responds, asking the Court to deny FPD's motion for lack of (1) jurisdiction, (2) standing, or (3) any cognizable legal basis for the motion.

**I. Background**

In January 2019, this Court stated it would not "compel further production," and instead "prepare[d] to close the record." Doc. 713 at 35. This case closed in August 2019, when the Court dismissed the indictment against the "only remaining defendant," Karl Carter. *See* Doc. 758 at 8 n.10, 187. In January 2020, this Court issued its "final ruling." Doc. 805 at 2. The government appealed, *see* Doc. 807, and the Tenth Circuit dismissed the appeal, *see United States v. Carter*, 995 F.3d 1222 (10th Cir. 2021). As this Court predicted, litigation of the issues in this case moved to the litigation of 28 U.S.C. § 2255 motions, *see In re: CCA Recordings 2255 Litigation*, 19-cv-2491-JAR-JPO (D. Kan.) (*2255s*). In the 2255s, the government produced discovery from the physical files of 104 defendants, 58 of whom were not on FPD's lists of

defendants that defined the scope of the government's productions relating to recorded telephone calls in this case, *see* Attach. A, in addition to electronic discovery, *see* Attach. B.

Two years after this case closed, FPD filed the instant motion to compel, requesting "a comprehensive order" regarding "all cases prosecuted in the District of Kansas," Doc. 856 at 5, that requires "the government to identify, produce, and disgorge any recorded attorney-client communications that remain in the USAO's custody or control, including those that were collected for or during a federal prosecution and remain in the possession of law-enforcement agencies," *id.* at 1. FPD asks that the order "not [be] limited to any previously identified case, to any particular facility, to any phone company, or to any specific timeframe." *Id.* at 5.

These would be new obligations. This Court's August 2016, "clawback" order to CCA, the USAO, and their agents (Doc. 113) required disgorgement of "all video and audio recordings of attorney-client communications in their possession," Doc. 758 at 10. The USAO understood this order to apply only to call recordings obtained during the government's *Black*-related investigation, and in August 2016 produced materials accordingly. Doc. 745 at 75-76, 146.

This Court's December 2018 order imposed a "process for production of recorded calls and derivative information still in the possession of the USAO," including identification and destruction of "all copies of the recorded calls and derivative material . . . (including those disseminated outside the USAO)." Doc. 705 at 1-2. This process was limited to defendants identified by FPD[1] and focused on items in the USAO's possession.[2] The government

---

[1] *See, e.g.*, Doc. 705 at 1-2 (setting deadlines for the government to produce recorded calls and derivative materials for "these cases"—the ones FPD was in the process of identifying—under the "parties' . . . proposed process for production"); Doc. 756 at 4-5, 25-26 (FPD explaining the "process" as starting with FPD providing names of inmates); Doc. 756 at 7-12 (AUSA Slinkard describing a similar understanding); Doc. 726 at 2 (stating "FPD has now provided the USAO with the names of the remaining individuals whose cases should be reviewed for USAO possession of recordings"); *see also* Attach. C at 1 (e-mail stating that the "process" started with "cases you [FPD] identify for us [the USAO]"); Attach. D at 2 (FPD saying "we don't object to your proposed methodology").

[2] *See, e.g.*, Doc. 756 at 4, 5, 6 (FPD stating that its goal was to get those items "out of the U.S. Attorney's possession"); Attach. C at 1 (stating that the USAO would look outside the USAO "where we do not [have]

implemented this process and documented its productions in status reports.[3] The government has been responsive to FPD's follow-up inquiries related to this process.[4] FPD never objected that the government should have been providing materials related to defendants not on its lists, not detained at CCA, or whose calls were recorded by a company other than Securus. If anything, FPD indicated it was satisfied with the responses it reviewed. *See 2255s* Doc. 21 at 45. Then-Acting United States Attorney Duston Slinkard's testimony at Steven Hohn's evidentiary hearing was consistent with this documented understanding of the "process." *See Hohn* Doc. 59 at 54-57.

## II. The Court Lacks Jurisdiction to Impose New Obligations in a Closed Case.

Federal courts have limited jurisdiction that "extends only to actual cases and controversies," *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007), and must "presum[e] that a cause lies outside this limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction has the "burden of establishing the contrary." *Id.* FPD's motion does not even attempt to meet this burden.

With respect to criminal cases, "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, there is no offense against the laws of the United States because all charges against the last remaining defendant were dismissed with prejudice in August 2019. Doc. 758 at 187. In addition, § 3231's grant of jurisdiction generally "end[s] upon entry of the final judgment." *United States v. Benitez*, 720 F. App'x 509, 510 (10th Cir. 2018) (unpublished). It does not give district courts jurisdiction to grant post-conviction motions to compel. *See id.*; *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018);

---

information regarding and/or copies of recordings").

