IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-20032-02-JAR |
| | ) | |
| **KARL CARTER**, | ) | |
| | ) | |
| Defendant. | ) | |

## **MOTION TO LIFT PRESERVATION ORDERS**

COMES NOW the United States of America, by and through Steven D. Clymer, Special

Attorney, Duston J. Slinkard, United States Attorney for the District of Kansas, and respectfully

requests that the Court lift the preservation orders it entered in this case.    In support of its

motion, the government states as follows:

1. On August 15, 2018, the Court entered its written order to preserve evidence (Doc.

569), memorializing its ruling on the issue at the Status Conference held the prior day (Doc.

568).

2. On Friday, November 16, 2018, the Court concluded the evidentiary hearing in the

instant matter and made a further oral preservation order, which government counsel

communicated that day to IT staff at the United States Attorney's Office ("USAO"), and was

subsequently transmitted to the Executive Office for United States Attorneys ("EOUSA") and

supplemented over the next few days after the government received input from the Special

Master.

4. On November 21, 2018, the Court entered its Production Order (Doc. 690), which

further addressed preservation. This order was also communicated to IT Staff, as well as the

USAO Litigation Hold Coordinator, and the following direction was issued to all employees of

the USAO:

| | |
|---|---|
| **From:** | Slinkard, Duston (USAKS) |
| **To:** | USAKS-ALL |
| **Subject:** | Preservation of Information - This applies to everyone |
| **Date:** | Wednesday, November 21, 2018 4:35:40 PM |

Folks,

As Steve's e-mail last week indicated, the Court in the *Black* case informed the parties last Friday  that she was going to enter an order addressing preservation and directing further production. The Court entered its order today. The order will be reviewed, and there will likely be further guidance in the coming days. In the interim, however, please retain all information of any nature until further notified.

In other words, in addition to the litigation hold currently in place, whether or not you personally  had any information subject to that hold, you should now retain all documents presently exiting in hard copy and should not delete any electronic information from any data base or repository.  Also, do not destroy any materials in case files at the time of closure (you may remove and segregate for later destruction any material that would normally be removed at the time of the case file closure). You may delete e-mails in your in mailbox as you normally would because those will be automatically retained in the Proofpoint archives; however, no other type of electronic file should be deleted at the present time.

We appreciate that many of you likely have no information that would be responsive to any production requests in the *Black* matter.  However, owing to the broad an uncertain nature of the issues in that litigation, and in an abundance of caution, please preserve the information status quo with respect to all documents and materials until further guidance is received.

Thank you and please have a great and safe Thanksgiving,
Duston

5. Since the issuance of the foregoing e-mail direction on November 21, 2018, the USAO

has operated on the basis that all materials and information of any type, in existence on or after

November 21, 2018, were to be preserved, and all routine destruction, other than the replacement

and destruction of expired statutory supplements and similar resource publications, was to be

suspended. The USAO communicated a standing request to all investigative agencies with whom

we have worked that all materials and property in their possession in connection with any matter in which the USAO were involved was to be similarly maintained, and the USAO has denied all requests from agencies for our approval to dispose of anything, with the sole exception that the USAO has authorized the return of personal property to its owner, whether defendant, victim, witness, or other third party, after active litigation has concluded in a particular prosecution. While the USAO is certain such retention has been broader than what the Court may have intended, since the Court's preservation orders as they ultimately evolved did not identify a specific temporal or topical scope, a general preservation of all materials in all matters seemed the safest course.

6. On July 17, 2018, the Court entered Standing Order 18-03 appointing the Federal Public Defender ("FPD") to represent petitioners asserting post-conviction Sixth Amendment claims based upon the litigation in the instant case. Since entry of that order, the FPD has filed petitions, or sought amendments to existing petitions, asserting such claims on behalf of numerous individuals. On or about August 21, 2019, the Court began consolidation of the petitions asserting such claims in *In re: CCA Recordings 2255 Litigation*, Case No. 19-2491-JAR-JPO. Throughout the course of the filing of, and the government responding to, such petitions, the FPD, or counsel appointed in their stead when necessary to address a conflict, requested preservation related to many of the petitioners' cases, and the USAO created specific litigation holds for each of those cases. As of this writing, the USAO has reviewed the cases of all the petitioners consolidated into Case No. 19-2491-JAR-JPO and confirmed that a specific litigation hold has been initiated for all such cases.[1]

---

[1] The government notes that the individual cases of several of the petitioners have been finally decided and that likely the litigation holds related to those cases are no longer needed. However, those litigation holds are not the

7. On August 13, 2019, the Court entered its Findings of Fact and Conclusions of Law in the instant case (Doc. 758) and dismissed defendant Karl Carter, the final pending defendant in the case, resulting in the case being closed on the CM/ECF Docket. (Vacated in part by Doc. 805). On September 23, 2022, the government entered its final Status Report (Doc. 873), describing the conclusion of recorded telephone call discovery pursuant to FPD's Motion for Discovery (Doc. 572) and the Court's Order thereupon (Doc. 705).

8. At this time, the government is aware of no further litigation in the instant case that would benefit from or require the continuation of the generalized preservation pursuant to the Court's earlier directives in this case and submits that the specific litigation holds implemented with respect to each of the cases consolidated in Case No. 19-2491-JAR-JPO remain in place to address necessary preservation related to that ongoing litigation.

9. Because the USAO has retained all hard copy and electronic records for over four years pursuant to this Court's preservation orders, the USAO has faced storage challenges. For example, numerous boxes containing hard copy materials that routinely would be shredded are currently stored in temporary space made available to the USAO after the fire in the Dole Courthouse. There is no longer sufficient space for these materials, most of which are smoke damaged, within the USAO, and the USAO expects the temporary space where they are stored to need to be returned to the General Services Administration in the near future. The USAO has also experienced persistent struggles managing the volume of data on the Kansas City, Kansas server, which has led to the inability to save additional data and had detrimental effects on the daily operations of the Office, most notably discovery processing.

---

subject of this motion, and the government will confer with the FPD in the future to determine how to handle those holds.

4

10. Additionally, the various investigative agencies have expressed similar storage concerns throughout the last four years. In particular, the Federal Bureau of Investigation has expressed an urgent concern due to their need to prepare to move to a new location, which they report will actually have less physical storage space than their existing facility.

11. Accordingly, the government respectfully requests that the Court lift its preservation orders and directives in the instant case.

12. The FPD was contacted with respect to the instant motion and stated that it takes no position.

WHEREUPON the government requests the Court enter an order lifting its prior preservation orders and directives in the above-captioned case.

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 13th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
United States Attorney