[3] *See* Docs. 764, 787, 799, 806, 846, 848, 854, 855.

[4] *See, e.g.*, Doc. 726 at 2; Doc. 764-8; Doc. 764-9; Doc. 764-10; Doc. 764-11; Doc. 764-13; Doc. 764-15; Doc. 764-17; Doc. 764-23.

*United States v. James*, 728 F. App'x 818, 821-22 (10th Cir. 2018) (unpublished).

FPD has provided no basis for, much less satisfied its burden of showing, this Court's authority to grant its motion. This Court lacks jurisdiction to impose the new and limitless burdens on the government that FPD's motion requests. *See, e.g.*, *Garcia-Herrera*, 894 F.3d at 1220. FPD suggests that the Court's December 2018 order was as broad as its current request. *See* Doc. 856 at 2. But that order simply adopted the parties' "proposed . . . process." *See* Doc. 705 at 1-2. That process was limited to cases identified by FPD and the USAO committed to check with other federal components only when it did not have information or recordings in cases FPD identified. *See* Attach. C at 1. The parties' consultation about the process, the hearing before entry of the order, and the parties' implementation of the process, show that the Court's December 2018 order was not understood to be as comprehensive as the order FPD now requests. *See supra* nn.1, 2.

Even if the obligations FPD seeks to impose on the government now were latent in the Court's December 2018 order, this Court has since closed the record, lacks jurisdiction to clarify and reimpose them now, and FPD cites no basis for this Court's jurisdiction to do so. Alternatively, FPD's motion should be denied because it was filed more than two years after this case was closed and would impose substantial, unjustified burdens on the government and the Court. *See Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1338 (10th Cir. 1982).[5]

**III. FPD Lacks Standing.**

The "irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a

[5] The burden of disgorging the materials FPD describes in its motion—for every case the USAO has ever prosecuted—should be obvious. Given the five-page limit on this response, the government does not detail here the substantial burden FPD's request would impose on the government. However, the government would be happy to do so separately at the Court's request.

likelihood that a favorable decision will redress the party's alleged injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). When, "due to intervening events, [a party] loses one of the elements of standing during litigation," its claims become constitutionally moot, thus depriving the court of jurisdiction. *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012). FPD bears the burden of proving each element of standing. *Lujan*, 504 U.S. at 561. These requirements apply equally to intervenors and movants in criminal cases. *See United States v. Feeney*, 641 F.2d 821, 824 (10th Cir. 1981). If anything, it is more difficult for interlopers to establish standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

FPD does not have standing to seek additional disgorgement from the government. FPD has not provided any basis for its standing. Nor has it identified any client with a personal stake in its motion. *See* Doc. 340 at 5-6, 9-10 (challenging FPD's standing). This Court previously concluded that "FPD ha[d] standing to litigate its Rule 41 motion and the issues central to the Phase III investigation in this case." Doc. 713 at 12. But this Court has since granted FPD's Rule 41(g) motions, terminated the Special Master's investigation, and closed the case. Doc. 758 at 187. The only bases for this Court's determination that FPD had standing no longer exist.

**IV. FPD Provides No Legal Basis for Its Motion.**

FPD has provided no legally cognizable basis for its post-judgment, post-case-closure, and post-appeal motion to compel in this closed case. A motion to compel seeks enforcement of an extant legally enforceable obligation. *See, e.g.*, Fed. R. Civ. P. 37(a)(3). But that is not what FPD's motion does. Instead, FPD asks this Court to impose new obligations without citing any legal basis for doing so. This Court should deny FPD's motion for that reason as well.

**V. Conclusion**

The government respectfully requests that the Court deny FPD's motion to compel.

Respectfully submitted,

s/ Duston J. Slinkard
Duston J. Slinkard, #21294
United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683-3592
Tel: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

s/ James A. Brown
James A. Brown #14254
Assistant United States Attorney
District of Kansas
444 SE Quincy Ave., Ste. 290
Topeka, KS 66683
Tel: 785-295-7683
Fax: (785) 295-2853
james.brown2@usdoj.gov

s/ Steven D. Clymer
Steven D. Clymer
Assistant United States Attorney
Special Attorney for the United States
NDNY Bar Roll #509281

United States Attorney's Office
Northern District of New York
900 Federal Building
100 South Clinton Street
Syracuse, NY 13261
(v) 315-448-0672
(f) 315-448-0658

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the above-captioned case.

s/ Duston J. Sinkard